1  SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP
   Alan R. Plutzik (Bar No. 077785)
2  2125 Oak Grove Road, Suite 120
   Walnut Creek, California  94598
3  Telephone: (925) 945-0770
   Facsimile:  (925) 945-8792
4  -and-
5  Joseph H. Meltzer
   Gerald D. Wells, III
6  Robert J. Gray
   Robert W. Biela
7  280 King of Prussia Road
   Radnor, PA  19087
8  Telephone:  (610) 667-7706
   Facsimile:  (610) 667-7056
9
   WYNNE LAW FIRM
10 Edward Wynne
   100 Drakes Landing Road
11 Greenbrae, CA  94904
   Telephone:  (415) 461-6400
12 Facsimile:  (415) 461-3900
13 *Counsel for Plaintiff*

ORIGINAL
FILED

OCT 2 6 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

A D R

14            UNITED STATES DISTRICT COURT

15           NORTHERN DISTRICT OF CALIFORNIA

16 LAC ANH LE, on behalf of herself and all       Case No. C07-05476
   others similarly situated,,
17                                                 CLASS ACTION COMPLAINT   MMC
                              Plaintiff,
18
          v.
19
   PRICEWATERHOUSECOOPERS LLP; and
20 DOES 1 through 10, inclusive,                   JURY TRIAL REQUESTED
21                            Defendant.

22

23

24

25

26

27

28

Lac Anh Le ("Plaintiff"), on behalf of herself and all others similarly situated, alleges as follows:

### PRELIMINARY STATEMENT

1.     As explained herein, under applicable employment laws, "Associates" (defined below) are entitled to overtime compensation. In short, if Associates work over forty hours per week and/or eight hours per day, they are entitled to overtime pay.

2.     Plaintiff brings this action as federal collective action, on behalf of all current and former Associates, defined as: accountants, auditors and/or consultants who provided audit, tax risk management and other client services (collectively "Client Services") on behalf of PricewaterhouseCoopers LLP, or any parent, subsidiary, related, or successor companies (collectively, "PwC" and/or the "Company"), and are/were not licensed as Certified Public Accountants, to recover unpaid overtime compensation pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA" or the "Act").

3.     Plaintiff also brings this action as a state-wide class action on behalf of Associates on behalf of all current and former Associates within the State of California, who are or were employed by the Company, to recover overtime compensation and other wages due pursuant to the California Labor Code, Industrial Welfare Commission Wage Orders and the California Business & Professions Code (collectively the "CA Labor Laws").

4.     Plaintiff is unaware of the names and capacities of those defendants sued as DOES 1 through 10, but will seek leave to amend this complaint once their identities become known to Plaintiff. Upon information and belief, Plaintiff alleges that at all relevant times each defendant, including the DOE defendants 1 through 10, was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the other defendants, and in engaging in the conduct alleged herein was in the course and scope of and in furtherance of such relationship. Unless otherwise specified, Plaintiff will refer to all defendants, including the Company, collectively as "Defendants" and each allegation pertains to each Defendant.

## SUMMARY OF CLAIMS

Plaintiff brings this suit on behalf of the following similarly situated persons:

> All current and former Associates who work(ed) for Defendant and are/were engaged in, or are/were training to be engaged in, Client Services and elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) ("Nationwide Collective Class").

6.     Plaintiff brings this suit on behalf of a class of similarly situated persons composed of:

a.     All current  Associates of Defendant in the State of California within four years prior to the filing of this action, up to and including the time this action is certified as a class action, and are engaged in providing Client Services (" CA Class A"); and

b.     All former Associates of Defendant in the State of California at any time within four years prior to the filing of this action, up to and including the time this case is certified as a class action, and were engaged in providing Client Services ("CA Class B").

7.     The CA Class A and CA Class B are hereafter collectively referred to as the "CA Classes." The CA Classes and the Nationwide Collective Class are hereafter collectively referred to as the "Classes."

8.     Plaintiff alleges on behalf of the Nationwide Collective Class who elect to opt-in to this action that they are:  (i) entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law; and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 et seq.

9.     Plaintiff alleges on behalf of the CA Classes that Defendant violated the California Labor Laws by, inter alia,: (i) failing to pay them overtime at the rate of one and one-half times the employee's regular salary for all hours worked in excess of 40 hours in any given workweek, and/or in excess of eight (8) hours in a workday, (ii) failing to provide them with all of their required meal and rest breaks; and (iii) failing to retain and provide accurate records of actual hours worked and wages earned by Plaintiff and the CA Classes.

10.     As a result of Defendant's willful violation of the FLSA and CA Labor Laws, Plaintiff and the Classes were illegally under-compensated for their work.

## **FACTUAL ALLEGATIONS**

11.     Due to the nature of the job responsibilities and requirements of Defendant Associates, Plaintiff and members of the Classes were, and continue to be, required to work more than 40 hours a week, and/or 8 hours a day, during the course of their employment with Defendants.

2.      Unless proven to be exempt from the protection of overtime laws, all employees are entitled to premium overtime pay for work in excess of 40 hours per week, and/or 8 hours a day.

13.     The duties of Associates are set forth in uniform, company-wide policies and procedures promulgated by Defendant.

14.     Defendant employment policy regarding Associates did not require them to attain a certification in a field of science or learning prior to providing Client Services.

15.     Pursuant to Defendant uniform employment policies, Associates were paid on a salary basis, irrespective of the hours actually worked, and were unlawfully classified as exempt from overtime compensation.

16.     Although the FLSA and CA Labor Laws provide for certain exemptions to the mandates of paying overtime compensation, no exemption applies in the instant matter.

17.     Associates do not fall under the executive exemption, because their primary duty is not the management of Defendant business operations.  Nor do Associates customarily or regularly direct the work of at least two (2) or more employees, or have the authority to hire and fire employees.

18.     Plaintiff and the members of the Classes are not administratively exempt because they do not exercise the degree of discretion and independent judgment necessary to qualify for the administrative exemption.

19.     Further, Plaintiff and the members of the Classes do not qualify for the professional exemption set forth in the FLSA as Associates are not Certified Public Accountants and do not regularly perform work that requires consistent exercise of discretion and judgment. Indeed, Associates work under the supervision of senior managers and have their tasks outlined by senior managers.

20.     Finally, members of CA Classes do not qualify under the California professional exemption as Associates are not certified by the State of California as Certified Public Accountants.

21.     As such, Associates, including Plaintiff and members of the Classes, have been wrongfully classified by Defendant and are not exempt from the requirement of premium overtime pay.

22.     In violation of the Act and CA Labor Laws, Plaintiff and the members of the Class have not been paid overtime compensation at a rate not less than one and one-half times their regular rate of pay for work performed over the 40 hour work week and/or over 8 hours in a day.

23.     Plaintiff alleges on behalf of the members of the Class that Defendant failure to pay overtime was knowing and willful.

24.     Evidence reflecting the precise number of overtime hours worked by Plaintiff and every other member of the Class, as well as the applicable compensation rates, is in the possession of Defendant. If these records are unavailable, members of the Class may establish the hours they worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. See Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946).

25.     Each of the foregoing acts is in contravention of applicable employment laws.

## **JURISDICTION AND VENUE**

26.     This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 201 et seq. and 28 U.S.C. §§ 1331.

27.    This Court also has original jurisdiction over all claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d).  This is a putative class action whereby: (i) the proposed Rule 23 class consists of over 100 or more members; (ii) at least some of the members of the proposed class, including Plaintiff, have a different citizenship from Defendant; and (iii) the claims of the proposed Rule 23 class exceed $5,000,000.00 in the aggregate.

28.    Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims derive from a common nucleus of operative facts.

29.    In addition, this Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

30.    Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and the Defendant is subject to personal jurisdiction in this district.

## PARTIES

31.    Lac Anh Le ("Plaintiff") was an Associate employed by Defendant in the State of California during the statutory period covered by this Complaint, who Defendant failed to compensate for all hours worked, including premium compensation at one and one half times his regular rate for all hours above and beyond forty hours for a work week.

32.    For purposes of the Nationwide Collective Action, Plaintiff consents in writing to be a party to this action pursuant to FLSA § 216(b).

33.    Defendant PwC is an international firm offering full-service audit, tax, consulting and financial advisory services with offices located throughout the world.  At all relevant times during the statutory period covered by this Complaint, Defendant has transacted business within the State of California.  Defendant employs, upon information and belief, hundreds of Associates in California at any one time during the relevant class period.

## COLLECTIVE/CLASS ACTION ALLEGATIONS

34.     Plaintiff brings this action on behalf of the Nationwide Collective Class as a collective action pursuant to the Fair Labor Standards Act, § 216(b).

35.     Plaintiff also brings this action on behalf of the CA Classes as a class action for claims under the CA Labor Laws pursuant to the Federal Rules of Civil Procedure 23.

36.     The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b). The claims under the CA Labor Laws may be pursued by all similarly-situated persons who choose not to opt-out of the CA Classes, pursuant to the Federal Rules of Civil Procedure 23.

### Allegations Applicable To All Classes

37.     The members of each of the Classes are so numerous that joinder of all members is impracticable. The exact number of the members of the Classes can be determined by reviewing Defendant's records. Plaintiff is informed and believes and thereon alleges that there are at least hundreds of individuals in each defined class.

38.     Plaintiff will fairly and adequately protect the interests of the Classes and have retained counsel that is experienced and competent in class action and employment litigation. Plaintiff has no interests that are contrary to, or in conflict with, members of the Classes.

39.     A class action/collective action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit. The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them.

40.     A class and collective action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent this action, the members of the Classes likely will not obtain redress of their injuries, and Defendant will retain the proceeds of their violations of the FLSA and applicable CA Labor Laws.

41.     Furthermore, even if any member of the Classes could afford individual litigation against the Company, it would be unduly burdensome to the judicial system.  Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Classes and provide for judicial consistency.

42.     There is a well-defined community of interest in the questions of law and fact affecting the Classes as a whole.  The questions of law and fact common to each of the Classes predominate over any questions affecting solely individual members of the action.  Among the common questions of law and fact are:

a.      Whether Associates were properly classified as exempt by Defendant from overtime compensation;

b.      Whether Plaintiff and members of the Classes were expected to, and/or did as a matter of corporate policy and practice, regularly work hours in excess of forty (40) per week and/or in excess of eight (8) hours per day;

c.      The manner in which Plaintiff and members of the Classes were compensated; and

d.      Whether Plaintiff and the Classes have sustained damages and, if so, what is the proper measure of damages.

### Allegations Specific To The Nationwide Collective Class

43.     Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute the FLSA claims as a collective action on behalf of:

> All current and former Associates who work(ed) for Defendant and are/were engaged in, or are/were training to be engaged in, Client Services and elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) ("Nationwide Collective Class").

44.     Notice of the pendency and any resolution of this action can be provided to Nationwide Collective Class by mail, print, and/or internet publication.

**Allegations Specific To The CA Classes**

45.    Plaintiff bring this action as a class action for claims under the CA Labor Laws pursuant to the Federal Rules of Civil Procedure 23 (the "CA Classes"):

> All persons within the State of California who: (i) are/were employed as Associates with the Company; (ii) are/were not paid premium overtime compensation at a rate not less than one and one-half times their regular rate for hours worked beyond the forty (40) hour work week, and/or eight (8) hours in a workday; and (iii) were not provided with all required meal and rest breaks (the "CA Classes").

46.    In addition to the common issues of fact described below, members of the CA Classes have numerous common issues of fact, including whether Defendant: (i) failed to compensate adequately the members of the Classes for overtime hours worked as required by California Wage Order 4-2001, 8 C.C.R. § 11040 and California Labor Code Section 510; (ii) failed to provide all required meal and rest breaks in violation of Labor Code Section 226.7; (iii) committed an act of unfair competition under Business & Professional Code Section 17200 et seq., by not paying the required overtime pay and providing for all meal and rest breaks as required by applicable CA Labor Laws; (iv) failed to maintain and provide members of the CA Classes with accurate and detailed records of hours worked and wages earned, pursuant to CA Labor Code § 226(a); and (v) damaged members of the Classes, and if so, the extent of the damages.

47.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

**COUNT ONE**

48.    Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

49.    The Fair Labor Standards Act, 29 U.S.C. § 207(a)(1) ("FLSA"), provides in relevant part,

> Except as otherwise provided in this section, no employer shall employ any of his employees, who in any workweek is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a

---

CLASS ACTION COMPLAINT
53218

1  rate not less than one and one-half times the regular rate at which he is
2  employed.

50.    At all relevant times, Defendant has been and continues to be, an employer engaged
3
4  in interstate commerce and/or the production of goods for commerce, within the meaning of the

FLSA, 29 U.S.C. §§ 206(a) and 207(a).
5

6     51.    At all relevant times, Defendant employed, and/or continues to employ, Plaintiff and
7  each member of the Nationwide Collective Class within the meaning of the FLSA.

8     52.    At all material times set forth herein, Plaintiff and the other members of the
9  Nationwide Collective Class consistently worked in excess of forty hours in a workweek; however,
10  the proper overtime compensation was not paid by Defendant.

11    53.    At all material times set forth herein, Defendant's failure to pay Plaintiff and the
12  other members of the Nationwide Collective Class the unpaid balance of overtime compensation,
13  as required by the FLSA, violated the provisions of the FLSA.

14    54.    Due to the Defendant's willful FLSA violations, Plaintiff, on behalf of the members
15  of the Nationwide Collective Class, is entitled to recover from Defendant, their unpaid overtime
16  compensation, an additional amount equal as liquidated damages, additional liquidated damages
17  for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and
18  disbursements of this action, pursuant to 29 U.S.C. § 216(b).
19
20                                **COUNT TWO**

21    55.    Plaintiff incorporates the allegations contained in the previous paragraphs of this
22  Complaint as if fully set forth herein.

23    56.    Pursuant to Defendant employment policies Plaintiff and the members of the CA
24  Classes were not credited for all hours worked.
25
26    57.    Plaintiff and the members of the CA Classes worked hours in excess of forty per
27  week and/or eight hours per day for which they did not receive premium compensation.
28

58.     California Wage Order 4-2001, 8 C.C.R. Section 11040 and Labor Code Section 510(a) state that an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty per week, and/or eight per day, unless the employee falls under one of the enumerated exemptions.

59.     California Labor Code Section 510(a) further states that any work in excess of twelve (12) in one day shall be compensated at a rate of no less than twice the employee's regular rate of pay.

60.     Pursuant to California Labor Code Section 1194, Plaintiff and members of the CA Classes are entitled to recover their overtime wages, plus interest, attorney's fees, and costs, in amounts to be proven at trial.

## COUNT THREE

61.     Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

62.     Labor Code Section 512(a) requires employers to provide employees with a meal period of at least thirty (30) minutes per five (5) hours worked.

63.     Defendant failed to provide Plaintiff and members of the CA Classes with all meal breaks required by Labor Code § 512(a). As a result, pursuant to Labor Code section 226.7, Plaintiff and members of the CA Classes are entitled to one additional hour's pay for each day a meal break was not provided, in an amount to be proved at trial.

## COUNT FOUR

64.     Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

65.     Industrial Welfare Commission Wage Order 4, section 12 requires employers to provide employees with a paid rest period of at least ten (10) minutes per four (4) hours worked.

66.     Defendant failed to provide Plaintiff and members of the CA Classes with all rest breaks.

67.     As a result, pursuant to Labor Code section 226.7, Plaintiff and members of the CA Classes are entitled to one additional hour's pay for each day a rest break was not provided, in an amount to be proved at trial.

## COUNT FIVE

68.     Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

69.     Defendant willfully and intentionally failed to pay Plaintiff and the other members of the CA Class B all the wages they were due by the deadlines imposed under Labor Code Sections 201 and 202 upon cessation of the class members' employment with Defendant. Plaintiff and the other members of the CA Class B did not secret or absent themselves from Defendant nor refuse to accept the earned and unpaid wages from Defendant. Accordingly, Plaintiff and members of the CA Class B are entitled to waiting time penalties of up to thirty (30) days' pay, in an amount to be proven at trial.

## COUNT SIX

70.     Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

71.     Due to Defendant employment policies whereby Plaintiff and the members of the Class were not credited for all hours worked, Defendant failed to provide Plaintiff and members of the CA Classes with accurate and detailed records of hours worked and wages earned required by Labor Code Section 226(a).

72.     Therefore, Plaintiff, on behalf of the CA Classes, requests all such relief that this Court deems appropriate pursuant to the CA Labor Laws.

CLASS ACTION COMPLAINT
53218

11

1

## COUNT SEVEN

2

73.    Plaintiff incorporates the allegations contained in the previous paragraphs of this

3

Complaint as if fully set forth herein.

4

74.    As alleged herein, Defendant has committed an act of unfair competition under Bus.

5

& Prof. Code Section 17200 et seq. by, inter alia: (i) failing to pay premium compensation for all

6

overtime hours worked to Plaintiff and the members of the CA Classes; (ii) failing to provide all

7

required meal and rest breaks to Plaintiff and the members of the CA Classes; and (iii) failing to

8

pay all wages to the members of Class B.

9

75.    Pursuant to Bus. & Prof. Code Section 17203, Plaintiff requests Defendant make

10

restitution of all unpaid wages due to the CA Classes, in an amount to be proven at trial.

11

## PRAYER FOR RELIEF

12

WHEREFORE, Plaintiff prays for:

13

14

A.    A Declaration that Defendant has violated the FLSA and CA Labor Laws;

15

B.    An Order designating the Nationwide Collective Class as a collective action and

16

issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with

17

instructions to permit them to assert timely FLSA claims in this action by filing individual

18

Consents to Sue pursuant to 29 U.S.C. § 216(b);

19

20

C.    An Order designating the CA Classes as a California state class action pursuant to

21

the Federal Rules of Civil Procedure 23;

22

D.    An Order appointing Plaintiff as Class Representative to represent Classes;

23

E.    Imposition of a Constructive Trust on any amount by which Defendant was unjustly

24

enriched at the expense of the Classes as the result of the actions described above;

25

26

F.    An Order enjoining Defendant from any further violations of the FLSA and CA

27

Labor Laws;

28

G.    For compensatory and punitive damages and all other statutory remedies permitted;

---

CLASS ACTION COMPLAINT
53218

12

H.    Prejudgment Interest;

I.    An Order awarding attorneys' fees and costs;

J.    For all other relief as the Court deems just.

## JURY DEMAND

Plaintiff hereby requests a jury trial on all issues so triable.

Dated: October 26, 2007        SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP


Alan R. Plutzik
2125 Oak Grove Road, Suite 120
Walnut Creek, CA  94598
Telephone:  (925) 945-0770
Facsimile:  (925) 945-8792

-and-

Joseph H. Meltzer
Gerald D. Wells, III
Robert J. Gray
Robert W. Biela
280 King of Prussia Road
Radnor, PA  19087
Telephone:  (610) 667-7706
Facsimile:  (610) 667-7056

WYNNE LAW FIRM
Edward Wynne
100 Drakes Landing Road, Suite 275
Greenbrae, CA  94904
Telephone:  (415) 461-6400
Facsimile:  (415) 461-3900

*Counsel for Plaintiff*

CLASS ACTION COMPLAINT
53218

13