LYNNE C. HERMLE (STATE BAR NO. 99779)
lchermle@orrick.com
JOSEPH C. LIBURT (STATE BAR NO. 155507)
jliburt@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone:     650-614-7400
Facsimile:     650-614-7401

Attorneys for Defendant
PRICEWATERHOUSECOOPERS LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAC ANH LE, on behalf of herself and all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. C07-05476 MMC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRICEWATERHOUSECOOPERS LLP'S MOTION FOR A STAY; MOTION TO DISMISS; MOTION TO STRIKE; AND MOTION FOR A MORE DEFINITE STATEMENT**<br><br>Date:       February 22, 2008<br>Time:       9:00 a.m.<br>Dept:       7<br>Judge:      Hon. Maxine M. Chesney |

OHS West:260359165.3

1

# TABLE OF CONTENTS

2

**Page**

3
I.      INTRODUCTION ................................................................................- 2 -

4
II.     ALLEGATIONS OF THE COMPLAINT.............................................- 4 -

III.    LEGAL STANDARDS.........................................................................- 5 -

5
        A.      Standard for Granting a Motion to Dismiss Under Rule 12(b)(6) .....- 5 -

6
        B.      Standard for Granting a Motion for a More Definite Statement Under
                Rule 12(e).....................................................................................- 6 -

7
        C.      Standard for Granting a Motion to Strike Under Rule 12(f)..............- 6 -

8
        D.      Class Action Allegations....................................................................- 6 -

9
IV.     ARGUMENT .......................................................................................- 7 -

10
        A.      The Court Should Stay This Action as to the California Claims in
                Deference to the First-Filed California Lawsuit ...............................- 7 -

11
                1.      The *Campbell* Case Was the First Filed Action......................- 8 -

12
                2.      The Parties Involved in the Instant Action are Also Parties to the
                        *Campbell* Case .....................................................................- 9 -

13
                3.      The Issues in the Instant Action are Identical to the Issues in the
                        *Campbell* Case ....................................................................- 10 -

14
        B.      The Proposed Class Definition Is Imprecise, Vague, and Ambiguous............- 10 -

15
                1.      Plaintiff's Proposed Class Definition Does Not Sufficiently Identify
                        The Job Titles At Issue In This Litigation ............................- 11 -

16
                2.      Plaintiff's References to "Parent, Subsidiary, Related, or Successor
                        Companies" is Improper and Must be Stricken ....................- 13 -

17
        C.      The Court Should Dismiss Plaintiff's Seventh Claim Under Section 17200
                Because the Claim Seeks to Circumvent Procedures Congress Expressly
18
                Intended to Apply in FLSA Actions .................................................- 14 -

19
                1.      Plaintiff Cannot Circumvent the FLSA's Opt-In Procedure................- 15 -

                2.      Plaintiff Cannot Extend the FLSA's Statute of Limitations .................- 16 -
20
                3.      Congress Intended for the FLSA to be an Exclusive Remedy for
21
                        Substantive FLSA Violations................................................- 16 -

22
        D.      The Four-Year Class Period Is Improper..........................................- 17 -

        E.      "Doe" Defendants Are Improper And Should Be Stricken. ............................- 18 -
23
        F.      The Complaint Seeks Improper Relief That Must be Stricken........................- 19 -

24
                1.      Plaintiff Has No Basis For Requesting a Constructive Trust...............- 19 -

25
                2.      Plaintiff's Request for Punitive Damages Must be Stricken.................- 20 -

V.      CONCLUSION...................................................................................- 22 -

26

27

28

PRICEWATERHOUSECOOPERS LLP'S MOTION FOR A STAY;
MOTION TO DISMISS; MOTION TO STRIKE; AND MOTION FOR A
MORE DEFINITE STATEMENT (C07-05476 MMC)

1

## TABLE OF AUTHORITIES

2

**Page**

3

### FEDERAL CASES

4

*Aiken* v. *Miller*,
    442 F. Supp. 628 (E.D. Cal. 1977) ............................................................................ 10

*Alltrade, Inc.* v. *Uniweld Products, Inc.*,
    946 F.2d 622 (9th Cir. 1991) ......................................................................... 7, 8, 10

*Anderson* v. *Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*,
    77 F.3d 364 (11th Cir. 1996) ...................................................................................... 6

*Arrington* v. *Nat'l Broad. Co., Inc.*,
    531 F. Supp. 498 (D.D.C. 1982) .............................................................................. 15

*Bell Atlantic Corp.* v. *Twombly*,
    127 S. Ct. 1955 (2007) ................................................................................................ 5

*Bureerong* v. *Uvawas*,
    922 F. Supp. 1450 (C.D. Cal. 1996) ........................................................................ 19

*Business Guides, Inc.* v. *Chromatic Communications Enterprises, Inc.*,
    498 U.S. 533, 111 S. Ct. 922 (1991) ........................................................................ 13

*Czechowski* v. *Tandy Corp.*,
    731 F. Supp. 406 (N.D. Cal. 1990) .................................................................... 20, 21

*De Ascencio* v. *Tyson Foods, Inc.*,
    342 F.3d 301 (3rd Cir. 2003) .................................................................................... 15

*Eisen* v. *Carlisle & Jacquelin*,
    417 U.S. 156, 94 S. Ct. 2140 (1974) ........................................................................ 10

*Everest & Jennings, Inc.* v. *Am. Motorists Ins. Co.*,
    23 F.3d 226 (9th Cir. 1994) ......................................................................................... 5

*Flores* v. *Albertsons Inc.*,
    2003 U.S. Dist. LEXIS 26857 (C.D. Cal. 2003) ...................................................... 16

*Gillespie* v. *Civiletti*,
    629 F.2d 637, 642 (9th Cir. 1980) ............................................................................ 19

*Great-West Life & Annuity Ins. Co.* v. *Knudson*,
    534 U.S. 204 (2002) .................................................................................................. 20

*Hagen* v. *City of Winnemucca*,
    108 F.R.D. 61 (D. Nev. 1985) ................................................................................... 10

*Jackson* v. *San Antonio*,

PRICEWATERHOUSECOOPERS LLP'S MOTION FOR A
STAY; MOTION TO DISMISS; MOTION TO STRIKE;
AND MOTION FOR A MORE DEFINITE STATEMENT

1

**TABLE OF AUTHORITIES**
(continued)

2

Page

3        220 F.R.D. 55 (W.D. Tex. 2003) ........................................................................... 15

4    *Jacobson* v. *Hughes Aircraft*,
         105 F.3d 1288 (9th Cir. 1997) ................................................................................ 5

5
     *Jenkins* v. *McKeithen*,
6        395 U.S. 411 (1969) ............................................................................................... 5

7    *Kamm* v. *Sugasawara*,
         509 F.2d 205 (9th Cir. 1975) .................................................................................. 6

8
     *Kendall* v. *City of Chesapeake*,
9        174 F.3d 437 (4th Cir. 1999) ................................................................................ 17

10   *Landis* v. *North American Co.*,
         299 U.S. 248 (1934) ............................................................................................... 7

11
     *Lerwill* v. *Inflight Motion Pictures, Inc.*,
12       343 F. Supp. 1027 (N.D. Cal. 1972) ..................................................................... 17

13   *Leuthold* v. *Destination America, Inc.*,
         224 F.R.D. 462 (N.D. Cal. 2004) .......................................................................... 16

14
     *Madrigal* v. *Green Giant Co.*,
15       1981 U.S. Dist. LEXIS 15325 (E.D. Wash. July 27, 1981) ................................... 17

16   *McClain* v. *Leona's Pizzeria, Inc.*,
         222 F.R.D. 574 (N.D. Ill. 2004) ............................................................................ 16

17
     *Mediterranean Enterprises, Inc.* v. *Sangyoung Corp.*,
18       708 F.2d 1458 (9th Cir. 1983) ................................................................................ 7

19   *Miller* v. *Yokohama Tire Corp.*,
         358 F.3d 616 (9th Cir. 2004) ................................................................................ 19

20
     *Moore* v. *Hughes Helicopters, Inc*,
21       708 F.2d 475 (9th Cir. 1983) ................................................................................ 11

22   *Nettles* v. *Techplan Corp.*,
         704 F. Supp. 95 (D.S.C. 1988) .............................................................................. 17

23
     *Newport Components* v. *NEC Home Electronics*,
24       671 F. Supp. 1525 (C.D. Cal. 1987) ...................................................................... 21

25   *O'Connor* v. *Boeing N.A., Inc.*,
         197 F.R.D. 404 (C.D. Cal. 2000) .......................................................................... 10

26
     *Pacesetter Systems, Inc.* v. *Medtronic, Inc.*,
27       678 F.2d 93 (9th Cir. 1982) .................................................................................... 7

28

iii

1

**TABLE OF AUTHORITIES**
(continued)

2

Page

3

*Palmer v. Combined Ins. Co. of Am.*
4
    2003 U.S. Dist. LEXIS 2534 (N.D. Ill. Aug. 29, 2003) ......................................................... 7

5
*Petras* v. *Johnson*,
    1993 U.S. Dist. LEXIS 8464 (S.D.N.Y. June 22, 1993) ..................................................... 17

6

*Senter* v. *GM Corp.*,
7
    532 F.2d 511 (6th Cir. 1976) ................................................................................................. 10

8
*Shea* v. *Galaxie Lumber & Construction Co.*,
    152 F.3d 729 (7th Cir. 1998) ................................................................................................. 21
9

*Sidney-Vinstein* v. *A.H. Robins Co.*,
10
    697 F.2d 880 (9th Cir. 1983) ................................................................................................... 6

11
*Smith & Hawken, LTD* v. *Gardendance, Inc., No. C 04-1664 SBA*,
    2004 U.S. Dist. LEXIS 22934 (N.D. Cal. Nov. 5, 2004) ..................................................... 21
12

*Sprewell* v. *Golden State Warriors*,
13
    266 F.3d 979 *as amended by*, 275 F.3d 1187 (9th Cir. 2001) ............................................... 5

14
*Tapley* v. *Lockwood Green Engineers, Inc.*,
    502 F.2d 559 (8th Cir. 1979) ................................................................................................. 19
15

*In re Tetracycline*,
16
    107 F.R.D. 719 (W.D. Mo. 1985) .......................................................................................... 10

17
*Tombrello* v. *USX Corp.*,
    763 F. Supp. 541 (N.D. Ala. 1991) ....................................................................................... 17
18

*W. Mining Council* v. *Watt*,
19
    643 F.2d 618 (9th Cir. 1981) ................................................................................................... 5

20
*In re Wal-Mart Stores, Inc.*,
    505 F. Supp. 2d 609 (N.D. Cal. 2007) ................................................................................... 21
21

*Walker* v. *Pettit Construction Co., Inc.*,
22
    605 F.2d 128 (4th Cir. 1979) ................................................................................................. 21

23
*Warth* v. *Seldin*,
    422 U.S. 490 (1975) ................................................................................................................. 6
24

*Wilkerson* v. *Butler*,
25
    229 F.R.D. 166 (E.D. Cal. 2005) ............................................................................................. 6

26
*Williams* v. *Trendwest Resorts, Inc.*,
    2007 U.S. Dist. LEXIS 62396 (D. Nev. Aug. 20, 2007) ...................................................... 16

27

28

PRICEWATERHOUSECOOPERS LLP'S MOTION FOR A STAY;
MOTION TO DISMISS; MOTION TO STRIKE; AND MOTION FOR
A MORE DEFINITE STATEMENT

1

**TABLE OF AUTHORITIES**
(continued)

2

**Page**

3

**STATE CASES**

4

*Aubry* v. *Goldhor*,
201 Cal. App. 3d 399 (1988)................................................................................ 18, 19

5

*Calvao* v. *Superior Court (Klippert)*,
201 Cal. App. 3d 921 (1988).................................................................................... 19

6

7

*Cortez* v. *Purolator Air Filtration Products*,
23 Cal. 4th 163 (2000) ............................................................................................ 18

8

*DeAnza Santa Cruz Mobile Estates Homeowners Assn'* v. *DeAnza Santa Cruz Mobile
Estates*,
94 Cal. App. 4th 890 (2001) .................................................................................... 20

9

10

*Farmers Ins. Exch.* v. *Superior Court*,
2 Cal. 4th 377 (1992) ............................................................................................... 14

11

*Korea Supply Co.* v. *Lockheed Martin Corp.*,
29 Cal. 4th 1134 (2003) .................................................................................... 20, 21

12

13

*Murphy* v. *Kenneth Cole Productions, Inc.*,
40 Cal. 4th 1094 (2007) .......................................................................................... 18

14

*Troensegaard* v. *Silvercrest Indus., Inc.*,
175 Cal. App. 3d 218 (1985)................................................................................... 20

15

16

*Turnbull & Turnbull* v. *ARA Transp., Inc.*,
219 Cal. App. 3d 811 (1990).................................................................................. 20

17

**DOCKETED CASES**

18

19

*Campbell* v. *PricewaterhouseCoopers, LLP*
Case No. 06-CV-02376-LKK-GGH (E.D. Cal.)...................................................... 2

20

**FEDERAL STATUTES**

21

22

29 U.S.C. § 216(b) ................................................................................... 14, 15, 17
29 U.S.C. § 251(a)(7) ........................................................................................... 15
29 U.S.C. §255(a) .......................................................................................... 16, 17

23

Fed. R. Civ. P. 12(b)(6)........................................................................................... 5
Fed. R. Civ. P. 12(e)................................................................................................ 6
Fed. R. Civ. P. 12(f) .......................................................................................... 6, 19

24

25

Pub. L. No. 49, ch. 52, § 61 Stat. 84, 87 ............................................................ 15

26

**STATE STATUTES**

27

1

**TABLE OF AUTHORITIES**
**(continued)**

2
                                                                                              **Page**

3   Cal. Bus. & Prof. Code §17208 ..................................................................... 16

4   Cal. Civ. Proc. Code § 338........................................................................... 18
    Cal. Civ. Proc. Code § 340........................................................................... 18

5
    Cal. Lab. Code § 203 ................................................................................... 18

6

**OTHER AUTHORITIES**

7
    Manual for Complex Litigation Third § 30.14 (1995)................................. 10

8
    Newberg on Class Actions, § 6.14 (3d ed. 1992)....................................... 13

9
    5 Witkin Cal. Proc. Plead § 796 (4th ed.) ................................................. 19

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**NOTICE OF MOTIONS AND MOTIONS**

2

TO PLAINTIFF LAC ANH LE AND HER ATTORNEYS OF RECORD:

3

PLEASE TAKE NOTICE that on February 22, 2008, at 9:00 a.m., or as soon thereafter as

4

the matter may be heard before the Honorable Maxine M. Chesney, Courtroom 7 on the 19th

5

Floor of the above Court, at 450 Golden Gate Avenue, San Francisco, California, defendant

6

PricewaterhouseCoopers LLP ("PwC") will and hereby does move to stay the instant action as to

7

the California putative classes and California state law claims in light of a first-filed case in

8

another district involving the same defendant, potential class members, and state law claims.

9

PLEASE TAKE FURTHER NOTICE that, at the time and place noted above, PwC will

10

also and hereby does move the Court, pursuant to Fed. R. Civ. P. 12(b)(6), for an order dismissing

11

the class allegations and claims in their entirety on the ground that the class definition is

12

insufficient to state a claim upon which relief can be granted for any claim for relief pled in the

13

Complaint, and for an order dismissing the Seventh Claim for Relief on the ground that Plaintiff

14

cannot incorporate her Fair Labor Standards Act allegations into her Business & Professions

15

Code Section 17200 claim.  PwC will also and hereby does move the Court, pursuant to Fed. R.

16

Civ. P. 12(e), for an order directing Plaintiff to file a more definite statement of her class

17

definition on the ground that the proposed class definition is imprecise, vague, and ambiguous,

18

and is insufficient to show the requisite ascertainable class.  PwC will also and hereby does move

19

the Court, pursuant to Fed. R. Civ. P. 12(f), for an order striking the class definition and all class

20

allegations in the Complaint on the ground that the proposed class definition is imprecise, vague,

21

and ambiguous; striking "Doe" defendants on the ground that it is improper; striking the Seventh

22

Claim for Relief on the ground that it is improper; striking references to a four year class period

23

on the ground that it is improper; and striking Plaintiff's Prayer for Relief as to her request for a

24

constructive trust and for punitive damages on the ground that Plaintiff has no basis for such

25

requests.

26

The motions are based on this Notice, the accompanying Memorandum of Points and

27

Authorities, pleadings and papers on file in this action, any matter of which the Court may or

28

must take judicial notice, any documentary evidence or oral argument given at the hearing on the

- 1 -

1  motion, and any other matter which the Court deems appropriate.  The Motion for Stay is also

2  based upon the accompanying Request for Judicial Notice and Declaration of Victoria R.

3  Carradero, filed herewith.

4  **MEMORANDUM OF POINTS AND AUTHORITIES**

5  **I.    INTRODUCTION**

6     Defendant PricewaterhouseCoopers LLP ("PwC") requests a stay and further requests that

7  the Court grant its motions to dismiss, strike, and for a more definite statement.  Plaintiff Lac Ahn

8  Le filed her Complaint on October 26, 2007, alleging that PwC violated the Fair Labor Standards

9  Act ("FLSA") on a nationwide basis, and violated California Labor Code provisions by failing to

10  provide overtime compensation, meal and rest periods, accurate wage and hour statements, and

11  wages due upon termination of employment within California.  Plaintiff seeks restitution for wage

12  deductions and waiting time penalties, imposition of a constructive trust, an injunction,

13  compensatory and punitive damages, prejudgment interest, and attorneys' fees and costs.

14     However, Plaintiff's California state law allegations are already pending in another district

15  court in a case involving the same defendant and same potential class members.  *See Campbell v.*

16  *PricewaterhouseCoopers, LLP*, Eastern District of California, Case No. 06-CV-02376-LKK-

17  GGH (the "*Campbell* case").  In the *Campbell* case, plaintiffs also assert claims on behalf of a

18  proposed class of employees who are apparently the same as those encompassed here (*i.e.*, current

19  and former "Associates of Defendant in the State of California" within four years prior to the

20  filing of this action, *see* Complaint, ¶ 6),[1] assert nearly all of the same substantive state law

21  claims[2] and seek substantially the same remedies.  Several motions have already been filed in the

22  Campbell case, including a pending Motion for Class Certification, and great time and expense

23  has already gone into the *Campbell* litigation.

24

25  [1] Campbell purported to represent a class defined as "All non-licensed associate accountants employed by Defendant in the State of California from October 27, 2002 to the present."

26  [2] The Second Amended Class Action Complaint in the *Campbell* case asserts six claims for relief: (1) violation of Labor Code §§ 510 and 1194 for failure to pay overtime; (2) violation of Labor Code §§ 512

27  and 226.7 for failure to provide meal periods; (3) violation of Labor Code § 226.7 for failure to provide rest periods; (4) violation of Labor Code §§ 226 and 1174 for failure to provide itemized employee wage

28  statements; (5) violation of Labor Code § 203 for waiting time penalties; and (6) violation of Business & Professions Code §§ 17200 *et seq.* for unfair business practices.

PRICEWATERHOUSECOOPERS LLP'S MOTION FOR A STAY;
MOTION TO DISMISS; MOTION TO STRIKE; AND MOTION FOR
A MORE DEFINITE STATEMENT

1    Because a putative class action involving the same parties and the same substantive state

2    law issues is currently being litigated in another district court, this Court should, at a minimum,

3    stay this action as to the California state law claims based on the first-to-file rule.  As explained

4    more fully below, district courts have wide discretion to stay later-filed actions in order to avoid

5    duplicative proceedings.  In deciding whether to apply the first-to-file rule, courts look at the

6    chronology of the cases and whether the parties and issues of the two cases are substantially

7    similar.  All of these grounds are easily satisfied as the *Campbell* case was filed first and both

8    actions appear to involve the same parties (PwC and certain Associates of PwC in California), are

9    based on the same transaction (the alleged failure to pay wages), and involve the same

10    fundamental issue (whether the wage violations occurred).  In light of these issues, the Court

11    must, at a minimum, stay this action pending the resolution of the first-filed *Campbell* case.

12    In addition, Plaintiff's complaint does not meet the ascertainability requirement for a class

13    action.  The proposed class definition is so ambiguous and unascertainable that PwC cannot

14    reasonably determine who is included within it, and PwC and this Court are improperly left to

15    guess which employees are supposedly included in Plaintiff's class definition.  Identifying the

16    specific job title and line of service or work group at issue in this litigation should not be difficult

17    for Plaintiff, particularly since she is claiming to be an adequate representative for employees in

18    these unspecified job titles.  This Court should require plaintiff to satisfy this very basic pleading

19    requirement of specifying all of the job titles in her proposed class.

20    The Court should also dismiss Count Seven of Plaintiff's Complaint under Business &

21    Professions Code Section 17200 because, as a matter of law, the claim improperly attempts to

22    circumvent the FLSA's statute of limitations and opt-in collective action procedure.  The

23    extended statute of limitations and opt-out procedure that Plaintiff seeks to use through Section

24    17200 violate Congress's express intent to limit the scope of FLSA claims.  Additionally,

25    Plaintiff's proposed four-year class period for claims which have a shorter statute of limitations is

26    clearly improper.  Plaintiff is also not allowed to assert claims against "Doe" defendants under

27    federal pleading rules.

28    Finally, PwC moves to strike portions of Plaintiff's Prayer for Relief.  Plaintiff has not

1    pled any claim that could support a constructive trust, and as a matter of law, Plaintiff cannot

2    show that any of the grounds for establishing a constructive trust exist.  Further, Plaintiff has no

3    punitive damages claim under any of her claims for relief.  Therefore, this Court should strike

4    Plaintiff's requests for imposition of a constructive trust and for punitive damages.

5    **II.    ALLEGATIONS OF THE COMPLAINT**

6           Plaintiff purports to bring this action on behalf of herself and all others similarly situated,

7    which she has defined as follows:  "All current and former Associates who work(ed) for

8    Defendant and are/were engaged in, or are/were training to be engaged in, Client Services and

9    elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) ("Nationwide Collective

10   Class")."  Complaint, ¶ 5.  For her California state law claims, Plaintiff seeks certification on

11   behalf of two subclasses: (1) "All current Associates of Defendant in the State of California

12   within four years prior to the filing of this action, up to and including the time this action is

13   certified as a class action, and are engaged in providing Client Services ("CA Class A");" and (2)

14   "All former Associates of Defendant in the State of California at any time within four years prior

15   to the filing of this action, up to and including the time this action is certified as a class action,

16   and were engaged in providing Client Services ("CA Class B")."  Complaint, ¶ 6.  Together, CA

17   Class A and CA Class B comprise Plaintiff's "CA Classes."

18          Plaintiff defines "Associates" as "accountants, auditors and/or consultants who provided

19   audit, tax risk management and other client services (collectively "Client Services") on behalf of

20   PricewaterhouseCoopers LLP, or any parent, subsidiary, related, or successor companies

21   (collectively, "PwC" and/or the "Company"), and are/were not licensed as Certified Public

22   Accountants[.]"  Complaint, ¶ 2.

23          Plaintiff asserts the following seven Counts in her Class Action Complaint: (1) willful

24   failure to pay overtime wages under the FLSA, on behalf of herself and the Nationwide

25   Collective Class; (2) failure to pay overtime wages under Cal. Lab. Code § 510(a), on behalf of

26   herself and the CA Classes; (3) failure to provide meal periods under Cal. Lab. Code § 512(a), on

27   behalf of herself and the CA Classes; (4) failure to provide rest periods under Cal. Lab. Code §

28   226.7, on behalf of herself and the CA Classes; (5) failure to pay all wages due under Cal. Lab.

1  Code §§ 201 and 202, on behalf of herself and CA Class B; (6) failure to provide wage statements

2  as required by Cal. Lab. Code § 226(a), on behalf of the CA Classes; and (7) unfair competition

3  under Bus. & Prof. Code § 17200 et seq., on behalf of the CA Classes.  Thus, the first Count

4  includes the proposed Nationwide Collective Class and Counts Two through Seven are California

5  state law claims alleged only on behalf of the proposed California Classes.

6  **III.    LEGAL STANDARDS**

7      **A.    Standard for Granting a Motion to Dismiss Under Rule 12(b)(6)**

8      Under Federal Rule of Civil Procedure 12(b)(6), "factual allegations must be enough to

9  raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct.

10  1955, 1965 (2007), abrogating *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99 (1957), and citing with

11  approval 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed.

12  2004) ("The pleading must contain something more ... than ... a statement of facts that merely

13  creates a suspicion [of] a legally cognizable right of action").  "[A] plaintiff's obligation to

14  provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and

15  a formulaic recitation of the elements of a cause of action will not do."  *Id*. at 1964-65.

16      For purposes of a motion to dismiss, the complaint is construed in a light most favorable

17  to the plaintiff and all properly pleaded factual allegations are taken as true.  *Jenkins v.*

18  *McKeithen*, 395 U.S. 411, 421 (1969);  *Everest & Jennings, Inc. v. Am. Motorists Ins. Co.*, 23

19  F.3d 226, 228 (9th Cir. 1994).  Although all reasonable inferences are to be drawn in favor of the

20  plaintiff, *Jacobson v. Hughes Aircraft*, 105 F.3d 1288, 1296 (9th Cir. 1997), the Court should not

21  accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual

22  allegations.  *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *see also Miranda v.*

23  *Clark County, Nev*., 279 F.3d 1102, 1106 (9th Cir. 2002) ("[C]onclusory allegations of law and

24  unwarranted inferences will not defeat a motion to dismiss for failure to state a claim.");  *Sprewell*

25  *v. Golden State Warriors*, 266 F.3d 979, 987 *as amended by*, 275 F.3d 1187 (9th Cir. 2001) ("Nor

26  is the court required to accept as true allegations that are merely conclusory, unwarranted

27  deductions of fact, or unreasonable inferences.").

28

1

**B.**    <u>Standard for Granting a Motion for a More Definite Statement Under Rule 12(e)</u>

2

3        Under Federal Rule of Civil Procedure 12(e), the Court has broad discretion to order

4 Plaintiff to provide a more definite statement where the complaint is "so vague or ambiguous"

5 that PwC "cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e).

6 Trial courts have broad discretion to require amendment of the complaint to provide additional

7 detail. *Warth v. Seldin*, 422 U.S. 490, 501-502 (1975). An order for a more definite statement

8 serves the Court's and the parties' interests because, "[u]nless cases are pled clearly and

9 precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes

10 unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer

11 justice." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir.

12 1996) (finding trial court should have instructed plaintiff's counsel to provide more definite

13 statement).

14        **C.**    <u>Standard for Granting a Motion to Strike Under Rule 12(f)</u>

15        Rule 12(f) provides that a court "may order stricken from any pleading any redundant,

16 immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f)

17 motion to strike is to avoid the expenditure of time and money that must arise from litigating

18 spurious issues by dispensing with those issues prior to trial . . . ." *Sidney-Vinstein v. A.H. Robins*

19 *Co.,* 697 F.2d 880, 885 (9th Cir. 1983). A motion to strike may be used to strike a prayer for

20 relief when it seeks relief not recoverable as a matter of law. *Wilkerson v. Butler*, 229 F.R.D.

21 166, 172 (E.D. Cal. 2005) (punitive damages properly stricken where not recoverable as matter of

22 law).

23        **D.**    <u>Class Action Allegations</u>

24        Class allegations may be dismissed or stricken at the pleading stage. Rule 23(d)(4)

25 provides that "the court may make appropriate orders . . . requiring that the pleadings be amended

26 to eliminate therefrom allegations as to representation of absent persons, and that the action

27 proceed accordingly." *See also Kamm v. Sugasawara*, 509 F.2d 205, 212 (9th Cir. 1975) (district

28 court properly granted motion to dismiss and strike class allegations under Rule 23(d)(4)); *Palmer*

1   *v. Combined Ins. Co. of Am.*, No. 02 C 1764, 2003 U.S. Dist. LEXIS 2534, at *5 (N.D. Ill. Aug.

2   29, 2003) ("[I]t is sometimes possible to determine from the pleadings alone [the Rule 23]

3   requirements cannot possibly be met, and in such cases, striking class allegations before

4   commencing discovery is appropriate.").

**IV.    ARGUMENT**

    **A.    The Court Should Stay This Action as to the California Claims in Deference to the First-Filed California Lawsuit**

        A presumption exists in favor of adjudicating a controversy in the forum where it was first

9   filed. *See Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (affirming

10  district court's application of first-to-file rule); *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678

11  F.2d 93, 95 (9th Cir. 1982) (affirming district court's application of the first-to-file rule).  The

12  first-to-file rule was developed to "serve the purpose of promoting efficiency well and should not

13  be disregarded lightly." *Alltrade*, 946 F.2d at 625.  Here, the *Campbell* case is a first-filed case

14  currently pending in the Eastern District of California, and involves (as best PwC can determine)

15  the same California class and identical issues regarding the California state law claims as the

16  instant action.  *See* Request for Judicial Notice ("RJN"), Exhibits A and B.  Under these

17  circumstances, this Court has the authority to stay this action as to the California state law claims

18  and the California class pending resolution of the related, first-filed action in the Eastern District

19  of California.

        Indeed, courts have wide discretion to stay later filed actions in order to avoid duplicative

21  proceedings.  *See Alltrade*, 946 F.2d at 628-29 (ordering stay of later filed action in deference to

22  first filed action); *see also Landis v. North American Co.*, 299 U.S. 248, 254-55 (1934) ("the

23  power to stay proceedings is incidental to the power inherent in every court to control the

24  disposition of the causes on its docket with economy of time and effort for itself, for counsel, and

25  for litigants.").  The Ninth Circuit endorses this view, stating that a "trial court may, with

26  propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay

27  of an action before it, pending resolution of independent proceedings which bear upon the case."

28  *Mediterranean Enterprises, Inc. v. Sangyoung Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983).

- 7 -              PRICEWATERHOUSECOOPERS LLP'S MOTION FOR A STAY; MOTION TO DISMISS; MOTION TO STRIKE; AND MOTION FOR A MORE DEFINITE STATEMENT

1    Therefore, this Court should properly stay the instant action in deference to the first filed action.

2        Three factors are considered before invoking the first to file rule:  (1) the chronology of

3    the actions; (2) the identity of the parties involved; and (3) the similarity of the issues at stake.

4    *Alltrade*, 946 F.2d at 625.  Under the present circumstances, all of these factors weigh in favor of

5    staying the instant action in deference to the first filed *Campbell* case.  Indeed, the *Campbell* case

6    was filed first, the parties are the same, and the issues are identical.

7            **1.    The *Campbell* Case Was the First Filed Action**

8        The first factor, the chronology of the actions, clearly weighs in favor of staying the

9    instant action pursuant to the first-to-file rule.  The *Campbell* case was originally filed on October

10   27, 2006.  *See* RJN, Ex. A.  The First Amended Complaint in *Campbell* was filed on November 1,

11   2006 and the Second Amended Complaint was filed on January 22, 2007.  The instant action was

12   not filed until October 26, 2007, a year after the original Complaint was filed in *Campbell*.  Thus,

13   this important factor clearly favors application of the first-to-file rule to stay this action in

14   deference to the *Campbell* case pending in the Eastern District of California.

15       In addition to simple chronology, this Court may also consider how much progress has

16   been made in the first filed action.  Here, the significant progress already made in the *Campbell*

17   case weighs in favor of a stay.  PwC and the *Campbell* plaintiffs have been engaged in the

18   discovery process for many months, including but not limited to, several depositions, special

19   interrogatories, document requests, the exchange of multiple meet and confer letters, the

20   propounding of an extensive Rule 30(b)(6) deposition notice, and the production and preparation

21   for production of numerous documents relevant to class certification.  Declaration of Victoria R.

22   Carradero in support of PwC's Request for a Stay; Motion to Dismiss; Motion to Strike; and

23   Motion for a More Definite Statement ("Carradero Decl."), ¶ 3.  This extensive discovery process

24   progressed far enough such that Plaintiffs in *Campbell* have already filed a Motion for Class

25   Certification, which is pending.  *Id.*, ¶ 4.  The *Campbell* Plaintiffs, much like the plaintiffs in the

26   instant action, seek to certify a class of certain individuals who worked in California and who

27   held the job titles of Associate or Senior Associate in the Assurance and Tax lines of service at

28   PwC.  ¶ 5.  The application of the first to file rule is particularly appropriate here because of the

1    possibility of conflicting rulings on class certification and the potential waste of resources from

2    duplicative motions and discovery requests.

3            Indeed, several other motions have already been filed and argued in the *Campbell* case,

4    and extensive discovery was already conducted.  Thus, a district court has previously invested a

5    great amount of time and resources reviewing and ruling on various issues.  Allowing this action

6    to continue is a great waste of resources for both this Court and PwC because it may result in

7    duplication of efforts and inconsistent rulings.  In addition, certain important deadlines are

8    approaching in the next few months in the *Campbell* Case:  all discovery must be completed by

9    June 22, 2008; all discovery motions must be heard by May 22, 2008; and expert disclosure must

10   be done 90 days before the close of discovery.  ¶ 6.  Therefore, this action should be stayed with

11   respect to the California state law claims and the California Classes pending resolution of the

12   *Campbell* case.

13            **2.        The Parties Involved in the Instant Action are Also Parties to the**
                          ***Campbell* Case**

14

15            The second factor, the similarity of the parties involved between the first-filed and later-

16   filed actions, also weighs in favor of deference to the first-filed action.  PwC is the defendant in

17   both actions, and as to the California claims, Plaintiffs in both the *Campbell* case and the instant

18   action seek to certify a class consisting of certain individuals who held the job title of

19   "Associates" of PwC who work or worked in California (although, as discussed below, the

20   proposed class definition here contains significant ambiguities -- as best PwC can guess, Le

21   seems to be seeking to certify a class that is at least significantly duplicative of the *Campbell*

22   proposed class).  Indeed, Plaintiff in this instant action, as a former Associate in the audit line of

23   service in the San Jose office, is a member of the potential class in the *Campbell* case.  Because

24   the interests of the CA Classes in both disputes appear to be virtually identical, the plaintiffs in

25   both actions appear to be substantially the same and this factor weighs in favor of staying this

26   action.

27

28

1

2

### 3.   The Issues in the Instant Action are Identical to the Issues in the *Campbell* Case

3   The third factor, the similarity of issues between the first-filed and later-filed actions,

4   strongly weighs in favor of staying the instant action in deference to the first-filed *Campbell* case.

5   The substance of the two cases is identical.  The California state claims in both cases concern

6   alleged violations of the California Labor Code and Business & Professions Code for failure to

7   pay overtime and provide meal and rest periods.  The issues in both actions are indistinguishable.

8   *Compare* Complaint herein *with* 2nd Amended Campbell Complaint (RJN Ex. B).  Thus,

9   allowing this action to proceed will only serve to increase the costs and time for PwC and both

10   district courts, and raise the possibility of conflicting decisions from the two cases.  In addition,

11   permitting the *Campbell* case to reach a final resolution on the overlapping issues first would be

12   efficient because the first-filed district court's judgment would likely be *res judicata* and have a

13   collateral estoppel effect with respect to any overlapping issues.  Under these circumstances, stay

14   of this action in deference to the first-filed *Campbell* case is appropriate.  *Alltrade*, 946 F.2d at

15   628-29.

16   ### B.   The Proposed Class Definition Is Imprecise, Vague, and Ambiguous

17   Plaintiff's current class definition is imprecise, vague, and ambiguous.  PwC therefore

18   requests that the Court dismiss or  strike the class definition and all class allegations in the

19   Complaint, or order that Plaintiff provide a more definite class definition.

20   A class action complaint must set forth facts sufficient to show the requisite ascertainable

21   class.  The class definition must be "precise, objective and presently ascertainable."  *O'Connor* v.

22   *Boeing N.A., Inc.,* 197 F.R.D. 404, 416 (C.D. Cal. 2000)[3] (quoting Manual for Complex

23   Litigation Third § 30.14 at 217 (1995)); *see also In re Tetracycline,* 107 F.R.D. 719, 728 (W.D.

24   Mo. 1985) (proposed class must not be amorphous, vague or indeterminate).  The class definition

25   must be sufficiently definite so that it is administratively feasible for the court to determine

26   whether a particular individual is a member.  *Aiken v. Miller,* 442 F. Supp. 628, 658 (E.D. Cal.

27

28   [3] It is Plaintiff's burden to establish that all the requirements for class action adjudication are met.  *Senter v. GM Corp.,* 532 F.2d 511, 522 (6th Cir. 1976).

1    1977); *Hagen v. City of Winnemucca*, 108 F.R.D. 61, 63 (D. Nev. 1985). Thus, for example, a

2    definition is insufficient if it would require the court "to pass on the merits of the claim at the

3    class certification stage in order to tell who was included in the class." *Id*; *Eisen v. Carlisle &*

4    *Jacquelin*, 417 U.S. 156, 177-78, 94 S. Ct. 2140, 2152-52 (1974); *Moore v. Hughes Helicopters,*

5    *Inc*, 708 F.2d 475, 480 (9th Cir. 1983).

6         Here, Plaintiff offers a confusing, vague, and indefinite class definition. The class

7    definition is insufficient to state a claim for any Count pled in the Complaint because the

8    identities of the people who fall within it are unascertainable. Without a precise class definition,

9    the Court will not be able to bind a definable category of persons to its decrees, administer a

10   class-wide remedy, or effectively provide notice, if a class is certified in this action. Therefore,

11   and as further discussed below, the Court should dismiss Plaintiff's Complaint, strike the class

12   definition and all class allegations in the Complaint, or order that Plaintiff provide a more definite

13   class definition.

14   **1.    Plaintiff's Proposed Class Definition Does Not Sufficiently Identify**
                **The Job Titles At Issue In This Litigation**

15        Here, Plaintiff seeks to represent a proposed class of individuals in an unclear job title in

16   unidentified parts of PwC. Rather than identifying specific lines of services, divisions, or groups

17   within PwC, plaintiff vaguely defines the class as associates "who provided audit, tax risk

18   management and other client services (collectively "Client Services")". Complaint, ¶¶ 2, 5. This

19   definition does not clearly apprise PwC or the Court of the identities of those plaintiff seeks to

20   represent.

21        PwC is divided into various client lines of service, providing different industry-focused

22   professional services. The different lines of service contain multiple divisions which focus on

23   specialized professional service offerings, including but not limited to external audit and financial

24   reporting, transaction structuring (*e.g.*, mergers, acquisitions and other deals), tax planning,

25   information technology ("IT"), general control and business process assurance. These lines of

26   service provide services to numerous industries, including, but not limited to, technology,

27   aerospace, investment and financial services, and healthcare.

28

1    Plaintiff's definition of "Client Services" does not identify which lines of service, divisions

2  or groups plaintiff is trying to include.  Indeed, nowhere in the Complaint does plaintiff allege

3  which line of service she worked in for PwC.  Thus, the class definition is not presently

4  ascertainable  and must be stricken.  Moreover, the phrase "and other client services" is vague

5  and ambiguous, and impermissibly keeps the definition open to constant revision at the whim of

6  plaintiff without court notice or approval.  This language makes it unclear who is encompassed in

7  the purported class and whether Plaintiff will attempt to later claim that the class definition

8  includes employees not specifically mentioned in the Complaint.  If there are groups of

9  individuals included in Plaintiff's class definition but whom Plaintiff has not yet identified,

10  Plaintiff should simply identify them and remove the uncertainty.  If Plaintiff later wishes to

11  change the class definition, Plaintiff can file a motion to amend.  But it is not proper to have

12  uncertain language such as "other client services" in a class definition.

13    The proposed class definition is also unascertainable because the definition of "associates"

14  is unclear.  Although "associate" is a job title at PwC, Plaintiff attempts to define "associate" in a

15  way that renders it unintelligible and legally defective.  Rather than simply defining the proposed

16  class as those who held the job title of "associate", Plaintiff tries to define "associate" to mean

17  "accountants, auditors and consultants" who provided unspecified "Client Services".  This

18  definition is defective in several ways.  First, it confuses which job title(s) Plaintiff is trying to

19  include.  Plaintiff's attempt to define "associate" functionally rather than simply using it as a job

20  title forces PwC and the Court to guess which people are encompassed within the class definition.

21  Indeed, because Plaintiff tries to define "associate" functionally, it is unclear whether Plaintiff's

22  definition of "associate" even includes everyone who held the job title of "associate."

23    Second, Plaintiff's proposed class definition is not necessarily limited to employees.

24  Plaintiff defines her class of "associates" as "accountants, auditors and consultants" who worked

25  "***on behalf of***" PwC or "any parent, subsidiary, related, or successor companies[.]"  This

26  improper because it is unclear from this language whether Plaintiff is attempting to include non-

27  employees, such as independent contractors or employees of other companies, within the class

28  definition.  This is a wage and hour case, and the applicable laws pertain to employees.  They do

not apply to independent contractors or other non-employee agents who may have performed "services" for clients of PwC. Thus, this part of the class definition is overbroad, legally irrelevant, and not ascertainable, and should be stricken.

Because it is impossible to determine who falls within the purported class, PwC cannot respond to these "class" allegations and these allegations fail to state a claim. *See* Newberg on Class Actions, § 6.14 at 6-60 (3d ed. 1992) (class definition of complaint serves to demonstrate existence of adequate class definition). Plaintiffs should fix these defects in their proposed class definition by specifying the particular job title(s) in the particular lines of service, divisions and groups she seeks to include in her class definition. This should not be difficult to do for a proposed class representative who contends she is an adequate representative. If the positions are not ascertainable to plaintiff, they are not ascertainable to PwC. And if plaintiff cannot identify them, she should not be trying to represent them.[4] PwC is only asking that plaintiff satisfy her burden of specifically identifying the positions of those she seeks to represent. As the complaint is presently pled, however, the Court and PwC are improperly left to guess which persons are intended to be included in the class definition, and the Court should strike this definition accordingly.

## 2. Plaintiff's References to "Parent, Subsidiary, Related, or Successor Companies" is Improper and Must be Stricken

Plaintiff defines her proposed class as "associates" who worked "on behalf of" PwC or "***any parent, subsidiary, related, or successor companies***[.]" This is improper. To date, none of these other unnamed companies have been served, and PwC has no way of knowing from the

_____

[4] Plaintiff seeks to be a class representative, and as such must have knowledge adequate to show that she and the proposed class are similarly situated. Plaintiff worked for PwC in San Jose, California in the job title of "Associate" in the attest practice of the Assurance line of service. It is extremely unlikely that she has knowledge of the job duties of various job titles in various lines of services within PwC, such that she can knowledgeably claim that they are all similarly situated to herself. At the pleading stage, however, plaintiff should at least be able to identify the specific job titles and the specific lines of services, divisions and groups she is seeking to represent. This is not just a class action requirement, it is a basic pleading and Rule 11 requirement. Under Rule 11, both plaintiff and her counsel are required to conduct a reasonable inquiry to establish that the allegations in the Complaint are well founded in fact and law. F.R.C.P. 11; *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 111 S. Ct. 922 (1991). If plaintiff cannot even identify specific job titles within specific parts of PwC, her compliance with Rule 11 is highly questionable.

1    Complaint which, if any, of these other companies Plaintiff is trying to include.  This is

2    particularly prejudicial in light of Plaintiff's allegations in paragraph 4 of the Complaint that each

3    defendant was the agent and representative of every other defendant.  Thus, Plaintiff is essentially

4    alleging that PwC is responsible for other companies whose identities Plaintiff refuses to name.  It

5    is impossible for PwC to investigate and defend itself against this type of secret allegation. The

6    phrases "on behalf of" and "or any parent, subsidiary, related, or successor companies."

7    Therefore, this suit is alleged only against PwC and only employees of PwC are relevant to this

8    case.  Further, PwC is moving only on behalf of PwC and no other companies are currently

9    involved in this suit.

10   **C.    The Court Should Dismiss Plaintiff's Seventh Claim Under Section 17200**
       **Because the Claim Seeks to Circumvent Procedures Congress Expressly**
11   **Intended to Apply in FLSA Actions**

12        In her Seventh claim for relief under California Business and Professions Code Section

13   17200, Plaintiff incorporates by reference all previous paragraphs of her Complaint.  Plaintiff thus

14   attempts to repackage her FLSA claim and California state law claims as violations of Section

15   17200 in order to extend the statute of limitations to four years, and to escape the FLSA opt-in

16   mechanism and substitute an opt-out mechanism.  Complaint, ¶¶ 73-75.  This is impermissible

17   because it flouts Congress's express intent to limit the scope of FLSA collective actions and

18   establish the FLSA as the "exclusive remedy" for failure to pay overtime wages.  As a matter of

19   law, the Court should dismiss the claim with prejudice or strike Plaintiff's attempt to incorporate

20   any FLSA allegations into her Section 17200 claim.

21        Section 17200 "borrows" violations of other laws and treats them as unlawful practices

22   independently actionable under California law.  *Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th

23   377, 383 (1992).  Section 17200 thus provides a legal claim for relief to vindicate substantive

24   rights established by other statutes – here, the FLSA overtime provisions and California labor

25   laws – but does not itself establish any independent substantive rights.  *Id*.  Thus, to the extent the

26   Section 17200 claim pled by Plaintiff incorporates by reference the FLSA claim, the Section

27   17200 claim is literally identical in substance to her FLSA claim as to California employees – the

28   only differences are that it would apply a 4-year statue of limitations and Plaintiff could seek

1   class certification under Rule 23 (opt-out) instead of the FLSA Section 216(b) (opt-in).

2                      **1.    Plaintiff Cannot Circumvent the FLSA's Opt-In Procedure**

3            The FLSA explicitly provides that, to join a collective action, an employee must "give …

4   consent in writing to become … a party" and file his consent "in the court in which such action is

5   brought." 29 U.S.C. § 216(b). Congress designed the opt-in mechanism to limit FLSA plaintiffs

6   to employees who affirmatively assert claims against their employer, and to "curb the number of

7   [representative] lawsuits." *De Ascencio v. Tyson Foods, Inc.*, 342 F.3d 301, 306 (3rd Cir. 2003).

8   Indeed, the title assigned to the Act containing the opt-in provisions was "Representative Actions

9   Banned, Portal-to-Portal Act of 1947." Pub. L. No. 49, ch. 52, § 61 Stat. 84, 87 (codified at 29

10  U.S.C. § 251(a)(7)) (emphasis added). In passing the legislation containing Section 216(b),

11  Congress explained that if FLSA actions were opt-out rather than opt-in, "the courts of the

12  country would be burdened with excessive and needless litigation." *Id.* at pt. 1 § 1(a)(7).

13  Employers would be faced with "vast allegations of liability . . . brought on behalf of employees

14  who had no real involvement in, or knowledge, of the lawsuit." *Arrington v. Nat'l Broad. Co.,*

15  *Inc.*, 531 F. Supp. 498, 501 (D.D.C. 1982) (analyzing FLSA's legislative history).

16          In Plaintiff's seventh claim, she defies Congress's express intent to limit substantive

17  FLSA actions. Plaintiff seeks to represent persons who have no involvement in the case and

18  perhaps even those who would affirmatively choose not to opt-in to the FLSA collective action.

19  If Plaintiff is allowed to go forward though this method, she can use Section 17200 to drag in

20  California class members who otherwise would have specifically chosen to not opt-in to this

21  lawsuit and require them to instead take affirmative steps to opt-out.

22          Permitting Plaintiff via a Section 17200 claim to bring all California employees into an

23  FLSA-based claim, including those California employees who chose not opt in to the FLSA

24  action when given the opportunity, would "flaunt the Congressional intention that FLSA claims

25  proceed as an opt-in scheme." *Jackson v. San Antonio*, 220 F.R.D. 55, 60 (W.D. Tex. 2003)

26  (declining supplemental jurisdiction over state-law class action claims where only 11 percent of

27  putative plaintiffs opted-in to FLSA claims); *see also De Ascencio*, 342 F.3d at 310 (reversing

28  district court's exercise of supplemental jurisdiction over state-law wage claims where only 10

1    percent of putative class opted-in to FLSA claim).

2        As recognized by courts in this Circuit, the "policy behind requiring FLSA plaintiffs to

3    opt in to the class would largely 'be thwarted if a plaintiff were permitted to back door the

4    shoehorning in of unnamed parties through the vehicle of calling upon similar . . . statutes that

5    lack such an opt-in requirement.'" *Leuthold v. Destination America, Inc.*, 224 F.R.D. 462, 470

6    (N.D. Cal. 2004) (citation omitted); *Williams v. Trendwest Resorts, Inc.*, No. 2:05-CV-0605-RCJ-

7    LRL, 2007 U.S. Dist. LEXIS 62396, at *11 (D. Nev. Aug. 20, 2007) ("It would be inappropriate

8    to permit Plaintiffs' attempt to circumvent the restrictive opt-in requirements of the FLSA by

9    utilizing the borrowing statute of California Business and Professions Code Section 17200.").

10   Plaintiff's attempt to turn an opt-in FLSA claim into an opt-out class action violates Congress's

11   express intent to keep FLSA claims from turning into representative actions in which class

12   members do not have to affirmatively state their intent to join.

13           **2.    Plaintiff Cannot Extend the FLSA's Statute of Limitations**

14       Through her Section 17200 claim, Plaintiff also seeks an end run-around the FLSA statute

15   of limitations.  Congress limited relief under the FLSA to a two-year period, or three years for a

16   "willful" violation.  29 U.S.C. §255(a).  In contrast, Section 17200 is governed by a four-year

17   statute of limitations.  Cal. Bus. & Prof. Code §17208.  Plaintiff's attempt to extend the FLSA

18   statute of limitations also violates Congress's express intent to limit the scope of FLSA claims.

19   *McClain v. Leona's Pizzeria, Inc.*, 222 F.R.D. 574, 578 (N.D. Ill. 2004) (finding that certifying an

20   opt-in class for state-law wage and hour claims with longer statutes of limitations than the FLSA

21   would "[fly] in the face of Congress's express intent to limit the scope of [FLSA collective]

22   actions in federal court").

23           **3.    Congress Intended for the FLSA to be an Exclusive Remedy for**
24                **Substantive FLSA Violations**

25       Congress intended for the FLSA to be an "exclusive remedy" for a substantive FLSA

26   violation; therefore, this Court should not permit Plaintiff to use Section 17200 as a remedy for

27   substantively identical FLSA claims.  *See, e.g., Flores v. Albertsons Inc.*, No. CV01-00515PA

28   (SHx), 2003 U.S. Dist. LEXIS 26857, *18-20 (C.D. Cal. 2003) (dismissing plaintiffs' negligence

PRICEWATERHOUSECOOPERS LLP'S MOTION FOR A STAY;
MOTION TO DISMISS; MOTION TO STRIKE; AND MOTION FOR
A MORE DEFINITE STATEMENT

claims, which were "nothing more than additional legal theories" to recover federal wage and

hour damages, because allowing the claims to proceed would circumvent Congress's intent for

FLSA to be an exclusive remedy); *Madrigal v. Green Giant Co.*, No. C-78-157, 1981 U.S. Dist.

LEXIS 15325, *7-9 (E.D. Wash. July 27, 1981) (analyzing legislative history and concluding that

only the FLSA should be used as a remedy to enforce FLSA violations); *Lerwill v. Inflight*

*Motion Pictures*, Inc., 343 F. Supp. 1027, 1029 (N.D. Cal. 1972) (explaining Congress's intent

for the FLSA to provide the "sole remedy available to the employee for enforcement of whatever

rights he may have under the FLSA") *cited with approval in Platt v. Burroughs Corp. et al*, 424

F. Supp. 1329, 1340 (E.D. Pa. 1976)).[5]  Indeed, permitting Plaintiff to use section 17200 as a

vessel for her FLSA claims would violate Congress's express intent by extending the FLSA's

statute of limitations and confounding its opt-in procedure.

Plaintiff fail to state a claim upon which relief can be granted because, as a matter of law,

the FLSA provides the sole remedy for the substantive wage and hour violations she alleges.

Plaintiff cannot avoid Congress's prescribed statute of limitations and opt-in mechanism for

FLSA actions by bringing what is substantively an FLSA action through Section 17200.

Accordingly, this Court should dismiss Plaintiff's seventh claim for relief with prejudice or strike

any attempt by Plaintiff to incorporate FLSA allegations into her Section 17200 claim.

### D.    The Four-Year Class Period Is Improper

Plaintiff purports to represent "Associates" in California during a four year period for all

of her claims.  Complaint, ¶ 6.  This is improper because only one of her seven claims has a four

year statute of limitations, and PwC moves to strike all references to a four-year class period from

Counts One through Six.  *See* Complaint, ¶¶ 6 ("four years"); 48, 55, 61, 64, 68, and 70

---

[5] *See also Kendall v. City of Chesapeake*, 174 F.3d 437, 439, 443 (4th Cir. 1999) (finding that Congress clearly intended for the "unusually elaborate" procedure and remedies of FLSA to preclude the use of Section 1983 to protect overtime rights secured by FLSA); *Nettles v. Techplan Corp.*, 704 F. Supp. 95, 100 (D.S.C. 1988) (granting summary judgment on claim covered by the FLSA which "clearly […] govern[s] the ability of plaintiff to recover overtime wages"); *Petras v. Johnson*, 1993 U.S. Dist. LEXIS 8464, *4 (S.D.N.Y. June 22, 1993) (dismissing state fraud claims and noting that courts have "consistently found" that FLSA's Section 216(b) provides the "exclusive remedy" for enforcing rights created under FLSA); *Tombrello v. USX Corp.*, 763 F. Supp. 541, 545 (N.D. Ala. 1991) (holding that plaintiff could not "circumvent the exclusive remedy prescribed by Congress by asserting equivalent state law claims in addition to [an] FLSA claim") *cited with approval in Roman v. Maietta Constr., Inc.*, 147 F.3d 71,76 (1st Cir. 1998) *and Saunders v. Hunter*, 980 F. Supp. 1236, 1245 (M.D. Fla. 1997).

(incorporating by reference allegations in the previous paragraphs of the Complaint).  Plaintiff's

first claim for relief for violation of the FLSA has a two-year statute of limitations, or three years

for a "willful" violation.  29 U.S.C. § 255(a).  Plaintiff's second claim, in which she seeks

allegedly unpaid overtime wages under the California Labor Code, has a three-year statute of

limitations.  *Aubry v. Goldhor*, 201 Cal. App. 3d 399, 404 n.4 (1988) (statute of limitations period

for overtime wages has three-year statute of limitations; *see also* Cal. Civ. Proc. Code § 338

(providing three-year statute of limitations for action upon liability created by statute).  Similarly,

Plaintiff's third and fourth claims for meal and rest breaks under Labor Code Section 226.7 have

a three-year statute of limitations.  *Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal. 4th 1094

(2007).  Plaintiff's fifth claim for waiting time penalties under Labor Code Section 203 has a three

year statute of limitations.  *See* Labor Code §203.   Plaintiff's sixth claim for violation of the

itemized wage statement statute has a one-year statute of limitations.  *See* Cal. Civ. Proc. Code §

340 (providing that an action upon a statute for a penalty must be brought within one year).

However, Plaintiff's seventh claim for relief under Business & Professions Code Section

17200, in which she seeks restitution of allegedly unpaid overtime wages (as well as improper

non-equitable remedies), has a four-year statute of limitations.  *Cortez v. Purolator Air Filtration

Products*, 23 Cal. 4th 163, 179 (2000) (noting different statute of limitations for claims brought

under Labor Code and claims under Section 17200).  Simply alleging a Section 17200 claim as

one of her seven claims for relief does not permit Plaintiff to expand the applicable statute of

limitations for all of the other six claims for relief brought under different statutes.

For these reasons, Plaintiff cannot purport to represent a four year class period for all of

her claims.  Accordingly, the paragraphs or portions of the Complaint that improperly seeks to

expand the potential class period for Counts One through Six, and/or incorporating by reference

all prior allegations into each Count, must be stricken.  *See* Complaint, ¶¶ 6, 48, 55, 61, 64, 68,

and 70.

### E.    "Doe" Defendants Are Improper And Should Be Stricken.

Plaintiff's allegations purporting to assert claims against "Does 1-10" as defendants in this

action must be stricken because use of "Doe" defendants is improper under the federal pleading

1  rules.  *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (use of "Doe" to identify

2  defendants improper except in special circumstances, such as where the identity of a specific

3  individual is not known at time of filing).  Paragraph 4 alleges facts related to such fictitious

4  defendants and is therefore irrelevant and should be stricken.  Fed. R. Civ. P. 12(f).

5  **F.      The Complaint Seeks Improper Relief That Must be Stricken**

6  Federal Rule of Civil Procedure 12(f) vests the trial court with authority to strike any

7  "redundant, immaterial, impertinent, or scandalous matter" from any pleading.  Prayers for relief

8  are subject to a motion to strike when they seeks damages unrecoverable as a matter of law.  *See*

9  *Tapley v. Lockwood Green Engineers, Inc.,* 502 F.2d 559, 560 (8th Cir. 1979); *Bureerong v.*

10  *Uvawas,* 922 F. Supp. 1450, 1479 n.34 (C.D. Cal. 1996).  Here, the Court should strike Plaintiff's

11  improper requests for imposition of a constructive trust and for punitive damages.

12  **1.      Plaintiff Has No Basis For Requesting a Constructive Trust**

13  The Court should strike Plaintiff's request for imposition of a constructive trust in her

14  Prayer for Relief because Plaintiff has no basis for such a request.  *See* Prayer for Relief, ¶E.  To

15  assert constructive trust as a remedy, Plaintiff must plead "fraud, breach of fiduciary duty, breach

16  of promise to buy property for plaintiff, or repudiation of [an] unenforceable express trust."  5

17  Witkin Cal. Proc. Plead § 796 (4th ed.).  Plaintiff has not pled that PwC defrauded her, nor has

18  Plaintiff pled that PwC owed her a fiduciary duty.  In any event, Plaintiff cannot properly allege a

19  fiduciary duty because no such duty exists between employers and employees under California

20  law.  *See Calvao v. Superior Court (Klippert),* 201 Cal. App. 3d 921, 923 (1988) ("There is no

21  confidential or fiduciary relationship in this [employment contract] context").  Indeed, "[n]o

22  presumption of a confidential relationship arises from the bare fact that parties to a contract are

23  employer and employee; rather, additional ties must be brought out in order to create the

24  presumption of a confidential relationship between the two."  *Miller v. Yokohama Tire Corp.,* 358

25  F.3d 616, 621 (9th Cir. 2004) (holding that a fiduciary relationship did not exist between

26  employer and employee and that an employee's fraud claim could not rest on the employee-

27  employer relationship).  Finally, Plaintiff has not alleged, and there is no basis upon which she

28  can allege, that PwC breached a promise to buy property from her or that PwC repudiated an

1    unenforceable express trust.  Thus, Plaintiff has not pled any claim that could support a

2    constructive trust, and as a matter of law, Plaintiff cannot show that any of the grounds for

3    establishing a constructive trust exist.

4         Moreover, to create a constructive trust, there must also be a *res*, an "identifiable kind of

5    property or entitlement in defendant's hands."  *Korea Supply Co. v. Lockheed Martin Corp.*, 29

6    Cal. 4th 1134, 1150 (2003).  As explained by the Supreme Court, a constructive trust requires

7    "money or property identified as belonging in good conscience to the plaintiff [that can] *clearly*

8    *be traced to particular funds or property* in the defendant's possession."  *Great-West Life &*

9    *Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213 (2002) (emphasis added).  Plaintiff has not

10   specifically identified any *res* to be placed in a constructive trust held by PwC for Plaintiff's

11   benefit, nor can she do so, since she is seeking general damages.  For all of these reasons, the

12   Court should strike Paragraph E of Plaintiff's Prayer for Relief.

13              **2.    Plaintiff's Request for Punitive Damages Must be Stricken**

14        The Court should strike Plaintiff's request for punitive damages because none of the

15   claims asserted support the imposition of punitive damages.  *See* Prayer for Relief ¶ G.

16        Where a right is created by statute and the statute does not expressly permit punitive

17   damages, punitive damages under California Civil Code section 3294 are not available.

18   Therefore, Plaintiff's second through sixth claims for relief asserting California statutory claims

19   do not permit the recovery of punitive damages.  *See Turnbull & Turnbull v. ARA Transp., Inc.*,

20   219 Cal. App. 3d 811, 826-27 (1990) ("when a new right . . . is created by statute and a statutory

21   remedy for the infringement thereof is provided, such remedy is exclusive of all others") (citing

22   *Orloff v. L.A. Turf Club*, 30 Cal. 2d 110, 112-13 (1947)); *DeAnza Santa Cruz Mobile Estates*

23   *Homeowners Assn' v. DeAnza Santa Cruz Mobile Estates*, 94 Cal. App. 4th 890, 916 (2001)

24   (where right sued upon is a creature of statute, the remedy provided in the statute is exclusive of

25   all other damages, including punitive damages); *see also Czechowski v. Tandy Corp.*, 731 F.

26   Supp. 406, 410 (N.D. Cal. 1990) (penalty provision provided by Labor Code precludes award of

27   punitive damages and punitive damages are not available for claim under section 17200);

28   *Troensegaard v. Silvercrest Indus., Inc.*, 175 Cal. App. 3d 218, 228 (1985) (striking punitive

1   damages award based on duplicity of penalty:  "We are of the opinion that had the Legislature, by

2   Civil Code sections 3294 (permitting punitive damages) and 1794 (permitting a civil penalty),

3   intended a double recovery of punitive and penal damages for the same . . . acts, it would in some

4   appropriate manner have said so.") (internal emphases omitted).

5          Plaintiff's two remaining claims – under the FLSA (Count One) and under

6   Business and Professions Code section 17200 (Count Seven) – likewise fail to support

7   Plaintiff's punitive damages claim.  Punitive damages are unavailable in FLSA actions

8   seeking unpaid wages.  *See e.g., Shea v. Galaxie Lumber & Construction Co.,* 152 F.3d

9   729, 734 (7th Cir. 1998) (punitive damages available for FLSA § 215(a)(3) retaliation

10  claim but not § 207 overtime pay claims); *Walker v. Pettit Construction Co., Inc.,* 605

11  F.2d 128, 130 (4th Cir. 1979) (punitive damages unavailable for FLSA claims).  Punitive

12  damages are also not available for section 17200 claims.  *Czechkowski,* 731 F. Supp. at

13  410; *see also Smith & Hawken, LTD v. Gardendance, Inc.*, No. C 04-1664 SBA, 2004

14  U.S. Dist. LEXIS 22934, at *31-32 (N.D. Cal. Nov. 5, 2004) (citing *Czechkowski* and

15  ruling that punitive damages are not available under § 17200); *Newport Components v.

16  NEC Home Electronics*, 671 F. Supp. 1525, 1550-51 (C.D. Cal. 1987) ("because

17  plaintiffs are limited to equitable relief including restitution, their claims for

18  compensatory or punitive damages [under Business & Professions Code § 17203] must

19  be dismissed with prejudice."); *In re Wal-Mart Stores, Inc.*, 505 F. Supp. 2d 609, 620

20  (N.D. Cal. 2007) ("Indeed, it is settled law that punitive damages are not available under

21  section 17200."); *Korea Supply Co.*, 29 Cal. 4th at 1148 ("While the scope of conduct

22  covered by the UCL is broad, its remedies are limited. A UCL action is equitable in

23  nature; damages cannot be recovered. . . . We have stated that under the UCL,

24  '[p]revailing plaintiffs are generally limited to injunctive relief and restitution.'") (internal

25  citations omitted).

26         Accordingly, there is no basis for punitive damages under any viable claim asserted in

27  Plaintiff's Complaint.  The Court must strike Plaintiff's requests for punitive damages set forth in

28  Paragraph G of the Prayer for Relief.

1    **V.**    **CONCLUSION**

2        For the reasons stated above, PwC requests that this Court stay all California claims in the

3    instant action pending the resolution of the first-filed *Campbell* case.  Further, due to Plaintiff's

4    imprecise, vague, and ambiguous class definition, PwC requests that the Court dismiss the

5    Complaint, strike the class definition and all class allegations in the Complaint, or order that

6    Plaintiff provide a more definite class definition.  The Court should also grant PwC's motion to

7    dismiss Count Seven of Plaintiff's Complaint because the claim improperly attempts to

8    circumvent the FLSA's statute of limitations and opt-in procedure.  Finally, the Court should

9    strike all references to a four year class period and "Doe" defendants, as well as Plaintiff's request

10   for a constructive trust and for punitive damages.

11

12   Dated: January 14, 2008

13                                          LYNNE C. HERMLE
                                            JOSEPH C. LIBURT
14                                          ORRICK, HERRINGTON & SUTCLIFFE LLP

15

16                                          _____
                                                         /s/
17                                          JOSEPH C. LIBURT
                                            Attorneys for Defendant
18                                          PRICEWATERHOUSECOOPERS LLP

19

20

21

22

23

24

25

26

27

28

PRICEWATERHOUSECOOPERS LLP'S MOTION FOR A STAY;
MOTION TO DISMISS; MOTION TO STRIKE; AND MOTION FOR
A MORE DEFINITE STATEMENT