William A. Kershaw, State Bar No. 057486
Lyle W. Cook, State Bar No. 148914
Stuart C. Talley, State Bar No. 180374
**KERSHAW, CUTTER, & RATINOFF LLP**
980 9th Street, Suite 1900
Sacramento, California 95814
Telephone: (916) 448-9800
Facsimile:  (916) 669-4499

Attorneys For Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON CAMPBELL and SARAH SOBEK, individually, and on behalf of all other similarly situated current and former employees of PricewaterhouseCoopers, LLP,<br><br>Plaintiffs,<br><br>vs.<br><br>PRICEWATERHOUSECOOPERS, LLP, a Limited Liability Partnership; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 06-CV-02376-LKK-GGH<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1) **Violation of Labor Code §§ 510  and 1194 – Failure to Pay Overtime;**<br><br>2) **Violation of Labor Code §§ 512 and 226.7 – Failure to Provide Meal Periods;**<br><br>3) **Violation of Labor Code § 226.7 – Failure to Provide Rest Periods;**<br><br>4) **Violation of Labor Code §§ 226 and 1174 – Failure to Provide Itemized Employee Wage Statements;**<br><br>5) **Violation of Labor Code § 203 – Waiting Time Provisions;**<br><br>6) **Violation of Business & Professions Code §§ 17200 *et seq*. – Unfair Business Practices.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs hereby allege as follows:

## INTRODUCTION

1.     This is a class action brought by plaintiffs on behalf of themselves and others similarly situated, who have sustained injuries or damages arising out of Defendant's conduct in violating wage and hour laws of the State of California and California Business and Professions Code §17200, *et seq.*

-1-

2.     This class action complaint asserts claims for relief under California wage and hour law on behalf of all non-licensed associates/associate accountants employed by the Defendant PricewaterhouseCoopers, LLP ("Defendants") over the past four years in the State of California for: (1) Defendant's failure to pay for hours worked, including overtime; (2) Defendant's failure to authorize and permit, or pay for rest periods as required by law; (3) Defendant's failure to provide a second meal period as provided by law; (4) Defendant's failure to make full payment to employees who are discharged or quit within the time required by law; and (5) Defendant's unlawful, unfair and fraudulent conduct in violation of California Business and Professions Code §17200, *et seq.*

3.     Plaintiffs petition this Court to allow them to represent and prosecute claims against Defendant in class action proceedings on behalf of all those similarly situated.

## **PARTIES**

4.     Plaintiffs Jason Campbell and Sarah Sobek, (hereinafter, referred to as "Plaintiffs") are individuals and residents of the State of California. Plaintiffs were employed by the Defendant as non-licensed associate accountants. Neither Plaintiff had an advanced degree in accountancy, was licensed as an accountant by any state or federal agency, or had tested for or received the designation of "Certified Public Accountant" or "CPA" from the State of California. Plaintiffs bring this class action on behalf of themselves and other current and former California employees of Defendant who are similarly situated.

5.     At all relevant times alleged herein, Plaintiffs are informed and believe and thereon allege that Defendant PricewaterhouseCoopers, LLP is and was a Limited Liability Partnership organized and existing under and by virtue of the laws of the State of Delaware. Defendant is one of the largest accounting firms in the world and employees thousands of non-licensed associate accountants in the State of California. Defendant is authorized to conduct business in the State of California and does conduct business in the State of California.

6.     Plaintiffs allege, upon information and belief, that each of the Defendants, DOES 1 through 100 inclusive, are legally responsible in some manner, negligently, in warranty, strictly, intentionally, or otherwise, for the events and happenings herein referred to, and that each of the

-2-

1    Defendants proximately caused injuries and damages to Plaintiffs and class members as herein
2    alleged.

3          7.     Plaintiffs are informed and believe, and thereon allege, (unless otherwise alleged
4    in this Complaint), that at all relevant times herein, all Defendants were the agents, employees
5    and/or servants, masters or employers of the remaining Defendants, and in doing the things
6    hereinafter alleged, were acting within the course and scope of such agency or employment, and
7    with the approval and ratification of each of the other Defendants.

8                              **JURISDICTION AND VENUE**

9          8.     The aggregate amount in controversy for the Class exceeds $5,000,000.  Each of
10   the Plaintiffs is a citizen of the State of California.  Defendant is a Limited Liability Partnership
11   organized under the laws of the State of Delaware.  Defendant's executive office and principal
12   place of business is in New York.  An unincorporated association is, under U.S.C. §1332(d)(10),
13   a citizen of the state where it has its principle place of business and the state under whose laws it
14   is organized.  Diversity, therefore, can be found because, under U.S.C. §1332(d)(2)(A), a member
15   of the class of plaintiffs is a citizen of a state different from any defendant.  No exceptions to
16   jurisdiction under U.S.C. §1332(d) apply.  Accordingly, this Court has diversity jurisdiction
17   pursuant to 28 U.S.C. §1332(d) also known as the Class Action Fairness Act.

18         9.     This Court is the proper Court, and this action is properly filed in the Eastern
19   District of California, because Defendant's obligations and liability arise therein, because
20   Defendant maintains offices and transacts business within the County of Sacramento within the
21   District and because the work was performed by Plaintiffs in the County of Sacramento within the
22   District.

23                              **FACTUAL ALLEGATIONS**

24         10.    Plaintiffs are former employees of Defendant who, within the past four years, were
25   employed in the position of associate accountant.  At all times mentioned herein, Plaintiffs were
26   not licensed by any state of federal agency, did not have an advanced degree in accounting, and
27   had not obtained the designation of "Certified Public Accountant" or "CPA" issued by the State
28   of California.  At all times mentioned herein, Defendant improperly classified Plaintiffs and all

-3-

1    other non-licensed, associate accountants it employed as exempt employees.

2        11.    Plaintiffs are informed and believe, and thereon allege, that Plaintiffs and the Class

3    routinely worked more than eight hours per day.  Despite routinely working these long hours,

4    Defendant (1) failed to compensate them for overtime in violation of California law; (2) failed to

5    compensate them for all hours worked in violation of California law; (3) failed to provide them

6    with an accurate itemized statement of hours worked in violation of California law and

7    misrepresented the hours worked on the itemized statement; (4) failed to provide appropriate rest

8    periods in violation of California law; (5) failed to provide appropriate meal periods in violation

9    of California law, and (6) failed to make prompt payment of all wages due when Plaintiffs ended

10   their employment with Defendant.

11       12.    Plaintiffs are informed and believe, and thereon allege, that in perpetrating the acts

12   and omissions alleged herein, Defendant acted pursuant to, and in furtherance of, a policy and

13   practice of intentionally violating Industrial Welfare Commission Orders, the California Code of

14   Regulations, and the Labor Code.

15       13.    Plaintiffs are informed and believe, and thereon allege, that Defendant practices

16   were undertaken with the deliberate intent to increase Defendant's profits and with a conscious

17   disregard of the rights of class members under California wage and hour law.  Defendant's

18   business practice was and is to bill clients for time worked by its associate accountants.

19   Significantly, Defendant billed this work at an hourly rate that was many times greater than the

20   amount paid to its associate accountants as wages.  Because Defendant did not pay overtime, the

21   hours worked by associate accountants over and above 8 hours per day and 40 hours per week

22   were even more highly profitable to Defendant than regular work hours worked by class members

23   and provided a strong incentive to deliberately violate California wage and hour law.

24       14.    Plaintiffs are informed and believe, and thereon allege, that the acts and omissions

25   alleged herein were performed by, and/or are attributable to, all Defendants, each acting as agents

26   and/or employees, and/or under the direction and control of each of the other Defendants, and that

27   said acts and failures to act were within the course and scope of said agency, employment and/or

28   direction and control.

SECOND AMENDED CLASS ACTION COMPLAINT

1    15.    As a direct and proximate result of the unlawful actions of Defendants, Plaintiffs

2    and members of the class have been denied wages and other payments due under California wage

3    and hour law in amounts as yet ascertained, but subject to proof at trial in amounts collectively in

4    excess of the jurisdiction of this Court.

5                              **CLASS ALLEGATIONS**

6    16.    This class action is properly brought pursuant to the provisions of California Code

7    of Civil Procedure section 382, and the procedural provisions of Rule 23 of the Federal Rules of

8    Civil Procedure.  Plaintiffs bring this class action on behalf of themselves as well as all others

9    who are similarly situated.  The proposed class that Plaintiffs seek to represent is defined as

10   follows:

11                  All non-licensed associate accountants employed by Defendant in
                    the State of California from October 27, 2002 to the present.
12

13   17.    This class of persons within the State of California is so numerous a joinder of all

14   members is impracticable, and the disposition of their claims in a class action is a benefit to the

15   parties and to the Court.  Plaintiffs are informed and believe, and thereon allege, that Defendant

16   employed, at any one time, at least 2,000 or more employees in California who satisfy the class

17   definition.

18   18.    Though the exact number and identity of class members is not presently known,

19   they can be identified in Defendants' records through coordinated discovery pursuant to this class

20   action.

21   19.    There are numerous common questions of fact and law arising out of Defendant's

22   conduct.  The action focuses on the Defendant's systematic course of illegal employment

23   practices or policies that applied to all non-licensed associate accountants employed by Defendant

24   in violation of the California Industrial Welfare Commission Wage Orders, the California Labor

25   Code, and the California Business and Professions Code, which prohibits unlawful, unfair and

26   fraudulent business practices.

27   20.    Furthermore, the common questions of fact and law predominate over any

28   questions affecting only individual members of the class.

SECOND AMENDED CLASS ACTION COMPLAINT

21.    The predominating common or class-wide questions of fact include the following:

(a) Whether Defendant classified its associate accountants as exempt employees;

(b) Whether Defendant's associate accountants were licensed Certified Public Accountants;

(c) Whether Defendant's associate accountants had advanced accounting degrees;

(d) Whether Defendant knew or had reason to know that its associate accountants were not exempt under California overtime law and other California wage and hour law that applies to non-exempt employees;

(e) Whether Defendant kept accurate records of the time actually worked by its associate accountants for billing and other purposes;

(f) Whether Defendant disregarded its accurate time records when it prepared an itemized statement of hours worked and calculated the amount of wages to be paid to its associate accountants;

(g) Whether Defendant had a policy or practice to authorize and permit rest breaks for its associate accountants;

(h) Whether Defendant had a policy or practice to provide second meal periods to its associate accountants when they worked more than ten hours in a day;

22.    The predominating common questions of law include the following:

(i) Defendant's violation of California law requiring employees to be paid for all hours worked;

(j) Defendant's violation of California Labor Code section 510 in failing to pay overtime;

(k) Defendant's violation of California Labor Code section 226 in failing to comply with Itemized Employee Wage Statement Provisions;

(l) Defendant's violation of California Industrial Welfare Wage Orders and California Labor Code sections, including section 226.7, in not permitting non-licensed associate accountants rest periods and meal periods;

(m)Defendant's violation of California Labor Code section 512 in failing to

-6-

provide non-licensed associate accountants a second meal period on days in which they worked ten or more hours;

    (n) Defendant's liability under California Labor Code section 203 for Waiting Time Penalties; and

    (o) Defendant's violation of the Unfair Competition Law as codified in Business and Professions Code section 17200, *et seq.*

23.    The defenses of Defendant, to the extent that any such defenses apply, are applicable generally to the whole class and are not distinguishable as to proposed class members.

24.    Most importantly, Defendant has the burden of proving that its unlicensed associate accountants, who do not have advanced degrees, qualify under the applicable California exemption for professionals.

25.    The claims of the Plaintiffs herein are typical of the claims of the members of the class as a whole, all of whom have sustained and/or will sustain damages, including irreparable harm, as a proximate or legal result of the common course of conduct of Defendant as complained of in this class action complaint.  The claims of the Plaintiffs are typical of the class because Defendant subjected all of its employees to the same or similar violations of the California Industrial Welfare Commission Wage Orders, the California Labor Code, and California Business and Professions Code section 17200, *et seq.*

26.    Plaintiffs, on behalf of themselves, and all others similarly situated, will fairly and adequately protect the interests of all members of the class, and have retained attorneys experienced in the prosecution of class action cases.  The Plaintiffs are able to fairly and adequately protect the interests of all members of the class because it is in their best interests to prosecute the claims alleged herein to obtain full compensation due to them for all services rendered and hours worked.  Proposed class counsel have the necessary experience and skill to prosecute the action on behalf of the class.

27.    Under the facts and circumstances alleged herein, class action proceedings are superior to any other methods available for both fair and efficient adjudication of the rights of each class member who is, or in the past was, a non-exempt California employee of Defendant.

1   Joinder of individual members of the class is not practical. In light of the allegations made,

2   individual litigation would be unnecessarily costly and burdensome and would deter individual

3   claims. Furthermore, class members depend upon their employer for their livelihood and are

4   understandably fearful of the consequences to their current employment and future careers if they

5   were to bring direct individual suits. In addition, California public policy encourages the use of

6   the class action device to enforce California's overtime laws and protect individuals who, by

7   virtue of their subordinate position, are particularly vulnerable to adverse employment actions by

8   Defendant.

9       28.     To process individual cases would increase both the expenses and the delay not

10  only to class members, but also to Defendant and the Court. In contrast, a class action in this

11  matter will avoid case management difficulties and provide multiple benefits to the litigating

12  parties, including efficiency, economy of scale, unitary adjudication with consistent results and

13  equal protection of the rights of each class member, all by way of the comprehensive and efficient

14  supervision of the litigation by a single court.

15      29.     Without class certification, the prosecution of separate actions by individual

16  members of the class would create a risk of inconsistent or varying adjudications with respect to

17  individual members of the proposed class that would establish incompatible standards of conduct

18  for Defendant.

19      30.     Notice of a certified class action and of any result or resolution of the litigation can

20  be provided to class members by mail, email, or publication, or such other methods of notice as

21  deemed appropriate by the Court.

22                              **FIRST CAUSE OF ACTION**
                 **Failure to Compensate For All Hours Worked in Violation of the**
23  **California Labor Code Section 510 And California Law Requiring The Payment of Wages**

24      31.     Plaintiffs hereby reallege, and incorporate by reference as though fully set forth

25  herein, all of the allegations contained in this Complaint.

26      32.     At all times relevant herein, Defendant was required to compensate its non-

27  licensed associate accountants for all hours worked upon reporting for work at the appointed time

28  stated by the employer, pursuant to Industrial Welfare Commission Orders, California Code of

-8-

1     Regulations and Labor Code sections 200, 500, *et seq*. and 1194.

2        33.     Under Labor Code section 510, any work in excess of eight hours in one workday

3 and any work in excess of 40 hours in any workweek shall be compensated at the rate of no less

4 than one and one half times the regular rate of pay for an employee. Any work in excess of 12

5 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for

6 an employee.

7        34.     For at least four years preceding the filing of this action, Defendant required

8 Plaintiffs and the class members to work days in excess of eight hours and weeks in excess of 40

9 hours. Moreover, Defendant failed to compensate Plaintiffs and class members for all hours

10 worked and failed to compensate them for overtime pursuant to Labor Code section 510.

11        35.     Plaintiffs and class members are entitled to recover compensation for lost wages,

12 plus reasonable attorneys' fees and costs of suit pursuant to Labor Code section 218.5, mandatory

13 interest for non-payment of wages pursuant to Labor Code section 218.6, and all penalties

14 allowed by law.

15        36.     Defendant has failed to perform its obligations to compensate Plaintiffs and class

16 members for all wages earned and all hours worked. As a direct result, Plaintiffs and the class

17 have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such

18 wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel

19 Defendant to fully perform its obligations under California law, all to their respective damage in

20 amounts according to proof at time of trial. Plaintiffs are informed and believe, and thereon

21 allege, that Defendant acted deliberately and with a conscious disregard of their rights in order to

22 increase its profits while forcing Plaintiffs and class members to work long hours without

23 compensation. Plaintiffs and the class are thus entitled to recover nominal, actual, compensatory,

24 punitive, and exemplary damages in amounts according to proof at time of trial.

25                               **SECOND CAUSE OF ACTION**
                  **Failure To Provide An Itemized Statement Of Time**

26                       **As Required By Labor Code §226**

27        37.     Plaintiffs hereby reallege, and incorporate by reference as though fully set forth

28 herein, all of the allegations contained in this Complaint.

38.     Labor Code section 226(a) requires employers to provide an itemized wage statement in writing at the time of the payment of wages. The itemized statement is to be provided on the detachable portion of the paycheck or the equivalent if payment is made by other means. Among other things, the itemized statement must accurately reflect the total number of hours worked by the employee and the gross and net wages earned. All deductions to hours and wages must be itemized in writing on the statement.

39.     Plaintiffs are informed and believe, and thereon allege, that Defendant deliberately failed to itemize the number of hours actually worked by Plaintiffs and class members as required by Labor Code section 226(a). The failure to fully and accurately state the number of hours worked by the Class violates Labor Code section 226(a). The wrong occurs by failing to itemize the required information. The failure to accurately itemize the hours worked also resulted in inaccurate statements of the gross and net wages earned and of overtime earnings.

40.     Labor Code section 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate amount of four thousand ($4,000).

41.     Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein, Defendant has failed to properly list all hours worked by Plaintiffs and class members of the violation of Labor Code section 226, Industrial Welfare Commission Orders, and California Code of Regulations. Defendant's conduct was fraudulent, malicious and showed a conscious disregard for Plaintiffs' rights.

42.     As a proximate result of the aforementioned violations, Plaintiffs and class members have been damaged in an amount according to proof at time of trial.

43.     WHEREFORE, Plaintiffs request relief as provided by statute and for all relief hereinafter prayed for, including punitive and exemplary damages in an amount commensurate with Defendant's ability to pay and sufficient to deter such conduct in the future along with all penalties allowed by law.

-10-

### THIRD CAUSE OF ACTION
**Failure To Provide Second Meal Periods**
**As Required By Labor Code Sections 512 and 226.7**

44.   Plaintiffs hereby reallege, and incorporate by reference as though fully set forth herein, all of the allegations contained in this Complaint.

45.   Labor Code section 512 provides that an employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period. A limited exception to the 10 hour rule occurs when (a) the total hours worked are no more than 12 hours and (b) a first meal period was provided and (c) the second meal period was waived by the mutual consent of the employer and employee. The statutory requirements in Labor Code sections 512 and 226.7 are also set forth in Industrial Welfare Commission Wage Order.

46.   Plaintiffs are informed and believe, and thereon allege, that Defendant never sought or received mutual consent for a waiver of the second meal period where total hours worked were less than 12 hours. Instead, Defendant treated its associate accountants as exempt employees and failed to inform them of their right to a second meal period. Defendant's time keeping procedures did not record meal periods. Defendant's conduct resulted in the systematic, company-wide deprivation of associate accountants' statutory and regulatory right to a second meal period.

47.   Labor Code section 226.7 and the applicable Industrial Welfare Commission's Wage Order provides that an employer's failure to provide a meal period obligates the employer to pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

48.   As a proximate result of the aforementioned violations, Plaintiffs and class members have been damaged in an amount according to proof at time of trial.

49.   WHEREFORE, Plaintiffs request relief as provided by statute and for all relief hereinafter prayed for, including punitive and exemplary damages in an amount commensurate with Defendant's ability to pay and sufficient to deter such conduct in the future along with all penalties allowed by law.

-11-

## FOURTH CAUSE OF ACTION
### For Failure To Provide Rest Breaks As Required By Labor Code Section 226.7 And Industrial Welfare Commission Wage Orders.

50.     Plaintiffs hereby reallege, and incorporate by reference as though fully set forth herein, all of the allegations contained in this Complaint.

51.     Plaintiffs are informed and believe, and thereon allege, that Defendant established company-wide practices and procedures and thereby created a work environment where Plaintiffs and class members were routinely denied paid rest breaks required by Labor Code section 226.7 and Industrial Welfare Commission Wage Orders, which require ten minute rest periods for each 4 hours worked or major fraction thereof, and, insofar as is practicable, should be allowed in the middle of each work period.

52.     Plaintiffs are informed and believe, and thereon allege, that Defendant did not have a policy and practice authorizing and permitting the required paid rest breaks for its associate accountants. Defendant, instead, treated associate accountants as exempt employees who did not qualify for paid rest periods mandated by law for non-exempt employees.

53.     Where an employer fails to authorize and permit a paid rest period in accordance with the applicable provisions of the Labor Code section 226.7 and Wage Orders, the employer must pay the employee one hour of pay at the employees regular rate of compensation for each workday where one or more rest periods are not authorized or permitted.

54.     As a proximate result of the aforementioned violations, Plaintiffs and class members have been damaged in an amount according to proof at time of trial.

55.     WHEREFORE, Plaintiffs request relief as provided by statute and for all relief hereinafter prayed for, including punitive and exemplary damages in an amount commensurate with Defendant's ability to pay and sufficient to deter such conduct in the future along with all penalties allowed by law.

///

///

///

///

-12-

## FIFTH CAUSE OF ACTION
### Waiting Time Penalties Under Labor Code Section 203

56. Plaintiffs hereby reallege, and incorporate by reference as though fully set forth herein, all of the allegations contained in this Complaint.

57. Numerous members of the class are no longer employed by Defendant because they were discharged or quit.

58. Defendant's failure to pay wages, as alleged above, was wrongful insofar as Defendant knew wages were due to Plaintiffs and class members, but failed to pay them. Where unpaid wages are due to an employee who has been discharged or has quit, Labor Code section 203 provides that an employee's wages shall continue until paid or for a period of up to thirty days from the time they were due, whichever period is shorter.

59. Defendant failed to pay Plaintiffs a sum certain at the time of their termination or within seventy-two (72) hours of their resignation, and have failed to pay those sums for thirty (30) days thereafter. Pursuant to the provisions of Labor Code section 203, Plaintiffs and each member of the class that has been discharged or quit is entitled to recover in the amount of his or her daily wage multiplied by thirty (30) days.

## SIXTH CAUSE OF ACTION
### For Relief For Violations Of California Business And
### Professions Code Section 17200 *et seq.*

60. Plaintiffs hereby reallege, and incorporate by reference as though fully set forth herein, all of the allegations contained in this Complaint.

61. Defendant's conduct constitutes an unfair business practice, as defined in California Business and Professions Code section 17200, *et seq.* ("UCL"). This Court has authority, pursuant to Section 17203 of the UCL, to "make such orders... as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition." Moreover, this Court possesses the inherent power to craft such injunctive relief as may be necessary to protect the interests of the parties pending trial of this matter on the merits.

SECOND AMENDED CLASS ACTION COMPLAINT

62.     Defendant's violations of California wage and hour laws constitute unlawful, unfair, and/or fraudulent business practices under the UCL because they were done repeatedly over a significant period of time, and in a systematic manner to the detriment of Plaintiffs and the class.

63.     Defendant's conduct was and is unlawful under the UCL because that conduct violates numerous California wage and hour statutes and regulations as alleged herein.

64.     Defendant's conduct was and is unfair within the meaning of the UCL because that conduct causes significant harm to Plaintiffs and class members, and is in no way counterbalanced by legitimate utility to Defendant.  In addition, the conduct offends established legislatively declared public policy and was immoral, unethical, oppressive, or unscrupulous.

65.     Defendant's conduct was fraudulent under the UCL because hours worked and wages due to Defendant's associate accountants were misreported on statements that were required to be accurate and complete.  Furthermore, under fundamental California public policy, nonpayment of wages is considered a kind of fraud.

66.     For the four (4) years preceding the filing of this action, as a result of Defendant's unlawful, unfair and/or fraudulent business practices, Defendant has retained ill-gotten gains that should be restored and/or disgorged to Plaintiffs and the class in an amount according to proof at time of trial.  Plaintiffs further seek a temporary, preliminary and /or permanent order providing for equitable and injunctive relief enjoining Defendant from pursuing the policies, acts and practices complained of herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

1.     For nominal damages;

2.     For compensatory damages;

3.     For restitution of all monies due to Plaintiffs and the class, and disgorged profits from the unlawful, unfair or fraudulent business practices of Defendant;

4.     For statutory damages and/or penalties as allowed by California wage and hour statutes and regulations.

-14-

5.    For interest accrued to date;

6.    For costs of suit and expenses incurred herein;

7.    For reasonable attorney's fees;

8.    For punitive and exemplary damages in an amount commensurate with

Defendant's ability to pay and sufficient to deter such conduct in the future;

9.    For injunctive relief; and

10.   For all such other and further relief that the Court may deem just and proper.

Dated: January 22, 2007.                              Respectfully submitted,

                                                      KERSHAW, CUTTER, & RATINOFF, LLP


                                                      By: _____
                                                          WILLIAM A. KERSHAW
                                                          *Attorneys for Plaintiffs*

SECOND AMENDED CLASS ACTION COMPLAINT

# **DEMAND FOR JURY TRIAL**

PLAINTIFFS hereby demand a jury trial.

Dated: January 22, 2007.

Respectfully submitted,

KERSHAW, CUTTER, & RATINOFF, LLP

By: _____
WILLIAM A. KERSHAW
*Attorneys for Plaintiffs*

-16-