LYNNE C. HERMLE (STATE BAR NO. 99779)
lchermle@orrick.com
JOSEPH C. LIBURT (STATE BAR NO. 155507)
jliburt@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:     650-614-7400
Facsimile:     650-614-7401

Attorneys for Defendant
PRICEWATERHOUSECOOPERS LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAC ANH LE, on behalf of herself and all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. C07-05476 MMC<br><br>**NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING** |

1    Defendant PricewaterhouseCoopers LLP ("PwC"), pursuant to Rule 3-13 of the Local

2  Rules of the United States District Court for the Northern District of California, hereby gives

3  notice of the following action or proceeding pending in the United States District Court for the

4  Eastern District of California:  *Jason Campbell and Sarah Sobek, individually, and on behalf of*

5  *all other similarly situated current and former employees of PricewaterhouseCoopers, LLP  v.*

6  *PricewaterhouseCoopers, LLP,* Case No. 06-CV-02376-LKK-GGH ("*Campbell* case").

7    As discussed further below, the *Campbell* Case and the instant matter involve all or a

8  material part of the same subject matter and all or substantially all of the same parties, as defined

9  by Local Rule 3-13.  Both cases appear to involve the same parties and are based on the same or

10  similar claims under California state law.  Both cases similar questions of fact and law; namely,

11  whether PwC allegedly misclassified certain professionals as exempt from overtime.  In addition,

12  having the California state law claims in the instant matter heard by a judge other than Judge

13  Karlton and Magistrate Hollows in the *Campbell* Case will require substantial duplication of

14  judicial and other resources.  As discussed in more detail below, the *Campbell* case has been

15  pending and vigorously litigated for over one year, and the plaintiffs' motion for class

16  certification has been filed and largely briefed.  Since the *Campbell* case is so far ahead of the *Le*

17  case in relation to the California claims, the most efficient course of action is to stay the

18  California claims in the *Le* case.  Because the *Le* case also asserts a proposed nationwide class

19  under the FLSA – which the *Campbell* case does not assert – the most efficient outcome is to

20  have the FLSA claim in *Le* proceed where it was filed in the Northern District, and have the

21  California state law claims that are limited to California employees continue to proceed in the

22  *Campbell* case in the Eastern District, staying such duplicative California claims in the *Le* case.

23    Staying the instant matter as to the California putative class is likely to promote judicial

24  efficiency and will enable the Court to avoid substantial duplication of labor and the substantial

25  danger of inconsistent adjudication.  In addition, the same legal issues govern both cases as to the

26  California state law claims for relief.  For the foregoing reasons, PwC hereby requests that the

27  California putative classes and claims in the instant matter be stayed in light of the *Campbell*

28  Case.

NOTICE OF PENDENCY OF OTHER ACTION OR
PROCEEDING C07-05476 MMC

1    **I.    The Le Action**

2            On October 26, 2007, Plaintiff filed her complaint.  In this proposed class action lawsuit,

3    Plaintiff seeks to represent two classes.

4            The first proposed class is a nationwide federal collective action brought on behalf of "all

5    current and former Associates, defined as: accountants, auditors and/or consultants who provided

6    audit, tax risk management and other client services (collectively "Client Services")" on behalf of

7    PwC and are/were not licensed as Certified Public Accountants.  Complaint ¶ 2.  This first

8    proposed class seeks to recover unpaid overtime pursuant to the Fair Labor Standards Act

9    ("FLSA").

10           The second proposed class is a state-wide class action on behalf of all current and former

11   Associates within the state of California and seeks to recover overtime compensation and related

12   penalties pursuant to the following claims for relief: failure to pay overtime in violation of

13   California Labor Code §§ 510, Wage Order 4-2001 and 8 C.C.R. § 11040; failure to provide meal

14   and rest breaks in violation of California Labor Code §§ 226.7 and 512; failure to pay all wages

15   due upon cessation of employment in violation of California Labor Code §§ 201 and 202;  failure

16   to maintain accurate records in violation of California Labor Code §§ 226 and 1174; unfair

17   competition in violation of Business & Professions Code Section 17200.  *Id.* ¶ 55-75.

18   **II.    The *Campbell* Case**

19           On October 27, 2006, Plaintiffs Jason Campbell and Sarah Sobek each filed an individual

20   breach of contract lawsuit; Sobek in the Northern District of California and Campbell in the

21   Eastern District of California.  Having then apparently concluded that the Eastern District would

22   be more receptive to their allegations, Sobek dismissed without prejudice her complaint in the

23   Northern District and joined Campbell in his lawsuit.  A First Amended Complaint was then filed

24   joining Sobek and Campbell as Plaintiffs in the *Campbell* Case, with some additional claims.

25   After PwC filed a motion to dismiss the First Amended Complaint based on various issues,

26   including but not limited, to lack of subject matter jurisdiction, Plaintiffs filed a Second Amended

27   Complaint, which is the operative complaint in the *Campbell* Case.

28           In the *Campbell* Case, Plaintiffs claim to represent all "non-licensed associate

1    accountants" who worked in the state of California at any time between October 27, 2002 and the

2    present.  *See* Request for Judicial Notice, Exhibit B.  Plaintiffs claim that PwC misclassified these

3    individuals as exempt from overtime, and allege other related claims for meal periods, rest

4    periods, itemized wage statements and penalties under 6 causes of action:  Violation of California

5    Labor Code §§ 510 and 1194; Violation of California Labor Code §§ 512 and 226.7; Violation of

6    California Labor Code § 226.7; Violation of California Labor Code §§ 226 and 1174; Violation

7    of California Labor Code § 203; and Violation of California Business and Professions Code §

8    17200.  *Id*.

9    There is no nationwide FLSA claim in the *Campbell* case; indeed, there is no FLSA claim

10   at all in the *Campbell* case.  The *Campbell* case is limited to the California state law claims

11   relating to California employees.

12   The California state-wide putative class in the instant matter appears to be fully subsumed

13   by the *Campbell* Case.  (PwC states that the California claims in the instant action "appear to be"

14   the same as in the *Campbell* case because the class definition in the *Le* case is vague and not

15   ascertainable, as discussed in PwC's Motion to Dismiss filed herewith.  The California legal

16   claims for relief in the two cases are the same, and it appears that the proposed class members are

17   the same, but due to the ambiguities in the *Le* class definition PwC cannot be entirely certain at

18   this point that the proposed California classes overlap 100%.)

19   In addition, the parties in the *Campbell* Case have already engaged in extensive discovery.

20   The *Campbell* plaintiffs have propounded numerous document requests and special

21   interrogatories, as well as an extensive Rule 30(b)(6) deposition notice.  Declaration of Victoria

22   R. Carradero in support of PwC's Request for a Stay; Motion to Dismiss; Motion to Strike; and

23   Motion for a More Definite Statement ("Carradero Decl."), ¶ 3.  PwC has propounded document

24   requests on both plaintiffs and has taken the depositions of the plaintiffs and their expert.  *Id*.  The

25   *Campbell* plaintiffs have also since requested 9 depositions: 2 partners, PwC's expert, and several

26   putative class member depositions.  *Id*.

27   The parties in the *Campbell* case stipulated to a class certification briefing and hearing

28   schedule back in October 2007, which is nearly completed.  Plaintiffs' Motion for Class

1   Certification was filed on October 24, 2007.  In their motion, plaintiffs seek to certify a class of

2   all current and former Associates and Senior Associates that have worked in California in the

3   Assurance or Tax lines of service and who did not hold a CPA license from the state of California

4   at any point during the time period of October 27, 2002 to the present and who assisted CPA's.

5   On December 7, 2007, PwC filed its Opposition to that motion.  Plaintiffs' reply brief is due on

6   February 6, 2008.  The hearing on Plaintiffs' Motion for Class Certification is set for February 25,

7   2008.

8   **CONCLUSION**

9     For the foregoing reasons, PwC requests that the Court stay the California claims in the

10  instant matter in light of the pending *Campbell* Case so as to fulfill the purposes of the Local Rule

11  and to avoid duplication of effort by the Court and the parties.

12

13  Dated: January 14, 2008

14            LYNNE C. HERMLE
              JOSEPH C. LIBURT

15            ORRICK, HERRINGTON & SUTCLIFFE LLP

16

17        _____
              JOSEPH C. LIBURT

18            Attorneys for Defendant
              PRICEWATERHOUSECOOPERS LLP

19

20

21

22

23

24

25

26

27

28