# EXHIBIT A

LYNNE C. HERMLE (STATE BAR NO. 99779)
lchermle@orrick.com
JOSEPH C. LIBURT (STATE BAR NO. 155507)
jliburt@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone:    650-614-7400
Facsimile:    650-614-7401

Attorneys for Defendant
PRICEWATERHOUSECOOPERS LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAC ANH LE, on behalf of herself and all other similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>PRICEWATERHOUSECOOPERS LLP; and DOES 1 through 10, inclusive,<br><br>    Defendant. | Case No. C07-05476 MMC<br><br>**DEFENDANT PRICEWATERHOUSECOOPERS LLP'S NOTICE OF MOTIONS AND MOTION FOR A STAY; MOTION TO DISMISS; MOTION TO STRIKE; AND MOTION FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  February 22, 2008<br>Time:  9:00 a.m.<br>Dept:  7<br>Judge:  Hon. Maxine M. Chesney |

OHS West:260359165.3

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................- 2 -

II.   ALLEGATIONS OF THE COMPLAINT ...........................................- 4 -

III.  LEGAL STANDARDS ..........................................................................- 5 -

      A.   Standard for Granting a Motion to Dismiss Under Rule 12(b)(6) ......- 5 -

      B.   Standard for Granting a Motion for a More Definite Statement Under
           Rule 12(e)...........................................................................................- 6 -

      C.   Standard for Granting a Motion to Strike Under Rule 12(f)..............- 6 -

      D.   Class Action Allegations....................................................................- 6 -

IV.   ARGUMENT ..........................................................................................- 7 -

      A.   The Court Should Stay This Action as to the California Claims in
           Deference to the First-Filed California Lawsuit ...............................- 7 -

           1.   The *Campbell* Case Was the First Filed Action......................- 8 -

           2.   The Parties Involved in the Instant Action are Also Parties to the
                *Campbell* Case .......................................................................- 9 -

           3.   The Issues in the Instant Action are Identical to the Issues in the
                *Campbell* Case .....................................................................- 10 -

      B.   The Proposed Class Definition Is Imprecise, Vague, and Ambiguous............- 10 -

           1.   Plaintiff's Proposed Class Definition Does Not Sufficiently Identify
                The Job Titles At Issue In This Litigation ..............................- 11 -

           2.   Plaintiff's References to "Parent, Subsidiary, Related, or Successor
                Companies" is Improper and Must be Stricken .....................- 13 -

      C.   The Court Should Dismiss Plaintiff's Seventh Claim Under Section 17200
           Because the Claim Seeks to Circumvent Procedures Congress Expressly
           Intended to Apply in FLSA Actions.................................................- 14 -

           1.   Plaintiff Cannot Circumvent the FLSA's Opt-In Procedure.................- 15 -

           2.   Plaintiff Cannot Extend the FLSA's Statute of Limitations .................- 16 -

           3.   Congress Intended for the FLSA to be an Exclusive Remedy for
                Substantive FLSA Violations..................................................- 16 -

      D.   The Four-Year Class Period Is Improper .........................................- 17 -

      E.   "Doe" Defendants Are Improper And Should Be Stricken. ..............- 18 -

      F.   The Complaint Seeks Improper Relief That Must be Stricken .........- 19 -

           1.   Plaintiff Has No Basis For Requesting a Constructive Trust...............- 19 -

           2.   Plaintiff's Request for Punitive Damages Must be Stricken.................- 20 -

V.    CONCLUSION .....................................................................................- 22 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Aiken v. Miller*,
   442 F. Supp. 628 (E.D. Cal. 1977) .................................................................... 10

*Alltrade, Inc. v. Uniweld Products, Inc.*,
   946 F.2d 622 (9th Cir. 1991) ................................................................... 7, 8, 10

*Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*,
   77 F.3d 364 (11th Cir. 1996) ............................................................................ 6

*Arrington v. Nat'l Broad. Co., Inc.*,
   531 F. Supp. 498 (D.D.C. 1982) ...................................................................... 15

*Bell Atlantic Corp. v. Twombly*,
   127 S. Ct. 1955 (2007) ...................................................................................... 5

*Bureerong v. Uvawas*,
   922 F. Supp. 1450 (C.D. Cal. 1996) ................................................................ 19

*Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*,
   498 U.S. 533, 111 S. Ct. 922 (1991) ............................................................... 13

*Czechowski v. Tandy Corp.*,
   731 F. Supp. 406 (N.D. Cal. 1990) ............................................................ 20, 21

*De Ascencio v. Tyson Foods, Inc.*,
   342 F.3d 301 (3rd Cir. 2003) .......................................................................... 15

*Eisen v. Carlisle & Jacquelin*,
   417 U.S. 156, 94 S. Ct. 2140 (1974) ............................................................... 10

*Everest & Jennings, Inc. v. Am. Motorists Ins. Co.*,
   23 F.3d 226 (9th Cir. 1994) .............................................................................. 5

*Flores v. Albertsons Inc.*,
   2003 U.S. Dist. LEXIS 26857 (C.D. Cal. 2003) ............................................. 16

*Gillespie v. Civiletti*,
   629 F.2d 637, 642 (9th Cir. 1980) ................................................................... 19

*Great-West Life & Annuity Ins. Co. v. Knudson*,
   534 U.S. 204 (2002) ........................................................................................ 20

*Hagen v. City of Winnemucca*,
   108 F.R.D. 61 (D. Nev. 1985) ......................................................................... 10

*Jackson v. San Antonio*,

PRICEWATERHOUSECOOPERS LLP'S MOTION FOR A
STAY; MOTION TO DISMISS; MOTION TO STRIKE;
AND MOTION FOR A MORE DEFINITE STATEMENT

**TABLE OF AUTHORITIES**
(continued)

Page

220 F.R.D. 55 (W.D. Tex. 2003) ............................................................... 15

*Jacobson* v. *Hughes Aircraft*,
105 F.3d 1288 (9th Cir. 1997) .................................................................. 5

*Jenkins* v. *McKeithen*,
395 U.S. 411 (1969) ................................................................................ 5

*Kamm* v. *Sugasawara*,
509 F.2d 205 (9th Cir. 1975) ................................................................... 6

*Kendall* v. *City of Chesapeake*,
174 F.3d 437 (4th Cir. 1999) ................................................................... 17

*Landis* v. *North American Co.*,
299 U.S. 248 (1934) ................................................................................ 7

*Lerwill* v. *Inflight Motion Pictures, Inc.*,
343 F. Supp. 1027 (N.D. Cal. 1972) ....................................................... 17

*Leuthold* v. *Destination America, Inc.*,
224 F.R.D. 462 (N.D. Cal. 2004) ............................................................ 16

*Madrigal* v. *Green Giant Co.*,
1981 U.S. Dist. LEXIS 15325 (E.D. Wash. July 27, 1981) ...................... 17

*McClain* v. *Leona's Pizzeria, Inc.*,
222 F.R.D. 574 (N.D. Ill. 2004) .............................................................. 16

*Mediterranean Enterprises, Inc.* v. *Sangyoung Corp.*,
708 F.2d 1458 (9th Cir. 1983) ................................................................. 7

*Miller* v. *Yokohama Tire Corp.*,
358 F.3d 616 (9th Cir. 2004) ................................................................... 19

*Moore* v. *Hughes Helicopters, Inc*,
708 F.2d 475 (9th Cir. 1983) ................................................................... 11

*Nettles* v. *Techplan Corp.*,
704 F. Supp. 95 (D.S.C. 1988) ................................................................ 17

*Newport Components* v. *NEC Home Electronics*,
671 F. Supp. 1525 (C.D. Cal. 1987) ........................................................ 21

*O'Connor* v. *Boeing N.A., Inc.*,
197 F.R.D. 404 (C.D. Cal. 2000) ............................................................ 10

*Pacesetter Systems, Inc.* v. *Medtronic, Inc.*,
678 F.2d 93 (9th Cir. 1982) ..................................................................... 7

1

**TABLE OF AUTHORITIES**
(continued)

2

Page

3

*Palmer v. Combined Ins. Co. of Am.*
  2003 U.S. Dist. LEXIS 2534 (N.D. Ill. Aug. 29, 2003)........................................................ 7

*Petras* v. *Johnson*,
  1993 U.S. Dist. LEXIS 8464 (S.D.N.Y. June 22, 1993)..................................................... 17

*Senter v. GM Corp.*,
  532 F.2d 511 (6th Cir. 1976)............................................................................................... 10

*Shea* v. *Galaxie Lumber & Construction Co.*,
  152 F.3d 729 (7th Cir. 1998)............................................................................................... 21

*Sidney-Vinstein* v. *A.H. Robins Co.*,
  697 F.2d 880 (9th Cir. 1983)................................................................................................. 6

*Smith & Hawken, LTD v. Gardendance, Inc., No. C 04-1664 SBA*,
  2004 U.S. Dist. LEXIS 22934 (N.D. Cal. Nov. 5, 2004).................................................... 21

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 *as amended by*, 275 F.3d 1187 (9th Cir. 2001)............................................... 5

*Tapley* v. *Lockwood Green Engineers, Inc.*,
  502 F.2d 559 (8th Cir. 1979)............................................................................................... 19

*In re Tetracycline*,
  107 F.R.D. 719 (W.D. Mo. 1985) ....................................................................................... 10

*Tombrello* v. *USX Corp.*,
  763 F. Supp. 541 (N.D. Ala. 1991) ..................................................................................... 17

*W. Mining Council* v. *Watt*,
  643 F.2d 618 (9th Cir. 1981)................................................................................................. 5

*In re Wal-Mart Stores, Inc.*,
  505 F. Supp. 2d 609 (N.D. Cal. 2007) ................................................................................ 21

*Walker* v. *Pettit Construction Co., Inc.*,
  605 F.2d 128 (4th Cir. 1979)............................................................................................... 21

*Warth* v. *Seldin*,
  422 U.S. 490 (1975)............................................................................................................... 6

*Wilkerson* v. *Butler*,
  229 F.R.D. 166 (E.D. Cal. 2005) .......................................................................................... 6

*Williams* v. *Trendwest Resorts, Inc.*,
  2007 U.S. Dist. LEXIS 62396 (D. Nev. Aug. 20, 2007)..................................................... 16

iv

# TABLE OF AUTHORITIES
## (continued)

Page

### STATE CASES

*Aubry* v. *Goldhor*,
201 Cal. App. 3d 399 (1988)..................................................................... 18, 19

*Calvao* v. *Superior Court (Klippert)*,
201 Cal. App. 3d 921 (1988)......................................................................... 19

*Cortez* v. *Purolator Air Filtration Products*,
23 Cal. 4th 163 (2000) ................................................................................. 18

*DeAnza Santa Cruz Mobile Estates Homeowners Assn'* v. *DeAnza Santa Cruz Mobile Estates*,
94 Cal. App. 4th 890 (2001)......................................................................... 20

*Farmers Ins. Exch.* v. *Superior Court*,
2 Cal. 4th 377 (1992) ................................................................................... 14

*Korea Supply Co.* v. *Lockheed Martin Corp.*,
29 Cal. 4th 1134 (2003) .......................................................................... 20, 21

*Murphy* v. *Kenneth Cole Productions, Inc.*,
40 Cal. 4th 1094 (2007) ............................................................................... 18

*Troensegaard* v. *Silvercrest Indus., Inc.*,
175 Cal. App. 3d 218 (1985) ........................................................................ 20

*Turnbull & Turnbull* v. *ARA Transp., Inc.*,
219 Cal. App. 3d 811 (1990) ........................................................................ 20

### DOCKETED CASES

*Campbell* v. *PricewaterhouseCoopers, LLP*
Case No. 06-CV-02376-LKK-GGH (E.D. Cal.)................................................. 2

### FEDERAL STATUTES

29 U.S.C. § 216(b) ......................................................................... 14, 15, 17
29 U.S.C. § 251(a)(7) ............................................................................ 15
29 U.S.C. §255(a) ......................................................................... 16, 17

Fed. R. Civ. P. 12(b)(6) .......................................................................... 5
Fed. R. Civ. P. 12(e)............................................................................... 6
Fed. R. Civ. P. 12(f) .......................................................................... 6, 19

Pub. L. No. 49, ch. 52, § 61 Stat. 84, 87 ..................................................... 15

### STATE STATUTES

**TABLE OF AUTHORITIES**
(continued)

Page

Cal. Bus. & Prof. Code §17208 ................................................................ 16

Cal. Civ. Proc. Code § 338 ...................................................................... 18
Cal. Civ. Proc. Code § 340 ...................................................................... 18

Cal. Lab. Code § 203 ............................................................................... 18

**OTHER AUTHORITIES**

Manual for Complex Litigation Third § 30.14 (1995) ............................... 10

Newberg on Class Actions, § 6.14 (3d ed. 1992) .................................... 13

5 Witkin Cal. Proc. Plead § 796 (4th ed.) ............................................... 19

## NOTICE OF MOTIONS AND MOTIONS

TO PLAINTIFF LAC ANH LE AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 22, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Maxine M. Chesney, Courtroom 7 on the 19th Floor of the above Court, at 450 Golden Gate Avenue, San Francisco, California, defendant PricewaterhouseCoopers LLP ("PwC") will and hereby does move to stay the instant action as to the California putative classes and California state law claims in light of a first-filed case in another district involving the same defendant, potential class members, and state law claims.

PLEASE TAKE FURTHER NOTICE that, at the time and place noted above, PwC will also and hereby does move the Court, pursuant to Fed. R. Civ. P. 12(b)(6), for an order dismissing the class allegations and claims in their entirety on the ground that the class definition is insufficient to state a claim upon which relief can be granted for any claim for relief pled in the Complaint, and for an order dismissing the Seventh Claim for Relief on the ground that Plaintiff cannot incorporate her Fair Labor Standards Act allegations into her Business & Professions Code Section 17200 claim. PwC will also and hereby does move the Court, pursuant to Fed. R. Civ. P. 12(e), for an order directing Plaintiff to file a more definite statement of her class definition on the ground that the proposed class definition is imprecise, vague, and ambiguous, and is insufficient to show the requisite ascertainable class. PwC will also and hereby does move the Court, pursuant to Fed. R. Civ. P. 12(f), for an order striking the class definition and all class allegations in the Complaint on the ground that the proposed class definition is imprecise, vague, and ambiguous; striking "Doe" defendants on the ground that it is improper; striking the Seventh Claim for Relief on the ground that it is improper; striking references to a four year class period on the ground that it is improper; and striking Plaintiff's Prayer for Relief as to her request for a constructive trust and for punitive damages on the ground that Plaintiff has no basis for such requests.

The motions are based on this Notice, the accompanying Memorandum of Points and Authorities, pleadings and papers on file in this action, any matter of which the Court may or must take judicial notice, any documentary evidence or oral argument given at the hearing on the

1  motion, and any other matter which the Court deems appropriate. The Motion for Stay is also

2  based upon the accompanying Request for Judicial Notice and Declaration of Victoria R.

3  Carradero, filed herewith.

**MEMORANDUM OF POINTS AND AUTHORITIES**

4

5  **I.    INTRODUCTION**

6          Defendant PricewaterhouseCoopers LLP ("PwC") requests a stay and further requests that

7  the Court grant its motions to dismiss, strike, and for a more definite statement. Plaintiff Lac Ahn

8  Le filed her Complaint on October 26, 2007, alleging that PwC violated the Fair Labor Standards

9  Act ("FLSA") on a nationwide basis, and violated California Labor Code provisions by failing to

10 provide overtime compensation, meal and rest periods, accurate wage and hour statements, and

11 wages due upon termination of employment within California. Plaintiff seeks restitution for wage

12 deductions and waiting time penalties, imposition of a constructive trust, an injunction,

13 compensatory and punitive damages, prejudgment interest, and attorneys' fees and costs.

14         However, Plaintiff's California state law allegations are already pending in another district

15 court in a case involving the same defendant and same potential class members. *See Campbell v.*

16 *PricewaterhouseCoopers, LLP*, Eastern District of California, Case No. 06-CV-02376-LKK-

17 GGH (the "*Campbell* case"). In the *Campbell* case, plaintiffs also assert claims on behalf of a

18 proposed class of employees who are apparently the same as those encompassed here (*i.e.*, current

19 and former "Associates of Defendant in the State of California" within four years prior to the

20 filing of this action, *see* Complaint, ¶ 6),[1] assert nearly all of the same substantive state law

21 claims[2] and seek substantially the same remedies. Several motions have already been filed in the

22 Campbell case, including a pending Motion for Class Certification, and great time and expense

23 has already gone into the *Campbell* litigation.

24 _____

25 [1] Campbell purported to represent a class defined as "All non-licensed associate accountants employed by
   Defendant in the State of California from October 27, 2002 to the present."

26 [2] The Second Amended Class Action Complaint in the *Campbell* case asserts six claims for relief: (1)
   violation of Labor Code §§ 510 and 1194 for failure to pay overtime; (2) violation of Labor Code §§ 512

27 and 226.7 for failure to provide meal periods; (3) violation of Labor Code § 226.7 for failure to provide
   rest periods; (4) violation of Labor Code §§ 226 and 1174 for failure to provide itemized employee wage

28 statements; (5) violation of Labor Code § 203 for waiting time penalties; and (6) violation of Business &
   Professions Code §§ 17200 *et seq.* for unfair business practices.

1    Because a putative class action involving the same parties and the same substantive state

2    law issues is currently being litigated in another district court, this Court should, at a minimum,

3    stay this action as to the California state law claims based on the first-to-file rule.  As explained

4    more fully below, district courts have wide discretion to stay later-filed actions in order to avoid

5    duplicative proceedings.  In deciding whether to apply the first-to-file rule, courts look at the

6    chronology of the cases and whether the parties and issues of the two cases are substantially

7    similar.  All of these grounds are easily satisfied as the *Campbell* case was filed first and both

8    actions appear to involve the same parties (PwC and certain Associates of PwC in California), are

9    based on the same transaction (the alleged failure to pay wages), and involve the same

10   fundamental issue (whether the wage violations occurred).  In light of these issues, the Court

11   must, at a minimum, stay this action pending the resolution of the first-filed *Campbell* case.

12       In addition, Plaintiff's complaint does not meet the ascertainability requirement for a class

13   action.  The proposed class definition is so ambiguous and unascertainable that PwC cannot

14   reasonably determine who is included within it, and PwC and this Court are improperly left to

15   guess which employees are supposedly included in Plaintiff's class definition.  Identifying the

16   specific job title and line of service or work group at issue in this litigation should not be difficult

17   for Plaintiff, particularly since she is claiming to be an adequate representative for employees in

18   these unspecified job titles.  This Court should require plaintiff to satisfy this very basic pleading

19   requirement of specifying all of the job titles in her proposed class.

20       The Court should also dismiss Count Seven of Plaintiff's Complaint under Business &

21   Professions Code Section 17200 because, as a matter of law, the claim improperly attempts to

22   circumvent the FLSA's statute of limitations and opt-in collective action procedure.  The

23   extended statute of limitations and opt-out procedure that Plaintiff seeks to use through Section

24   17200 violate Congress's express intent to limit the scope of FLSA claims.  Additionally,

25   Plaintiff's proposed four-year class period for claims which have a shorter statute of limitations is

26   clearly improper.  Plaintiff is also not allowed to assert claims against "Doe" defendants under

27   federal pleading rules.

28       Finally, PwC moves to strike portions of Plaintiff's Prayer for Relief.  Plaintiff has not

1  pled any claim that could support a constructive trust, and as a matter of law, Plaintiff cannot

2  show that any of the grounds for establishing a constructive trust exist.  Further, Plaintiff has no

3  punitive damages claim under any of her claims for relief.  Therefore, this Court should strike

4  Plaintiff's requests for imposition of a constructive trust and for punitive damages.

5  **II.    ALLEGATIONS OF THE COMPLAINT**

6          Plaintiff purports to bring this action on behalf of herself and all others similarly situated,

7  which she has defined as follows:  "All current and former Associates who work(ed) for

8  Defendant and are/were engaged in, or are/were training to be engaged in, Client Services and

9  elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) ("Nationwide Collective

10  Class)."  Complaint, ¶ 5.  For her California state law claims, Plaintiff seeks certification on

11  behalf of two subclasses: (1) "All current Associates of Defendant in the State of California

12  within four years prior to the filing of this action, up to and including the time this action is

13  certified as a class action, and are engaged in providing Client Services ("CA Class A");" and (2)

14  "All former Associates of Defendant in the State of California at any time within four years prior

15  to the filing of this action, up to and including the time this action is certified as a class action,

16  and were engaged in providing Client Services ("CA Class B")."  Complaint, ¶ 6.  Together, CA

17  Class A and CA Class B comprise Plaintiff's "CA Classes."

18          Plaintiff defines "Associates" as "accountants, auditors and/or consultants who provided

19  audit, tax risk management and other client services (collectively "Client Services") on behalf of

20  PricewaterhouseCoopers LLP, or any parent, subsidiary, related, or successor companies

21  (collectively, "PwC" and/or the "Company"), and are/were not licensed as Certified Public

22  Accountants[.]"  Complaint, ¶ 2.

23          Plaintiff asserts the following seven Counts in her Class Action Complaint: (1) willful

24  failure to pay overtime wages under the FLSA, on behalf of herself and the Nationwide

25  Collective Class; (2) failure to pay overtime wages under Cal. Lab. Code § 510(a), on behalf of

26  herself and the CA Classes; (3) failure to provide meal periods under Cal. Lab. Code § 512(a), on

27  behalf of herself and the CA Classes; (4) failure to provide rest periods under Cal. Lab. Code §

28  226.7, on behalf of herself and the CA Classes; (5) failure to pay all wages due under Cal. Lab.

1    Code §§ 201 and 202, on behalf of herself and CA Class B; (6) failure to provide wage statements

2    as required by Cal. Lab. Code § 226(a), on behalf of the CA Classes; and (7) unfair competition

3    under Bus. & Prof. Code § 17200 et seq., on behalf of the CA Classes.  Thus, the first Count

4    includes the proposed Nationwide Collective Class and Counts Two through Seven are California

5    state law claims alleged only on behalf of the proposed California Classes.

6    **III.    LEGAL STANDARDS**

7        **A.    Standard for Granting a Motion to Dismiss Under Rule 12(b)(6)**

8            Under Federal Rule of Civil Procedure 12(b)(6), "factual allegations must be enough to

9    raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct.

10   1955, 1965 (2007), abrogating *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99 (1957), and citing with

11   approval 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed.

12   2004) ("The pleading must contain something more ... than ... a statement of facts that merely

13   creates a suspicion [of] a legally cognizable right of action").  "[A] plaintiff's obligation to

14   provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and

15   a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 1964-65.

16           For purposes of a motion to dismiss, the complaint is construed in a light most favorable

17   to the plaintiff and all properly pleaded factual allegations are taken as true.  *Jenkins v.*

18   *McKeithen*, 395 U.S. 411, 421 (1969);  *Everest & Jennings, Inc. v. Am. Motorists Ins. Co.*, 23

19   F.3d 226, 228 (9th Cir. 1994).  Although all reasonable inferences are to be drawn in favor of the

20   plaintiff, *Jacobson v. Hughes Aircraft*, 105 F.3d 1288, 1296 (9th Cir. 1997), the Court should not

21   accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual

22   allegations.  *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *see also Miranda v.*

23   *Clark County, Nev.*, 279 F.3d 1102, 1106 (9th Cir. 2002) ("[C]onclusory allegations of law and

24   unwarranted inferences will not defeat a motion to dismiss for failure to state a claim."); *Sprewell*

25   *v. Golden State Warriors*, 266 F.3d 979, 987 *as amended by*, 275 F.3d 1187 (9th Cir. 2001) ("Nor

26   is the court required to accept as true allegations that are merely conclusory, unwarranted

27   deductions of fact, or unreasonable inferences.").

28

**B.**     **Standard for Granting a Motion for a More Definite Statement Under Rule 12(e)**

Under Federal Rule of Civil Procedure 12(e), the Court has broad discretion to order Plaintiff to provide a more definite statement where the complaint is "so vague or ambiguous" that PwC "cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). Trial courts have broad discretion to require amendment of the complaint to provide additional detail. *Warth v. Seldin*, 422 U.S. 490, 501-502 (1975). An order for a more definite statement serves the Court's and the parties' interests because, "[u]nless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996) (finding trial court should have instructed plaintiff's counsel to provide more definite statement).

**C**

1    class certification under Rule 23 (opt-out) instead of the FLSA Section 216(b) (opt-in).

2    **1.    Plaintiff Cannot Circumvent the FLSA's Opt-In Procedure**

3    The FLSA explicitly provides that, to join a collective action, an employee must "give …

4    consent in writing to become … a party" and file his consent "in the court in which such action is

5    brought." 29 U.S.C. § 216(b). Congress designed the opt-in mechanism to limit FLSA plaintiffs

6    to employees who affirmatively assert claims against their employer, and to "curb the number of

7    [representative] lawsuits." *De Ascencio v. Tyson Foods, Inc.*, 342 F.3d 301, 306 (3rd Cir. 2003).

8    Indeed, the title assigned to the Act containing the opt-in provisions was "Representative Actions

9    Banned, Portal-to-Portal Act of 1947." Pub. L. No. 49, ch. 52, § 61 Stat. 84, 87 (codified at 29

10   U.S.C. § 251(a)(7)) (emphasis added). In passing the legislation containing Section 216(b),

11   Congress explained that if FLSA actions were opt-out rather than opt-in, "the courts of the

12   country would be burdened with excessive and needless litigation." *Id.* at pt. 1 § 1(a)(7).

13   Employers would be faced with "vast allegations of liability . . . brought on behalf of employees

14   who had no real involvement in, or knowledge, of the lawsuit." *Arrington v. Nat'l Broad. Co.,*

15   *Inc.*, 531 F. Supp. 498, 501 (D.D.C. 1982) (analyzing FLSA's legislative history).

16   In Plaintiff's seventh claim, she defies Congress's express intent to limit substantive

17   FLSA actions. Plaintiff seeks to represent persons who have no involvement in the case and

18   perhaps even those who would affirmatively choose not to opt-in to the FLSA collective action.

19   If Plaintiff is allowed to go forward though this method, she can use Section 17200 to drag in

20   California class members who otherwise would have specifically chosen to not opt-in to this

21   lawsuit and require them to instead take affirmative steps to opt-out.

22   Permitting Plaintiff via a Section 17200 claim to bring all California employees into an

23   FLSA-based claim, including those California employees who chose not opt in to the FLSA

24   action when given the opportunity, would "flaunt the Congressional intention that FLSA claims

25   proceed as an opt-in scheme." *Jackson v. San Antonio*, 220 F.R.D. 55, 60 (W.D. Tex. 2003)

26   (declining supplemental jurisdiction over state-law class action claims where only 11 percent of

27   putative plaintiffs opted-in to FLSA claims); *see also De Ascencio*, 342 F.3d at 310 (reversing

28   district court's exercise of supplemental jurisdiction over state-law wage claims where only 10

1    percent of putative class opted-in to FLSA claim).

2          As recognized by courts in this Circuit, the "policy behind requiring FLSA plaintiffs to

3    opt in to the class would largely 'be thwarted if a plaintiff were permitted to back door the

4    shoehorning in of unnamed parties through the vehicle of calling upon similar . . . statutes that

5    lack such an opt-in requirement.'" *Leuthold v. Destination America, Inc.*, 224 F.R.D. 462, 470

6    (N.D. Cal. 2004) (citation omitted); *Williams v. Trendwest Resorts, Inc.*, No. 2:05-CV-0605-RCJ-

7    LRL, 2007 U.S. Dist. LEXIS 62396, at *11 (D. Nev. Aug. 20, 2007) ("It would be inappropriate

8    to permit Plaintiffs' attempt to circumvent the restrictive opt-in requirements of the FLSA by

9    utilizing the borrowing statute of California Business and Professions Code Section 17200.").

10   Plaintiff's attempt to turn an opt-in FLSA claim into an opt-out class action violates Congress's

11   express intent to keep FLSA claims from turning into representative actions in which class

12   members do not have to affirmatively state their intent to join.

13                    **2.      Plaintiff Cannot Extend the FLSA's Statute of Limitations**

14         Through her Section 17200 claim, Plaintiff also seeks an end run-around the FLSA statute

15   of limitations.  Congress limited relief under the FLSA to a two-year period, or three years for a

16   "willful" violation.  29 U.S.C. §255(a).  In contrast, Section 17200 is governed by a four-year

17   statute of limitations.  Cal. Bus. & Prof. Code §17208.  Plaintiff's attempt to extend the FLSA

18   statute of limitations also violates Congress's express intent to limit the scope of FLSA claims.

19   *McClain v. Leona's Pizzeria, Inc.*, 222 F.R.D. 574, 578 (N.D. Ill. 2004) (finding that certifying an

20   opt-in class for state-law wage and hour claims with longer statutes of limitations than the FLSA

21   would "[fly] in the face of Congress's express intent to limit the scope of [FLSA collective]

22   actions in federal court").

23                    **3.      Congress Intended for the FLSA to be an Exclusive Remedy for**
24                    **Substantive FLSA Violations**

25         Congress intended for the FLSA to be an "exclusive remedy" for a substantive FLSA

26   violation; therefore, this Court should not permit Plaintiff to use Section 17200 as a remedy for

27   substantively identical FLSA claims.  *See, e.g., Flores v. Albertsons Inc.*, No. CV01-00515PA

28   (SHx), 2003 U.S. Dist. LEXIS 26857, *18-20 (C.D. Cal. 2003) (dismissing plaintiffs' negligence

OHS West:260359165.3                    - 16 -                    PRICEWATERHOUSECOOPERS LLP'S MOTION FOR A STAY;
                                                                 MOTION TO DISMISS; MOTION TO STRIKE; AND MOTION FOR
                                                                 A MORE DEFINITE STATEMENT

1  claims, which were "nothing more than additional legal theories" to recover federal wage and

2  hour damages, because allowing the claims to proceed would circumvent Congress's intent for

3  FLSA to be an exclusive remedy); *Madrigal v. Green Giant Co.*, No. C-78-157, 1981 U.S. Dist.

4  LEXIS 15325, *7-9 (E.D. Wash. July 27, 1981) (analyzing legislative history and concluding that

5  only the FLSA should be used as a remedy to enforce FLSA violations); *Lerwill v. Inflight*

6  *Motion Pictures*, Inc., 343 F. Supp. 1027, 1029 (N.D. Cal. 1972) (explaining Congress's intent

7  for the FLSA to provide the "sole remedy available to the employee for enforcement of whatever

8  rights he may have under the FLSA") *cited with approval in Platt v. Burroughs Corp. et al*, 424

9  F. Supp. 1329, 1340 (E.D. Pa. 1976)).[5] Indeed, permitting Plaintiff to use section 17200 as a

10  vessel for her FLSA claims would violate Congress's express intent by extending the FLSA's

11  statute of limitations and confounding its opt-in procedure.

12       Plaintiff fail to state a claim upon which relief can be granted because, as a matter of law,

13  the FLSA provides the sole remedy for the substantive wage and hour violations she alleges.

14  Plaintiff cannot avoid Congress's prescribed statute of limitations and opt-in mechanism for

15  FLSA actions by bringing what is substantively an FLSA action through Section 17200.

16  Accordingly, this Court should dismiss Plaintiff's seventh claim for relief with prejudice or strike

17  any attempt by Plaintiff to incorporate FLSA allegations into her Section 17200 claim.

18       **D.    The Four-Year Class Period Is Improper**

19       Plaintiff purports to represent "Associates" in California during a four year period for all

20  of her claims.  Complaint, ¶ 6.  This is improper because only one of her seven claims has a four

21  year statute of limitations, and PwC moves to strike all references to a four-year class period from

22  Counts One through Six.  *See* Complaint, ¶¶ 6 ("four years"); 48, 55, 61, 64, 68, and 70

23  _____

24  [5] *See also Kendall v. City of Chesapeake*, 174 F.3d 437, 439, 443 (4th Cir. 1999) (finding that Congress
clearly intended for the "unusually elaborate" procedure and remedies of FLSA to preclude the use of
Section 1983 to protect overtime rights secured by Congress); *Nettles v. Techplan Corp.*, 704 F. Supp. 95, 100
25  (D.S.C. 1988) (granting summary judgment on claim covered by the FLSA which "clearly […] govern[s]
the ability of plaintiff to recover overtime wages"); *Petras v. Johnson*, 1993 U.S. Dist. LEXIS 8464, *4
26  (S.D.N.Y. June 22, 1993) (dismissing state fraud claims and noting that courts have "consistently found"
that FLSA's Section 216(b) provides the "exclusive remedy" for enforcing rights created under FLSA);
27  *Tombrello v. USX Corp.*, 763 F. Supp. 541, 545 (N.D. Ala. 1991) (holding that plaintiff could not
"circumvent the exclusive remedy prescribed by Congress by asserting equivalent state law claims in
addition to [an] FLSA claim") *cited with approval in Roman v. Maietta Constr., Inc.*, 147 F.3d 71,76 (1st
28  Cir. 1998) *and Saunders v. Hunter*, 980 F. Supp. 1236, 1245 (M.D. Fla. 1997).

1    (incorporating by reference allegations in the previous paragraphs of the Complaint).  Plaintiff's

2    first claim for relief for violation of the FLSA has a two-year statute of limitations, or three years

3    for a "willful" violation.  29 U.S.C. § 255(a).  Plaintiff's second claim, in which she seeks

4    allegedly unpaid overtime wages under the California Labor Code, has a three-year statute of

5    limitations.  *Aubry v. Goldhor*, 201 Cal. App. 3d 399, 404 n.4 (1988) (statute of limitations period

6    for overtime wages has three-year statute of limitations; *see also* Cal. Civ. Proc. Code § 338

7    (providing three-year statute of limitations for action upon liability created by statute).  Similarly,

8    Plaintiff's third and fourth claims for meal and rest breaks under Labor Code Section 226.7 have

9    a three-year statute of limitations.  *Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal. 4th 1094

10   (2007).  Plaintiff's fifth claim for waiting time penalties under Labor Code Section 203 has a three

11   year statute of limitations.  *See* Labor Code §203.   Plaintiff's sixth claim for violation of the

12   itemized wage statement statute has a one-year statute of limitations.  *See* Cal. Civ. Proc. Code §

13   340 (providing that an action upon a statute for a penalty must be brought within one year).

14         However, Plaintiff's seventh claim for relief under Business & Professions Code Section

15   17200, in which she seeks restitution of allegedly unpaid overtime wages (as well as improper

16   non-equitable remedies), has a four-year statute of limitations.  *Cortez v. Purolator Air Filtration*

17   *Products*, 23 Cal. 4th 163, 179 (2000) (noting different statute of limitations for claims brought

18   under Labor Code and claims under Section 17200).  Simply alleging a Section 17200 claim as

19   one of her seven claims for relief does not permit Plaintiff to expand the applicable statute of

20   limitations for all of the other six claims for relief brought under different statutes.

21         For these reasons, Plaintiff cannot purport to represent a four year class period for all of

22   her claims.  Accordingly, the paragraphs or portions of the Complaint that improperly seeks to

23   expand the potential class period for Counts One through Six, and/or incorporating by reference

24   all prior allegations into each Count, must be stricken.  *See* Complaint, ¶¶ 6, 48, 55, 61, 64, 68,

25   and 70.

26         E.    **"Doe" Defendants Are Improper And Should Be Stricken.**

27         Plaintiff's allegations purporting to assert claims against "Does 1-10" as defendants in this

28   action must be stricken because use of "Doe" defendants is improper under the federal pleading

1  rules.  *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (use of "Doe" to identify

2  defendants improper except in special circumstances, such as where the identity of a specific

3  individual is not known at time of filing).  Paragraph 4 alleges facts related to such fictitious

4  defendants and is therefore irrelevant and should be stricken.  Fed. R. Civ. P. 12(f).

5      **F.      The Complaint Seeks Improper Relief That Must be Stricken**

6          Federal Rule of Civil Procedure 12(f) vests the trial court with authority to strike any

7  "redundant, immaterial, impertinent, or scandalous matter" from any pleading.  Prayers for relief

8  are subject to a motion to strike when they seeks damages unrecoverable as a matter of law.  *See*

9  *Tapley v. Lockwood Green Engineers, Inc.,* 502 F.2d 559, 560 (8th Cir. 1979); *Bureerong v.*

10  *Uvawas,* 922 F. Supp. 1450, 1479 n.34 (C.D. Cal. 1996).  Here, the Court should strike Plaintiff's

11  improper requests for imposition of a constructive trust and for punitive damages.

12      **1.      Plaintiff Has No Basis For Requesting a Constructive Trust**

13          The Court should strike Plaintiff's request for imposition of a constructive trust in her

14  Prayer for Relief because Plaintiff has no basis for such a request.  *See* Prayer for Relief, ¶E.  To

15  assert constructive trust as a remedy, Plaintiff must plead "fraud, breach of fiduciary duty, breach

16  of promise to buy property for plaintiff, or repudiation of [an] unenforceable express trust."  5

17  Witkin Cal. Proc. Plead § 796 (4th ed.).  Plaintiff has not pled that PwC defrauded her, nor has

18  Plaintiff pled that PwC owed her a fiduciary duty.  In any event, Plaintiff cannot properly allege a

19  fiduciary duty because no such duty exists between employers and employees under California

20  law.  *See Calvao v. Superior Court (Klippert),* 201 Cal. App. 3d 921, 923 (1988) ("There is no

21  confidential or fiduciary relationship in this [employment contract] context").  Indeed, "[n]o

22  presumption of a confidential relationship arises from the bare fact that parties to a contract are

23  employer and employee; rather, additional ties must be brought out in order to create the

24  presumption of a confidential relationship between the two."  *Miller v. Yokohama Tire Corp.,* 358

25  F.3d 616, 621 (9th Cir. 2004) (holding that a fiduciary relationship did not exist between

26  employer and employee and that an employee's fraud claim could not rest on the employee-

27  employer relationship).  Finally, Plaintiff has not alleged, and there is no basis upon which she

28  can allege, that PwC breached a promise to buy property from her or that PwC repudiated an

1    unenforceable express trust.  Thus, Plaintiff has not pled any claim that could support a

2    constructive trust, and as a matter of law, Plaintiff cannot show that any of the grounds for

3    establishing a constructive trust exist.

4          Moreover, to create a constructive trust, there must also be a *res*, an "identifiable kind of

5    property or entitlement in defendant's hands."  *Korea Supply Co. v. Lockheed Martin Corp.*, 29

6    Cal. 4th 1134, 1150 (2003).  As explained by the Supreme Court, a constructive trust requires

7    "money or property identified as belonging in good conscience to the plaintiff [that can] *clearly*

8    *be traced to particular funds or property* in the defendant's possession."  *Great-West Life &*

9    *Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213 (2002) (emphasis added).  Plaintiff has not

10   specifically identified any *res* to be placed in a constructive trust held by PwC for Plaintiff's

11   benefit, nor can she do so, since she is seeking general damages.  For all of these reasons, the

12   Court should strike Paragraph E of Plaintiff's Prayer for Relief.

13          **2.      Plaintiff's Request for Punitive Damages Must be Stricken**

14          The Court should strike Plaintiff's request for punitive damages because none of the

15   claims asserted support the imposition of punitive damages.  *See* Prayer for Relief ¶ G.

16          Where a right is created by statute and the statute does not expressly permit punitive

17   damages, punitive damages under California Civil Code section 3294 are not available.

18   Therefore, Plaintiff's second through sixth claims for relief asserting California statutory claims

19   do not permit the recovery of punitive damages.  *See Turnbull & Turnbull v. ARA Transp., Inc.*,

20   219 Cal. App. 3d 811, 826-27 (1990) ("when a new right . . . is created by statute and a statutory

21   remedy for the infringement thereof is provided, such remedy is exclusive of all others") (citing

22   *Orloff v. L.A. Turf Club*, 30 Cal. 2d 110, 112-13 (1947)); *DeAnza Santa Cruz Mobile Estates*

23   *Homeowners Assn' v. DeAnza Santa Cruz Mobile Estates*, 94 Cal. App. 4th 890, 916 (2001)

24   (where right sued upon is a creature of statute, the remedy provided in the statute is exclusive of

25   all other damages, including punitive damages); *see also Czechowski v. Tandy Corp.*, 731 F.

26   Supp. 406, 410 (N.D. Cal. 1990) (penalty provision provided by Labor Code precludes award of

27   punitive damages and punitive damages are not available for claim under section 17200);

28   *Troensegaard v. Silvercrest Indus., Inc.*, 175 Cal. App. 3d 218, 228 (1985) (striking punitive

1   damages award based on duplicity of penalty: "We are of the opinion that had the Legislature, by

2   Civil Code sections 3294 (permitting punitive damages) and 1794 (permitting a civil penalty),

3   intended a double recovery of punitive and penal damages for the same . . . acts, it would in some

4   appropriate manner have said so.") (internal emphases omitted).

5         Plaintiff's two remaining claims – under the FLSA (Count One) and under

6   Business and Professions Code section 17200 (Count Seven) – likewise fail to support

7   Plaintiff's punitive damages claim.  Punitive damages are unavailable in FLSA actions

8   seeking unpaid wages.  *See e.g.*, *Shea v. Galaxie Lumber & Construction Co.*, 152 F.3d

9   729, 734 (7th Cir. 1998) (punitive damages available for FLSA § 215(a)(3) retaliation

10  claim but not § 207 overtime pay claims); *Walker v. Pettit Construction Co., Inc.*, 605

11  F.2d 128, 130 (4th Cir. 1979) (punitive damages unavailable for FLSA claims).  Punitive

12  damages are also not available for section 17200 claims.  *Czechkowski*, 731 F. Supp. at

13  410; *see also Smith & Hawken, LTD v. Gardendance, Inc.*, No. C 04-1664 SBA, 2004

14  U.S. Dist. LEXIS 22934, at *31-32 (N.D. Cal. Nov. 5, 2004) (citing *Czechkowski* and

15  ruling that punitive damages are not available under § 17200); *Newport Components v.*

16  *NEC Home Electronics*, 671 F. Supp. 1525, 1550-51 (C.D. Cal. 1987) ("because

17  plaintiffs are limited to equitable relief including restitution, their claims for

18  compensatory or punitive damages [under Business & Professions Code § 17203] must

19  be dismissed with prejudice."); *In re Wal-Mart Stores, Inc.*, 505 F. Supp. 2d 609, 620

20  (N.D. Cal. 2007) ("Indeed, it is settled law that punitive damages are not available under

21  section 17200."); *Korea Supply Co.*, 29 Cal. 4th at 1148 ("While the scope of conduct

22  covered by the UCL is broad, its remedies are limited. A UCL action is equitable in

23  nature; damages cannot be recovered. . . . We have stated that under the UCL,

24  '[p]revailing plaintiffs are generally limited to injunctive relief and restitution.'") (internal

25  citations omitted).

26        Accordingly, there is no basis for punitive damages under any viable claim asserted in

27  Plaintiff's Complaint.  The Court must strike Plaintiff's requests for punitive damages set forth in

28  Paragraph G of the Prayer for Relief.

## V.    **CONCLUSION**

For the reasons stated above, PwC requests that this Court stay all California claims in the instant action pending the resolution of the first-filed *Campbell* case.  Further, due to Plaintiff's imprecise, vague, and ambiguous class definition, PwC requests that the Court dismiss the Complaint, strike the class definition and all class allegations in the Complaint, or order that Plaintiff provide a more definite class definition.  The Court should also grant PwC's motion to dismiss Count Seven of Plaintiff's Complaint because the claim improperly attempts to circumvent the FLSA's statute of limitations and opt-in procedure.  Finally, the Court should strike all references to a four year class period and "Doe" defendants, as well as Plaintiff's request for a constructive trust and for punitive damages.


Dated: January 18, 2008

LYNNE C. HERMLE
JOSEPH C. LIBURT
ORRICK, HERRINGTON & SUTCLIFFE LLP


/s/
JOSEPH C. LIBURT
Attorneys for Defendant
PRICEWATERHOUSECOOPERS LLP