1  LYNNE C. HERMLE (STATE BAR NO. 99779)
   lchermle@orrick.com
2  JOSEPH C. LIBURT (STATE BAR NO. 155507)
   jliburt@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
4  Menlo Park, CA 94025
   Telephone:   650-614-7400
5  Facsimile:   650-614-7401

6  Attorneys for Defendant
   PRICEWATERHOUSECOOPERS LLP
7
   ALAN R. PLUTZIK (STATE BAR NO. 077785)
8  2125 Oak Grove Road, Suite 120
   Walnut Creek, CA 94598
9  Telephone:   (925) 945-0770
   Facsimile:   (925) 945-8792
10
   JOSEPH H. MELTZER
11 GERALD D. WELLS, III
   ROBERT J. GRAY
12 ROBERT W. BIELA
   SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP
13 280 King of Prussia Road
   Radnor, PA 19087
14 Telephone:   (610) 667-7706
   Facsimile:   (610) 667-7056
15
   EDWARD WYNNE (STATE BAR NO. 165819)
16 WYNNE LAW FIRM
   100 Drakes Landing Road
17 Greenbrae, CA 94904
   Telephone:   (415) 461-6400
18 Facsimile:   (415) 461-3900

19                    UNITED STATES DISTRICT COURT

20                   NORTHERN DISTRICT OF CALIFORNIA

21                        SAN FRANCISCO DIVISION

| | |
|---|---|
| 22  LAC ANH LE, on behalf of herself and all other similarly situated, | Case No. C07-05476 MMC |
| 23  Plaintiff, | JOINT CASE MANAGEMENT STATEMENT |
| 24  v. | Date:  February 1, 2008 |
| 25  PRICEWATERHOUSECOOPERS LLP; and DOES 1 through 10, inclusive, | Time:  10:30 a.m. Dept:  7 |
| 26  Defendant. | Judge: Hon. Maxine M. Chesney |

Plaintiff Lac Anh Le ("Plaintiff") and Defendant PricewaterhouseCoopers LLP ("PwC"), jointly submit this Case Management Statement and Proposed Order pursuant to Federal Rules of Civil Procedure, Rule 26(f) and Civil Local Rule 16-9, and request that the Court adopt it as its Case Management Order in this case.

## I. JURISDICTION AND SERVICE

This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 201 et seq. and 28 U.S.C. § 1331. This Court also has original jurisdiction over all the claims in this action pursuant to 28 U.S.C. § 1332(d) and supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims.

Defendant PwC has been served with the Complaint. There are no parties remaining to be served at this time.

## II. FACTS AS ALLEGED IN THE COMPLAINT

Plaintiff is a former associate of PricewaterhouseCoopers LLP ("PwC") whose allegations are predicated upon the claim that she, and others as defined in her Complaint, were misclassified as "exempt" employees by PwC and, as such, are entitled to overtime compensation. Complaint, ¶ 15. Plaintiff purports to bring this action on behalf of herself and all others similarly situated nationwide, which she has defined as follows: "All current and former Associates who work(ed) for Defendant and are/were engaged in, or are/were training to be engaged in, Client Services and elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) ("Nationwide Collective Class")." Complaint, ¶ 5. For her California state law claims, Plaintiff seeks certification on behalf of two subclasses: (1) "All current Associates of Defendant in the State of California within four years prior to the filing of this action, up to and including the time this action is certified as a class action, and are engaged in providing Client Services ("CA Class A");" and (2) "All former Associates of Defendant in the State of California at any time within four years prior to the filing of this action, up to and including the time this action is certified as a class action, and were engaged in providing Client Services ("CA Class B")." Complaint, ¶ 6. Together, CA Class A and CA Class B comprise Plaintiff's "CA Classes."

Plaintiff defines "Associates" as "accountants, auditors and/or consultants who provided audit, tax risk management and other client services (collectively "Client Services") on behalf of PricewaterhouseCoopers LLP, or any parent, subsidiary, related, or successor companies (collectively, "PwC" and/or the "Company"), and are/were not licensed as Certified Public Accountants[.]" Complaint, ¶ 2.

Plaintiff asserts the following seven Counts in her Class Action Complaint: (1) willful failure to pay overtime wages under the FLSA, on behalf of herself and the Nationwide Collective Class; (2) failure to pay overtime wages under Cal. Lab. Code § 510(a), on behalf of herself and the CA Classes; (3) failure to provide meal periods under Cal. Lab. Code § 512(a), on behalf of herself and the CA Classes; (4) failure to provide rest periods under Cal. Lab. Code § 226.7, on behalf of herself and the CA Classes; (5) failure to pay all wages due under Cal. Lab. Code §§ 201 and 202, on behalf of herself and CA Class B; (6) failure to provide wage statements as required by Cal. Lab. Code § 226(a), on behalf of herself and the CA Classes; and (7) unfair competition under Bus. & Prof. Code § 17200 et seq., on behalf of herself and the CA Classes.

PwC vigorously denies that it misclassified Plaintiff and members of her defined class as exempt. PwC further denies that this matter is suitable for adjudication as a class or collective action.

### III. LEGAL ISSUES

Plaintiff's Class Action Complaint sets forth the following legal issues:

- Whether PwC violated alleged overtime obligations pursuant to the FLSA, and if so, whether such violations were willful.
- Whether PwC violated alleged overtime obligations under Cal. Lab. Code § 510(a).
- Whether PwC violated alleged obligations to provide meal periods under Cal. Lab. Code § 512(a).
- Whether PwC violated alleged obligations to provide rest breaks under Cal. Lab. Code § 226.7.

OHS West:260374666.1
1016184.1

- Whether PwC violated obligations to pay all wages due under Cal. Lab. Code §§ 201 and 202.
- Whether PwC violated obligations to provide wage statements as required by Cal. Lab. Code § 226(a).
- Whether PwC engaged in unfair competition under Bus. & Prof. Code § 17200 et seq.

The outcome of PwC's pending motions, as defined in Section IV (B) herein, may impact the legal issues involved in this case. Accordingly, PwC believes it is premature to make a determination of the legal issues involved in this matter until the Court has had a chance to rule on its pending motions. At a minimum, the following legal issues are likely to be involved in this case:

- Whether Plaintiff can satisfy the requirements for certification of a class pursuant to Federal Rule of Civil Procedure 23.
- Whether Plaintiff can satisfy the requirements for certification of a collective action pursuant to the Fair Labor Standards Act.
- Whether the California claims should be stayed in light of related claims in other pending litigation.
- Whether Plaintiff, and potentially others, were properly classified as exempt from overtime requirements.

Plaintiff does not believe that legal issues raised in this case should be placed on hold until the Court rules on Defendant's pending motion.

## IV.  MOTIONS

### A.  Prior Motions

There are no prior motions in this case.

### B.  Pending Motions

Currently pending before the Court is PwC's:

- Motion for a Stay as to the California putative classes and California state law

OHS West:260374666.1
1016184.1

claims;

- Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6);
- Motion to Strike pursuant to Fed. R. Civ. P. 12(f); and
- Motion for More Definitive Statement pursuant to Fed. R. Civ. P. 12(e).

These motions were filed on January 14, 2008. Plaintiff contests Defendant PwC's Pending Motions, and intends to file briefs in opposition thereof. Pursuant to a Stipulation and Order, the hearing date on these Motions is March 7, 2008.

### C. Anticipated Motions

- Plaintiff plans to move for conditional class certification under Section 216(b) of the FLSA on April 18, 2008;
- If the Court denies PwC's Motion for a Stay as to the California putative classes and California state law claims, Plaintiff plans to move for class certification of the California classes on June 13, 2008;
- PwC plans to request an extended briefing schedule for its oppositions to Plaintiff's planned class certification motions. An extended briefing period is necessary because in order for PwC to have a fair opportunity to respond to such motions, PwC will need to depose declarants used by Plaintiff in support of her class certification motions. This schedule can be set at the case management conference or by agreement of the parties.
- PwC anticipates moving to decertify the FLSA collective action if conditional certification is granted;
- PwC anticipates moving for summary judgment/adjudication on some or all of Plaintiff's claims but it is premature at this time to determine a date by which PwC will file such motion(s);
- Plaintiff anticipates moving to oppose any motion for summary judgment/adjudication filed by Defendant against some or all of Plaintiff's claims.
- It is unknown at this time what, if any, discovery motions the parties will file.

- The parties agree that after the Court's ruling on Plaintiff's motions for conditional and class certification is made, the parties shall meet and confer and submit a proposed pre-trial schedule for the Court's approval.

## V. AMENDMENT OF PLEADINGS

On January 14, 2008, PwC moved pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing the class allegations and claims in their entirety on the ground that the class definition is insufficient to state a claim upon which relief can be granted for any claim for relief pleaded in the Complaint, and to dismiss the Seventh Claim for Relief on the ground that Plaintiff cannot incorporate her Fair Labor Standards Act allegations into her Business & Professions Code Section 17200 claim. PwC further moved pursuant to Federal Rule of Civil Procedure 12(e) for an order directing Plaintiff to file a more definitive statement on her class definition. PwC also moved pursuant to Federal Rule of Civil Procedure 12(f) for an order striking the class definition and all class allegations in the Complaint. The hearing on these Motions is set for March 7, 2008. The extent to which parties, claims, or defenses are expected to be added or dismissed depends on the Court's ruling on PwC's motions.

At this time, Plaintiff does not anticipate adding or dismissing parties, claims, or defenses. However, Plaintiff reserves the right to amend the pleadings in the future.

## VI. EVIDENCE PRESERVATION

PwC has acted to ensure that persons and departments within the firm who may have evidence relevant to the issues reasonably evident in this action preserve all documents. The parties will continue to discuss with each other the preservation of evidence, and will continue to work together to address these issues.

## VII. DISCLOSURES

Plaintiff believes that the information contained in initial disclosures is valuable in the initial states of litigation and helps to focus subsequent discovery requests. The parties have stipulated that initial disclosures will be served by both parties on February 1, 2008.

## VIII. DISCOVERY

### A. Bifurcation

PwC's Position:

PwC proposes that discovery proceed in two phases. In the first phase, discovery shall be limited to issues concerning class certification and the collective action. PwC acknowledges that discovery concerning class issues may overlap with discovery concerning merits issues and thus will work with Plaintiff to resolve any disputes concerning what discovery is appropriate in the first phase. In the second phase, the parties may take discovery concerning the merits of the claims. *See, e.g., Oppenheimer Fund, Inc. v. Sanders* (1978) 437 US 340, 351, 98 S.Ct. 2380, 2399, fn. 13; *Krim v. BancTexas Group, Inc.* (5th Cir. 1996) 99 F3d 775, 777–778; *Valley Drug Co. v. Geneva Pharmaceuticals, Inc.* (11th Cir. 2003) 350 F3d 1181, 1194; *Nash v. City of Oakwood*, 90 F.R.D. 633, 636-37 (S.D. Ohio 1981) (pre-certification discovery should be limited to class certification issues).

Plaintiff's Position:

Plaintiff believes that any proposed "bifurcation" of discovery is unnecessary and will result in waste of resources and delay the proceedings. The distinction between "class certification" and "merits" discovery is blurry at best, especially in cases such as this. *See, David F. Herr, Annotated Manual for Complex Litigation – Fourth*, 2004, § 2.14, p. 326 ["Courts have recognized that information about the nature of the claims on the merits and the proof that they require is important to deciding certification. Arbitrary insistence on the merits/class discovery distinction sometimes thwarts the informed judicial assessment that current class certification practice emphasizes."] "The merits/certification distinction is not always clear. Facts relevant to the class action determination and definition may largely be the same as those relevant to the merits of the case." *Harris v. Pan American World Airways, Inc.*, 74 F.R.D. 24 (N.D.Cal.1977). *See also, Gray v First Winthrop Corp.*, 133 F.R.D. 39, 41 (N.D. 1990). The factual overlap between PwC's proposed categories of discovery will be particularly great in light of the subject matter of Plaintiff's claims. The ultimate factual questions center on Defendant's policies and procedures relating to the compensation paid to Plaintiff and the putative class, the hours worked

by Plaintiff and the putative class and primary job duties of Plaintiff and the putative class. These questions are also germane to class certification.

Moreover, it is highly unlikely that the parties will agree as to what constitutes appropriate class certification discovery and what should be reserved for merits discovery. The parties will be forced to turn to the Court for guidance and to resolve disputes. Finally, as Plaintiff bears the burden of proof in class certification and the majority of relevant discovery is in Defendant's possession, Plaintiff could potentially be prejudiced by her inability to obtain discovery that Defendant classifies as "merits" discovery prior to filing her collective/class certification motions.

### B. Depositions

PwC's Position:

PwC plans to notice Plaintiff's deposition for February 18 and 19, 2008, availability of all parties permitting. Because Plaintiff seeks to represent a proposed class of individuals and alleges that she is an appropriate class representative, PwC requires sufficient time to depose the named Plaintiff to cover these issues, in addition to the facts and circumstances of her individual claim. Accordingly, PwC asks the Court for an additional seven hours beyond the time permitted under the Rules to conduct the deposition of the named Plaintiff. In the alternative, PwC requests that the Court permit PwC the opportunity to depose Plaintiff twice, once on class certification issues and once on the merits of their individual claims, with each deposition phase to be completed within the seven hour time provided by the Federal Rules of Civil Procedure.

Plaintiff's Position:

Plaintiff objects to Defendant's scheduling of a two day deposition for her. Further, Plaintiff sees no reason for Defendant to be permitted to go beyond deposition time limit enumerated in the Fed. R. Civ. P. In fact, Plaintiff believes that all depositions should comport with the Fed. R. Civ. P. and limit each side to taking no more than ten (10) depositions, with each deposition lasting no more than one day of seven (7) hours. However, the parties reserve their right to seek relief from the Court regarding this limitation upon a showing of good cause.

OHS West:260374666.1
1016184.1

C.  **Written Discovery**

PwC has not propounded any discovery to date. PwC anticipates propounding document requests, requests for admission, and interrogatories within the coming months. Plaintiff served Defendant PwC its First Request for Production of Documents and First Set of Interrogatories on January 18, 2008. Plaintiff awaits Defendant's reposes thereto.

The parties agree that at this point it is premature to establish a schedule providing by when discovery shall be completed.

IX.  **CLASS ACTIONS**

Plaintiff purports to bring this action on behalf of herself and all others similarly situated. Plaintiff anticipates filing a motion for conditional class certification of the FLSA claims on April 18, 2008. Plaintiff also anticipates filing a motion for class certification for the California claims on June 13, 2008. To the extent necessary, PwC will file a motion to decertify. Also, PwC may object to the timing of plaintiff's proposed class certification motion(s) and/or request additional time to respond if there are delays in discovery – *e.g.*, if plaintiff's deposition does not occur before plaintiff files any class certification motions(s).

X.  **RELATED CASES**

PwC's Position:

On January 14, 2008, PwC filed in this case a Notice of Pendency of Other Action or Proceeding, Docket Number 17, regarding *Campbell v. PricewaterhouseCoopers LLP*, Case No. 06-CV-02376-LKK-GHH, which is pending in the United States District Court for the Eastern District of California. The parties refer the Court to the Notice for further information relating to that case.

On January 18, 2008, after PwC filed its Notice of Pendency of Other Action or Proceeding, another duplicative lawsuit was filed in the Superior Court of California, County of Los Angeles, entitled "Samuel Brandon Kress, et al. v. PricewaterhouseCoopers LLP," case no. BC384002 ("Kress Case"). The Kress Case purports to be a class action covering unlicensed salaried exempt employees doing accounting work in California, and asserts claims under California law for failure to pay overtime, failure to compensate for meal breaks, failure to

furnish itemized wage statements, failure to pay wages at end of employment, and violation of California Business and Professions Code Section 17200. The Kress Case appears to be duplicative of the Campbell Case and of the California claims and proposed subclasses in the instant action. PwC has not been served in the Kress Case.

<u>Plaintiff's Position:</u>

Defendant PwC filed its Pending Motions with this Court on January 14, 2008, advising the Court of an action, originally filed as an individual action, on October 26, 2006 in the United States District Court for the Eastern District of California. That action, *Jason Campbell and Sara Sobek, individually and on behalf of all others similarly situated v. Pricewaterhousecoopers, LLP,* Case No. 06-02376-LKK-GGH, was subsequently amended to include class claims on behalf of a purported California-only class of individuals employed by Defendant as opposed to the nationwide class at issue herein. As previously asserted, Plaintiff contests Defendant's Pending Motions and intends to file briefs in opposition thereof.

## XI. **RELIEF**

As set forth in her Complaint, Plaintiff seeks both compensatory and equitable relief.

## XII. **SETTLEMENT AND ADR**

The parties agree that at this point it is too early to assess the prospects for settlement or to establish an ADR plan for the case. Such assessment is likely to be most productive after the commencement of discovery, and after a ruling on Plaintiff's motions for collective/class certification. The parties plan to reassess after the Court rules on PwC's pending motions and Plaintiff's anticipated motions regarding certification of the collective action and class certification.

## XIII. **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties do not consent to have a magistrate judge conduct all further proceedings.

## XIV. **OTHER REFERENCES**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation at this time.

9    JOINT CASE MANAGEMENT STATEMENT C07-05476 MMC

OHS West:260374666.1
1016184.1

## XV. NARROWING OF ISSUES

The issues in this case may be narrowed depending on the Court's disposition of PwC's pending motions. The issues may be further narrowed by the motions both parties anticipate filing as set forth in section IV of this statement.

Plaintiff believes that it is too early in this litigation to consider narrowing the issues. The parties will revisit this issue after both parties have been afforded the opportunity to conduct further discovery, and/or any decision is made by the Court regarding Plaintiff's motions for class/collective certification.

## XVI. EXPEDITED SCHEDULE

This is not the type of case that can be handled on an expedited basis with streamlined procedures.

## XVII. SCHEDULING

The parties agree that it is premature to set a schedule for this case and propose that the schedule be set by the Court at a further case management conference.

In addition to the Anticipated Motions outlined in Section IV (C) above, plaintiff submits that all additional motions will be served in accordance with Local Rules 7-1 through 7-14, rules regarding motion practice.

The parties agree that after the Court's ruling on Plaintiff's motions for class/collective certification, the parties shall meet and confer and submit a proposed pre-trial schedule for the Court's approval.

## XVIII. TRIAL

Plaintiffs demand a trial by jury. The parties estimate the trial to last 5 days if class certification is denied and 30-45 days if class certification is granted. Plaintiff believes that the length of any trial is dependent upon whether the action is certified as a class/collective action, the number of class members, and the trial plan adopted by the Court.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The parties have filed the "Certification of Interested Entities or Persons" as required by

Civil Local Rule 3-16.

PwC's Certification is as follows:

Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Plaintiff's certification is as follows:

Plaintiff is an individual and thus has no interested entities or persons.

Dated: January 25, 2008

ALAN R. PLUTZIK
JOSEPH H. MELTZER
GERALD D. WELLS, III
ROBERT J. GRAY
ROBERT W. BIELA
SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP

EDWARD WYNNE
WYNNE LAW FIRM

_____
EDWARD WYNNE
Attorneys for Plaintiff
LAC ANH LE

Dated: January __, 2008

LYNNE C. HERMLE
JOSEPH C. LIBURT
ORRICK, HERRINGTON & SUTCLIFFE LLP

_____
JOSEPH C. LIBURT
Attorneys for Defendant
PRICEWATERHOUSECOOPERS LLP

OHS West:260374666.1
1016184.1

Civil Local Rule 3-16.

PwC's Certification is as follows:

Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Plaintiff's certification is as follows:

Plaintiff is an individual and thus has no interested entities or persons.

Dated: January __, 2008

ALAN R. PLUTZIK
JOSEPH H. MELTZER
GERALD D. WELLS, III
ROBERT J. GRAY
ROBERT W. BIELA
SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP

EDWARD WYNNE
WYNNE LAW FIRM

_____
EDWARD WYNNE
Attorneys for Plaintiff
LAC ANH LE

Dated: January 25, 2008

LYNNE C. HERMLE
D. BARCLAY EDMUNDSON
JOSEPH C. LIBURT
ORRICK, HERRINGTON & SUTCLIFFE LLP

_____
D. BARCLAY EDMUNDSON
Attorneys for Defendant
PRICEWATERHOUSECOOPERS LLP

OHS West:260374666.1
1016184.1