EDWARD J. WYNNE          (SBN 165819)
J.E.B. PICKETT          (SBN 154294)
WYNNE LAW FIRM
100 Drakes Landing Road, Suite 275
Greenbrae, CA 94904
Telephone:     (415) 461-6400
Facsimile:     (415) 461-3900

JOSEPH H. MELTZER
GERALD D. WELLS, III
ROBERT J. GRAY
ROBERT W. BIELA
SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP
280 King of Prussia Road
Radnor, PA  19087
Telephone:     (610) 667-7706
Facsimile:     (610) 667-7056

Plaintiff's counsel

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAC ANH LE, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>PRICEWATERHOUSECOOPERS, LLP; and DOES 1 through 10 inclusive,<br><br>        Defendant. | CASE NO. 3:07-cv-05476-MMC<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT PRICEWATERHOUSECOOPERS LLP'S MOTION FOR A STAY; MOTION TO DISMISS; MOTION TO STRIKE; AND MOTION FOR A MORE DEFINITE STATEMENT**<br><br>Date:  March 7, 2008<br>Time:  9:00 a.m.<br>Dept: 7<br>Hon. Maxine M. Chesney |

I.      STATEMENT OF FACTS. ...................................................................................... 1

II.     STANDARD.......................................................................................................... 3

        A.      Motion To Dismiss For Failure To State A Claim. ................................. 3

        B.      Motion For More Definite Statement. ..................................................... 4

        C.      Motion To Strike...................................................................................... 4

        D.      Class Action Allegations. ........................................................................ 5

III.    ARGUMENT ........................................................................................................ 5

        A.      Defendant's Motion To Stay Based On The "First Filed" Rule Should Be
                Denied Because It Has No Application To The Case At Bar .............................. 5

                1.      The Parties And Issues In *Le* Are Not Identical To *Campbell*. ................ 6

                2.      The "First Filed" Rule Cannot Be Applied In A Piece-Meal Fashion. .... 7

                3.      The "First Filed" Rule Cannot Be Invoked Due To *Campbell*
                        Plaintiffs' Forum Shopping ...................................................................... 7

        B.      Defendant's Motion to Dismiss, Strike or For a More Definite Statement Is
                Without Mert ......................................................................................................... 8

                1.      The Term "Associate" Is Sufficiently Certain........................................... 9

                2.      Plaintiffs Are Not Required To Limit Their Class Allegations
                        To Any Specific Line of Defendant's Business ....................................... 9

                3.      The Terms "Parent, Subsidiary, Related or Successor Companies"
                        Is Sufficiently Certain ............................................................................ 10

        C.      Defendant's Preemption Argument is Without Merit. ....................................... 10

                1.      In The Ninth Circuit, The FLSA Can Serve As A Predicate
                        Violation Under the UCL ....................................................................... 10

                2.      *Takacs* Represents The Prevailing View In The Ninth Circuit. ............. 11

                3.      The UCL's Opt-out Procedures Do Not Stand As An Obstacle
                        To Congressional Intent In Enacting The FLSA .................................... 11

                4.      Claims Brought Under The UCL – Including Those Based On
                        The FLSA – Carry A Four Year Statute................................................. 12

i

PLAINTIFF'S MEMO. OF P'S AND A'S ISO OF OPPOSITION TO DEFENDANT PWC'S MOTION FOR A STAY;
MOTION TO DISMISS; AND MOTION FOR MORE DEFINITE STATEMENT

5.    Defendant's Authorities Are Inapposite. ................................................ 12

D.    Plaintiff Agrees To Dismiss the Doe Defendants. ............................................. 13

E.    The Relief Plaintiff Seeks Is Properly Pled. ............................................... 13

1.    Equitable Relief Under The UCL Includes A Constructive Trust .......... 13

2.    Punitive Damages Are Properly Pled. ................................................... 14

IV.    CONCLUSION............................................................................................................ 15

ii

PLAINTIFF'S MEMO. OF P'S AND A'S ISO OF OPPOSITION TO DEFENDANT PWC'S MOTION FOR A STAY;
MOTION TO DISMISS; AND MOTION FOR MORE DEFINITE STATEMENT

1

**Cases**

2

*Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d (9th Cir. 1991) ................................................ 5

3

*Anderson v. Mt. Clemens Pottery Co.* (1946) 328 U.S. 680] ................................................ 11, 12

4

*Baas v. Dollar Tree Stores, Inc.*, 2007 WL 2462150, *2-3 (N.D. Cal. Aug. 29, 2007) ......... 8, 11

5

*Bahramipour v. Citigroup Global Markets, Inc.*, 2006 WL 449132 (N.D.Cal. Feb.22, 2006) .. 11

6

*Barnett v. Washington Mutual Bank,* 2004 WL 2011462, 2004 U.S. Dist LEXIS 18491

7

   (N.D.Cal. Sept. 9, 2004) ................................................................................................ 11

8

*Beauperthuy v. 24-Hour Fitness USA, Inc.*, 2006 WL 3422198, *3

9

   (N.D. Cal. Nov. 28, 2006) ................................................................................................ 8

10

*Beery v. Hitachi Home Electronics (America), Inc.,* 157 FRD (CD CA 1993) ........................... 4

11

*Boxall v. Sequoia Union High School Dist.,* 464 F.Supp. (ND CA 1979) .................................. 4

12

*Bureerong v. Uvawas,* 922 F.Supp. (CD CA 1996) ............................................................ 4, 11

13

*Campbell v. Pricewaterhouse Coopers LLP,* 06-CV-02376-LKK-GGH ............................ passim

14

*Cellars v. Pacific Coast Packaging, Inc.,* 189 FRD (ND CA 1999) ........................................... 4

15

*Church of Scientology of California v. United States Department of the Army,*

16

   611 F.2d (9th Cir. 1979) ........................................................................................................ 5

17

*Conley v. Gibson,* 355 U.S. (1957) ............................................................................................ 4

18

*Cortez v. Purolator Air Filtration Prods. Co.* (2000) 23 Cal.4th ........................................... 13

19

*Cruz v. Beto,* 405 U.S. (1972) .................................................................................................... 3

20

*Employers Ins. of Wausau v. News Corp.* (SD NY 2006) 439 F.Supp.2d ................................. 7

21

*Famolare, Inc. v. Edison Bros. Stores, Inc.,* 525 F.Supp. (ED CA 1981) ................................. 4

22

*Fletcher v. Security Pac. Nat'l Bank* (1979) 23 Cal.3d ........................................................... 13

23

*Flores v. Albertson's, Inc.,* 2003 WL 24216269 (C.D. Cal. 2003) .......................................... 13

24

*FRA S.p.A. v. Surg–O–Flex of America, Inc.,* 415 F.Supp. (SD NY 1976) ............................... 4

25

*Hanna v. Lane,* 610 F.Supp. (N.D. Ill. 1985) .......................................................................... 4

26

*Hishon v. King & Spalding,* 467 U.S. (1984) ........................................................................... 4

27

*In re American Int'l Airways, Inc.,* 66 BR (ED PA 1986) ........................................................ 4

28

*In re Wal-Mart Stores, Inc.,* 2007 WL 1557935, * 4 (N.D.Cal. May 29, 2007) ...................... 8

*Kamm v. California City Development Co.,* 509 F.2d (9th Cir.1975) .......................................... 8

*Lerwill v. Inflight Motion Pictures, Inc.,* 343 F.Supp. (N.D.Cal.1972) ............................... 12, 13

*Madrigal v. Green Giant Co.,* 1981 WL 2331 (E.D. Wash. 1981) ......................................... 13

*Mann Mfg., Inc. v. Hortex, Inc.,* 439 F2d (5th Cir. 1971) ...................................................... 7

*Manuel v. Convergys Corp.,* supra, 430 F3d at 1137 ........................................................... 7

*Mattel, Inc. v. Louis Marx & Co.,* 353 F2d (2nd Cir. 1965) .................................................. 7

*Pacesetter Systems, Inc. v. Medtronic, Inc.,* 678 F.2d (9th Cir. 1982) ................................ 5, 6

*Pacific Merchant Shipping Ass'n v. Aubry,* 918 F.2d (9th Cir.1990) ................................... 10

*People v. Orange County Charitable Servs.* (1999) 73 Cal.App.4th .................................... 14

*Ramirez v. Yosemite Water Co., Inc.* (1999) 20 Cal.4th ....................................................... 12

*Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn,* 373 U.S. FN 6 (1963) ...... 3

*Sav-on v. Superior Court* (2004) 34 Cal.4th ......................................................................... 12

*Scheuer v. Rhodes,* 416 U.S. (1974) ...................................................................................... 4

*Sobek v. Pricewaterhouse Coopers LLP,* C06-6677 WHA ............................................... 1, 8

*Takacs v. A.G. Edwards & Sons, Inc.,* 444 F.Supp.2d (S.D. Cal. 2006) ................. 10, 11, 12, 13

*Tomlinson v. Indymac Bank,* 359 F.Supp.2d (C.D.Cal.2005) ............................................... 11

*Weeldin v. Wheeler,* 373 U.S. (1963) ..................................................................................... 3

*Williamson v. General Dynamics Corp.,* 208 F.3d (9th Cir.2000) .................................. 12, 13

*Willis v. Cal-Western Transport,* Case No. CV-F-00-5695, slip op.
    (E.D.Cal. Dec. 22, 2000) ................................................................................................ 11

**Statutes**

Fed.R.Civ.P. 11 ........................................................................................................................ 9

Fed.R.Civ.P. 12 ................................................................................................................... 3, 4

Fed.R.Civ.P. 23 ................................................................................................................... 5, 8

FLSA, 29 U.S.C. 201 ............................................................................................................... 6

FLSA, 29 U.S.C. § 216(b) ....................................................................................................... 2

**Other Authorities**

Wright & A. Miller, *Federal Practice & Procedure*: Civil 2d § 1380 ............................... 4, 5, 8

1    Plaintiff, Lac Anh Le, hereby submits the following Memorandum of Points and

2  Authorities in Opposition to Defendant PricewaterhouseCoopers LLP's Motion for a Stay;

3  Motion to Dismiss; Motion to Strike; and Motion for a More Definite Statement.

4  **I.    STATEMENT OF FACTS.**

5    On October 27, 2006, Sarah Sobek filed in the Northern District of California, a single

6  plaintiff, single cause of action complaint against Defendant PricewaterhouseCoopers LLP

7  ("PWC" or "Defendant") alleging breach of contract for unpaid wages, *Sobek v.*

8  *Pricewaterhouse Coopers LLP, C06-6677 WHA*. (Plaintiff's Request for Judicial Notice, "Pltf.

9  RJN," Ex. 1, Sobek Complaint.)  On the same date, Jason Campbell filed the identical single

10  plaintiff, single cause of action complaint against PWC in the Eastern District of California,

11  *Campbell v. Pricewaterhouse Coopers LLP, 06-CV-02376-LKK-GGH*.    (Def. RJN Ex. A.)

12  Both plaintiffs are represented by the same counsel. (Cf, Pltf. RJN Exs. 1 and Def. RJN Ex. A.)

13  No more than three days later on October 30, 2006, plaintiff Sobek voluntarily dismissed her

14  case then pending in the Northern District of California.  (Pltf. RJN Ex. 2, Sobek's Notice of

15  Voluntary Dismissal Without Prejudice.)  Two days later on November 1, 2006, Campbell then

16  amended his complaint to not only include Sobek as a named plaintiff but to transform the case

17  from a single plaintiff case to one alleging class action claims brought on behalf of the

18  following class:  "All non-licensed associate accountants employed by Defendant in the State

19  of California from October 27, 2002 to the present."  (Pltf. RJN Ex. 3, *Campbell* First

20  Amended Complaint, ¶ 15.)[1]

21    Defendant PWC subsequently filed a Motion to Dismiss and/or Motion to strike the

22  First Amended Complaint with a hearing date on January 16, 2007.  (Pltf. RJN Ex. 4, Def's

23  Motion to Dismiss/Strike FAC.)   In its moving papers, Defendant accused the *Campbell*

24  plaintiffs of "deliberate forum shopping." (Pltff. RJN Ex. 4, p. 2.)  Defendant stated, "The

25  record in this case demonstrates an astoundingly clear pattern of forum shopping."  (*Id*.)

26  Defendant's motion to dismiss or strike, however, took no issue with the *Campbell* plaintiffs'

27  class definition. (See, generally, *id*.)  Prior to the hearing date, the court granted the motion to

28

---

1  Plaintiffs Campbell and Sobek are hereinafter referred to collectively as the "Campbell" plaintiffs.

---

1  dismiss providing the *Campbell* plaintiffs with leave to amend.  (Pltf. RJN Ex. 5, January 12,

2  2007 Order.)

3       The *Campbell* plaintiffs then filed a Second Amended Complaint on January 22, 2007.

4  (Def.'s RJN Ex. B.)  The *Campbell* plaintiffs alleged the identical class as set forth in their First

5  Amended Complaint.  (See, Def. RJN Ex. B, ¶ 16.)  PWC then filed a second Motion to

6  Dismiss and/or Strike. (Pltf. RJN Ex. 6, Def.'s second Motion to Dismiss/Strike.)  Defendant

7  repeated *verbatim* its argument that the *Campbell* plaintiffs had engaged in "deliberate forum

8  shopping."  (*Id.,* p. 1-2.)  As with Defendant's first motion to dismiss or strike, Defendant's

9  renewed motion to dismiss or strike likewise took no issue with the *Campbell* plaintiffs' class

10  definition.  (See, generally, *id.*)  On March 30, 2007, the court denied PWC's Motion to

11  Dismiss and/or Strike. (Pltf. RJN Ex. 7, March 19, 2007 Order denying Def's Motion to Strike

12  and Dismiss.)  On April 3, 2007, Defendant Answered the amended *Campbell* complaint.

13       On October 24, 2007, *Campbell* plaintiffs filed a Notice of Motion and Motion for Class

14  Certification pursuant to Fed.R.Civ.P 23 on behalf of a class of California-only employees of

15  Defendant with a somewhat different definition than that alleged in the operative Complaint:

16  "All persons employed by PricewaterhouseCoopers LLC in California from October 27, 2002

17  until the time when class notice may be given who: (1) assisted certified public accountants in

18  the practice of public accountancy as provided for in California Business & Professions Code

19  in Sections 5051 and 5053, (2) worked as associates or senior associates in the assurance or tax

20  lines of service, (3) were not licensed by the State of California as certified public accountants

21  during some or all of this time period, and (4) were classified as exempt employees."  (Pltf.

22  RJN Ex. 8, *Campbell* Plaintiffs' Notice of Motion and Motion for Class Certification.)  The

23  briefing and hearing schedule has been amended.  Currently, the hearing date on the Motion for

24  Class Certification is set for February 25, 2008. (Pltf. RJN Ex. 9, December 14, 2007 Order

25  continuing hearing on class certification.)

26       Previously, on October 27, 2007, plaintiff herein, Lac Ahn Le, filed her complaint

27  alleging violations of the federal Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b), on

28  behalf of a nationwide class of employees of Defendant entitled "Associate" as well as a

California class of the same employees alleging violations of California Labor Code and Business & Professions Code § 17200 *et seq.* Plaintiff pled two classes; a federal class and a state class that are nearly identical. The federal nationwide class is defined as "All current and former Associates who work(ed) for Defendant and are/were engaged in, or are/were training to be engaged in, Client Services and elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b)." (Complaint, ¶ 5.) Similarly, the California class is defined as, "All current/former Associates of Defendant in the State of California within four years prior to the filing of this action, up to and including the time this action is certified as a class action, and are engaged in providing Client Services." (Complaint, ¶ 6 (a) and (b).) The term "Client Services" as defined in the Complaint includes providing "audit, tax risk management and other client services." (Complaint, ¶ 2.)

After meeting and conferring in preparation for the Initial Case Management Conference, on January 18, 2008, Plaintiff herein propounded written discovery on Defendant consisting of interrogatories and requests for documents. At the time of the hearing on this matter, Defendant will have responded to Plaintiff's written discovery.

Plaintiff and Defendant have exchanged their initial disclosures and conducted the Case Management Conference which was held on February 1, 2008.

## II.    STANDARD

### A.    Motion To Dismiss For Failure To State A Claim.

On a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn*, 373 U.S. 746, 753 FN 6 (1963). Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. See *id.*; see also, *Weeldin v. Wheeler*, 373 U.S. 647, 648 (1963) (inferring fact from allegations of complaint).

1    In general, the complaint is construed favorably to the pleader. *Scheuer v. Rhodes*, 416

2    U.S. 232, 236 (1974). So construed, the court may not dismiss the complaint for failure to state

3    a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of

4    the claim which would entitle him or her to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73

5    (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

6    **B.      Motion For More Definite Statement.**

7    Motions for more definite statement are viewed with disfavor, and are rarely granted. *In

8    re American Int'l Airways, Inc.,* 66 BR 642, 645, (ED PA 1986). A Rule 12(e) motion is proper

9    only where the complaint is so indefinite that the defendant cannot ascertain the nature of the

10   claim being asserted. In such cases, defendant cannot reasonably be expected to frame a proper

11   response. *See, Famolare, Inc. v. Edison Bros. Stores, Inc.,* 525 F.Supp. 940, 949 (ED CA

12   1981); *Cellars v. Pacific Coast Packaging, Inc.,* 189 FRD 575, 578 (ND CA 1999). A motion

13   for more definite statement attacks unintelligibility in a pleading, not simply mere lack of

14   detail. *Boxall v. Sequoia Union High School Dist.,* 464 F.Supp. 1104, 1113–1114 (ND CA

15   1979). Thus, the motion fails where the complaint is specific enough to apprise defendant of

16   the substance of the claim being asserted. *Bureerong v. Uvawas,* 922 F.Supp. 1450, 1461 (CD

17   CA 1996); *FRA S.p.A. v. Surg–O–Flex of America, Inc.,* 415 F.Supp. 421, 427 (SD NY 1976).

18   If the detail sought by a motion for more definite statement is obtainable through discovery, the

19   motion should be denied. *Beery v. Hitachi Home Electronics (America), Inc.,* 157 FRD 477,

20   480 (CD CA 1993).

21   **C.      Motion To Strike.**

22   Fed.R.Civ.P. 12(f) authorizes the court to order stricken from any pleading, "any

23   redundant, immaterial, impertinent, or scandalous matter." A party may bring a motion to

24   strike within 20 days after the filing of the pleading under attack.

25   Motions to strike are generally viewed with disfavor, and will usually be denied unless

26   the allegations in the pleading have no possible relation to the controversy, and may cause

27   prejudice to one of the parties. See, 5A, C. Wright & A. Miller, *Federal Practice &

28   Procedure*: Civil 2d § 1380; see also, *Hanna v. Lane,* 610 F.Supp. 32, 34 (N.D. Ill. 1985). If

---

1  the court is in doubt as to whether the challenged matter may raise an issue of fact or law, the

2  motion to strike should be denied, leaving an assessment of the sufficiency of the allegations

3  for adjudication on the merits. See, 5A, Wright & Miller, *supra*, at § 1380.

4         **D.**    **Class Action Allegations.**

5         Defendant cites to Fed.R.Civ.P. 23(d)(4) in support of its motion. Rule 23 applies to

6  *class actions.* See, Fed.R.Civ.P. 23. As the Court has yet to address whether the part of

7  Plaintiff's action brought under Rule 23 may proceed as a class action, Rule 23(d)(4) has no

8  application to the present situation before it. See, Wright, Miller & Kane, *Federal Practice &*

9  *Procedure*: Civil 3d § 1795. Any discussion of Rule 23(d)(4) is clearly premature at this stage

10  of the litigation.

11  **III.**    **ARGUMENT**

12         **A.**    **Defendant's Motion To Stay Based On The "First Filed" Rule Should Be**

13              **Denied Because It Has No Application To The Case At Bar.**

14         Defendant seeks to stay this action related only to the state law claims based on the

15  "first filed" rule. Defendant's reliance on the "first filed" rule is misplaced. Under the "first

16  filed" rule, a district court may decline jurisdiction over an action when a complaint involving

17  the "same parties and issues" has already been filed in another district. *Pacesetter Systems, Inc.*

18  *v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982); *Alltrade, Inc. v. Uniweld Products, Inc.*,

19  946 F.2d 622, 625 (9th Cir. 1991) citing *Pacesetter Systems, Inc.* "However, this 'first to file'

20  rule is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a

21  view to the dictates of sound judicial administration." *Pacesetter Systems, Inc., supra,* citing

22  *Church of Scientology of California v. United States Department of the Army*, 611 F.2d 738,

23  749 (9th Cir. 1979). "The 'first to file' rule normally serves the purpose of promoting efficiency

24  well and should not be disregarded lightly. Circumstances and modern judicial reality,

25  however, may demand that we follow a different approach from time to time." *Id.* Indeed,

26  district court judges can, in the exercise of their discretion, dispense with the first-filed

27  principle for reasons of equity. *Alltrade, Inc., supra*, at 628.

28

In *Pacesetter*, the plaintiff had brought a declaratory relief action against defendant seeking a declaration that the patents held by defendant were invalid and not infringed. However, defendant had previously filed suit against the very same plaintiff on the identical patents seeking relief that was the very antithesis to the relief sought by plaintiff, i.e., that the patents were valid and had been infringed. In invoking the "first to file rule," the district court found,

> Examination of the complaints filed in these two actions indicates that the issues raised are identical. The central questions in each are the validity and enforceability of three specific patents. The same three parties are involved in both suits.

*Pacesetter, supra*, at 95. As detailed herein, the present matter involves neither identical parties nor identical issues as the *Campbell* matter, and as such the "first to file" rule is not applicable.

### 1. The Parties And Issues In *Le* Are Not Identical To *Campbell*.

In the case at bar, the "first filed" rule cannot be applied because the prerequisites to invoking the rule are not satisfied. The instant *Le* action is not identical to the *Campbell* action. First, the action at bar alleges claims on behalf of a nation-wide class. The *Campbell* action is only brought on behalf of a prospective California-only class. Second, the instant action is brought on behalf of all unlicensed employees of Defendant entitled "Associate" without limitation to the type of line of business the employee is assigned to. The *Campbell* action, however, has limited its class definition to employees with the "Associate" title in the tax and assurance lines of business only. Third, the action at bar alleges violations of the FLSA, 29 U.S.C. 201 *et seq*. The *Campbell* action does not allege claims under the FLSA. Defendant acknowledges that the parties and issues are not identical as evidenced by the fact that it is seeking to invoke the rule in a piece-meal fashion *only* as to the California state law claims alleged herein. See, Def. Memo., p. 3:3. Therefore, because the "parties and issues" are not identical, per Defendant's own cited authorities, the "first filed rule" does not apply.

1

2.    **The "First Filed" Rule Cannot Be Applied In A Piece-Meal Fashion.**

2      Defendant asks this Court to improperly apply the "first filed" rule in a piece-meal

3  fashion.  However, the "first filed" rule requires that <u>all</u> the parties and issues be identical – not

4  just <u>some</u> as Defendant would have this Court believe.  Defendant has not cited any authority

5  for the proposition that only some of the parties and some of the issues need be identical for

6  application of the "first filed" rule.  The simple reason for that is that there is no such authority.

7  Defendant's argument for a selective application of the rule is fatal to its argument.

8      Indeed, Defendant's attempted perversion of the rule would result in precisely what the

9  rule is designed to prevent – judicial inefficiency.  Under Defendant's proffered construction,

10  parties could "cherry pick" certain aspects of a pending action where similarities were found

11  and cause the parties to engage in a never ending cycle of strategically driven motions to stay,

12  with little hope of ever reaching the merits.  Defendant's selective interpretation of the "first

13  filed" rule would in fact result in a fantastic waste of judicial resources with no conceivable

14  benefit.   As Defendant is clearly making this argument for purely strategic reasons in order to

15  avoid facing this case on the merits, and not to advance the purpose of the rule, Defendant's

16  motion must be denied.

17

3.    **The "First Filed" Rule Cannot Be Invoked Due To *Campbell* Plaintiffs' Forum Shopping.**

18

19      Even assuming the requirements for applying the "first filed" rule exist here (they

20  don't), a recognized exception to its application is when a party has engaged in forum

21  shopping.  *See, Mann Mfg., Inc. v. Hortex, Inc.,* 439 F2d 403, 407 (5th Cir. 1971); *Mattel, Inc.*

22  *v. Louis Marx & Co.,* 353 F2d 421, 423–424 (2nd Cir. 1965).  Because the "first filed" rule is

23  an equitable concept, courts are free to disregard it when equitable considerations weigh against

24  its application.  *See, e.g., Manuel v. Convergys Corp.,* supra, 430 F3d at 1137; *Employers Ins.*

25  *of Wausau v. News Corp.* (SD NY 2006) 439 F.Supp.2d 328, 333–334.

26      Here, even Defendant must acknowledge that the *Campbell* plaintiffs have engaged in

27  "deliberate forum shopping."   Plaintiff Le concurs with Defendant that, "The record in

28  [*Campbell*] demonstrates an astoundingly clear pattern of forum shopping."  It is of no moment

that Defendant is seeking to have the Court invoke this rule as opposed to the *Campbell*

1   plaintiffs themselves because the effect is the same: This matter would be stayed in favor of

2   *Campbell*. Highlighting the egregiousness of the forum shopping is the fact that Sobek filed

3   her case in this District first. Thus, if anything, it was this Court that originally had jurisdiction

4   over this matter but for Campbell's "deliberate forum shopping." Indeed, when the *Sobek* and

5   *Campbell* actions were originally filed, they were not even filed as class actions. It was only

6   once their attorneys apparently determined to proceed in one district court over another than the

7   class action allegations were added. Equity should not be invoked here to the benefit of

8   another when that party has, as even Defendant maintains, manipulated the judicial system.

9   **B.    Defendant's Motion to Dismiss, Strike or For a More Definite Statement Is**
10  **Without Merit.**

11      As an initial matter, Defendant's reliance upon Fed.R.Civ.P. 23(d)(4) is misplaced. Rule

12  23 applies to *class actions*. *See* Fed.R.Civ.P. 23. As the Court has yet to address whether the

13  part of Plaintiff's action brought under Rule 23 may proceed as a class action, Rule 23(d)(4)

14  has no application to the present situation before it. *Beauperthuy v. 24-Hour Fitness USA, Inc.,*

15  2006 WL 3422198, *3 (N.D. Cal. Nov. 28, 2006) citing Wright, Miller & Kane, Federal

16  Practice and Procedure: Civil 3d § 1795. For the same reasons, Defendant's reliance on *Kamm*

17  *v. California City Development Co.,* 509 F.2d 205, 210 (9th Cir.1975*)* is also misguided. In

18  *Kamm*, the defendants were moving pursuant to Fed.R.Civ.P. 23(c) and (d). Courts generally

19  "review class allegations through a motion for class certification." *In re Wal-Mart Stores, Inc.,*

20  2007 WL 1557935, * 4 (N.D.Cal. May 29, 2007*)* (declining to rule on the propriety of class

21  allegations before discovery had commenced or arguments related to class certification had

22  been made, despite noting that plaintiffs' class allegations were "somewhat suspicious"018).

23  Similar to *Wal-Mart*, discovery has only recently commenced and Plaintiff has not yet moved

24  to certify any class pursuant to Rule 23. Defendant's arguments regarding the propriety of the

25  class allegations are premature. *Baas v. Dollar Tree Stores, Inc.,* 2007 WL 2462150, *2-3

26  (N.D. Cal. Aug. 29, 2007) [denying defendant's motion to strike or dismiss the class allegations

27  at this procedural stage.] In light of the standards governing motions to strike, dismiss and for

28  a more definite statement, Plaintiff's class definition is sufficient to put Defendant on notice of

1  the claims alleged herein.    Accordingly, Defendant's Motion to Strike, Dismiss and for a More

2  Definite Statement should be denied.

3                    **1.      The Term "Associate" Is Sufficiently Certain.**

4          Defendant initially argues, as set forth above, that this case should be stayed because it

5  is "virtually identical" to the *Campbell* case.    Yet in the very next breath, Defendant

6  incredulously argues that the class definition is so vague and ambiguous that it cannot possibly

7  respond to the claims alleged herein.  Defendant is keenly aware of its inherently inconsistent

8  arguments.    (See, Def. Memo., p. 9:19-22.)    Defendant's obvious duplicity and feigned

9  confusion is fatal to its motion.[2]

10         As it would appear the *Campbell* plaintiffs' definition of "Associate" is not so vague

11  and ambiguous that Defendant had any issue responding to the allegations there, so too

12  Defendant should not have any issues in responding to Plaintiff's use of the term "Associate"

13  here – especially in light of Defendant's contention that the two cases are "virtually identical."

14  As Defendant even acknowledges, the term "Associate" is a job title.  Defendant's self-serving

15  attempt to add confusion to what has been heretofore unambiguous fails.[3]

16         In addition, Defendant next argues that the term "Associate" in the class definition is

17  not sufficiently certain because it may include individuals who are not employees of Defendant.

18  This is nonsense.  The Complaint clearly states that it covers Associates who were "employed"

19  by Defendant.  (Complaint, ¶ 3.)  By its own terms, the Complaint is limited to employees of

20  Defendant.

21                    **2.      Plaintiffs Are Not Required To Limit Their Class Allegations To**
                                **Any Specific Line of Defendant's Business.**

22

23         Defendant argues that Plaintiff has not identified which specific lines of service Plaintiff

24  seeks to include.  However, Plaintiff is under no obligation to identify any lines of service.

25  _____

26  2    At footnote 4 in Defendant's brief, Defendant is apparently of the opinion that plaintiffs seeking to bring
    representative actions need be somehow omnipotent in their knowledge.  Not surprisingly, Defendant does not cite
    to any statute, rule or decision in support of this novel proposition.    Instead, Defendant waives around
27  Fed.R.Civ.P. 11 assuming, without basis, the soundness of its argument.  Defendant is well advised to reacquaint
    itself with this Rule before "blowing hot and cold" as it has done here with its irreconcilable arguments.

28  3 In fact, Defendant noticeably misquotes the allegations in Plaintiff's Complaint.  Defendant argues that Plaintiff
    used the term "associate" (Def. Memo., p. 12:13) yet Plaintiff's Complaint clearly defines the class members by
    their job title, "Associate," as written in the proper tense.

Plaintiff's class definition is intentionally broad to capture all of Defendant's Associates providing unlicensed accountancy services in any of Defendant's lines.   The fact that the *Campbell* plaintiffs have decided to limit their class definition is of no moment.   Indeed, this further difference between the two actions only serves to underscore why Defendant's reliance on the "first filed" rule is without merit.

**3.**     **The Terms "Parent, Subsidiary, Related or Successor Companies" Is Sufficiently Certain.**

Without the benefit of any authority, Defendant throws out the argument that the terms "parent, subsidiary, related or successor companies" are improper because "[Defendant] has no way of knowing which, if any, of these other companies Plaintiff is trying to include." Def. Memo. p. 13:14.  Defendant noticeably does not claim that the terms themselves are vague or ambiguous, just that it does not know which specific entities the terms are referring to.   The answer is simple: All of them.   If Defendant has a parent, subsidiary, related or successor company that Plaintiff determines through the course of discovery is or should be liable for the claims alleged herein, then those entities have been properly included in the Complaint.

**C.**     **Defendant's Preemption Argument is Without Merit.**

Defendant futilely argues that Plaintiff's FLSA-based overtime claim under Business and Professions Code § 17200  (Unfair Competition Law or "UCL") must also be dismissed because the FLSA provides the exclusive remedy for their claim.  This very same argument has been repeatedly raised, and rejected, in this Circuit.

**1.**     **In The Ninth Circuit, The FLSA Can Serve As A Predicate Violation Under The UCL.**

Courts in this Circuit have squarely come down on the side of permitting the FLSA to serve as a predicate violation to claims brought under the UCL.   Indeed the overwhelming weight of authority directly refutes Defendant's proposition.  *See e.g. Takacs v. A.G. Edwards & Sons, Inc.,* 444 F.Supp.2d 1100, 1116-1118 (S.D. Cal. 2006), [denial of defendant's motion for summary judgment holding that the FLSA preempted claims under UCL]; *Pacific Merchant Shipping Ass'n v. Aubry,* 918 F.2d 1409, 1418 (9th Cir.1990) ["the FLSA does not preempt California from applying its own overtime laws."]  "[A] claim is not precluded simply because

1    it is procedurally barred by the underlying statute." *Takacs, supra,* at 1116 citing *Tomlinson v.*

2    *Indymac Bank,* 359 F.Supp.2d 898, 900 (C.D.Cal.2005). Because the UCL "makes violations of

3    other law *independently actionable...* the UCL creates a second cause of action ... allowing non-

4    Opt Ins ... [to] pursue their independent UCL claim." *Id.*

5                    **2.    *Takacs* Represents The Prevailing View In The Ninth Circuit.**

6            The *Takacs* opinion represents the prevailing view in this Circuit.  For example, in

7    *Barnett v. Washington Mutual Bank,* 2004 WL 2011462, 2004 U.S. Dist LEXIS 18491

8    (N.D.Cal. Sept. 9, 2004), *Willis v. Cal-Western Transport,* Case No. CV-F-00-5695, slip op.

9    (E.D.Cal. Dec. 22, 2000), *Bahramipour v. Citigroup Global Markets, Inc.,* 2006 WL 449132

10   (N.D.Cal. Feb.22, 2006) and *Bureerong v. Uvawas,* 922 F.Supp. 1450, 1477 (C.D.Cal.1996),

11   the District Courts all found that a UCL claim could be predicated on the FLSA and would not

12   conflict with congressional goals under the FLSA.  Since *Takacs,* this District has continued to

13   follow the great weight of authority in this Circuit which reject Defendant's arguments made

14   herein as illustrated in *Baas v. Dollar Tree Stores, Inc.,* 2007 WL 2462150, *3-4 (N.D. Cal.

15   Aug. 29, 2007) [rejecting a defendant's argument that claims under the UCL can not be

16   founded upon the FLSA.]

17                    **3.    The UCL's Opt-out Procedures Do Not Stand As An Obstacle To
18                          Congressional Intent In Enacting The FLSA.**

19           Also contrary to PWC's claims, "courts [in this Circuit have] found that the FLSA's opt-

20   in provisions would not be frustrated by the UCL's opt-out procedures. '[T]he purpose of the

21   FLSA's 'opt-in' requirement, to limit the enormous liability for employers which had been

22   threatened by the thousands of federal wage and hour claims filed in the wake of the *Anderson*

23   [*v. Mt. Clemens Pottery Co.* (1946) 328 U.S. 680] decision, is not directly implicated by

24   Plaintiff's [state law] claims.... [T]he UCL's opt-out procedure does not stand as an obstacle to

25   the congressional purpose in enacting the FLSA, as amended." *Takacs, supra* at 1116-1117

26   citing *Bahramipour,* 2006 WL 449132 at *6.

27           Indeed, Defendant's interpretation of Congressional intent is antithetical to the very

28   intent behind the enactment of the FLSA and parallel state law provisions, *i.e.,* employee

protection.  The Unites States Supreme Court and the California Supreme Court have made

unambiguous public policy interpreting remedial legislation in favor of employee protections. See, e.g., *Anderson v. Mt. Clemens Pottery Co.*, *supra*, 328 U.S. 680; *Ramirez v. Yosemite Water Co., Inc.* (1999) 20 Cal.4th 785, 794 ["past decisions ... teach that in light of the remedial nature of the legislative enactments authorizing the regulation of wages, hours and working conditions for the protection and benefit of employees, the statutory provisions are to be liberally construed with an eye to promoting such protection."]; *Sav-on v. Superior Court* (2004) 34 Cal.4th 319, 340 ["Labor Code section 1194 confirms 'a clear public policy ... that is specifically directed at the enforcement of California's minimum wage and overtime laws for the benefit of workers.'"]   Because Plaintiff's claims herein under Business & Professions Code § 17200 are founded upon violations of the FLSA and the California Labor Code, public policy in favor of employee protections are in effect here.

### 4.    Claims Brought Under The UCL – Including Those Based On The FLSA – Carry A Four Year Statute.

As the foregoing authorities confirm, the Ninth Circuit has confirmed that the FLSA can serve as a predicate violation to a claim brought under the UCL.  As Defendant acknowledges, Bus. & Prof. Code § 17208 carries a four year statute of limitations.  Accordingly, Plaintiff's claims for unlawful business practices predicated on Defendant's violations of the FLSA properly covers a four year statute the UCL provides for.

### 5.    Defendant's Authorities Are Inapposite.

As demonstrated by the Ninth Circuit authorities identified above, Defendant's out-of-Circuit authorities are not recognized or followed in this Circuit.  Likewise, the Ninth Circuit opinions Defendant does cite are not persuasive.  Both the Court in *Takacs* and the court in *Williamson v. General Dynamics Corp.*, 208 F.3d 1144 (9th Cir.2000) found *Lerwill v. Inflight Motion Pictures, Inc.*, 343 F.Supp. 1027, 1028 (N.D.Cal.1972) to be of "dubious authority." *Takacs*, *supra*, at 1117 citing *Williamson, supra*, 208 F.3d at 1153.  As stated in *Takacs*, *Lerwill* is a contract dispute case, where plaintiffs sought to incorporate provisions of the FLSA into the terms of the contract. *Id.* at 1117.  *Lerwill* 'was about the plaintiff's effort to get a more favorable remedy. The facts in *Lerwill*, therefore, are inapposite to the procedural facts in this

1    case. *Id.*

2        Likewise, Defendant's reliance on *Flores v. Albertson's, Inc.,* 2003 WL 24216269

3    (C.D. Cal. 2003) is misguided.  First, the claims in *Flores* were based on negligence theories.

4    Plaintiff Le makes no such claims herein.  Second, the opinion is not binding on this Court.

5    Third, the opinion is purely conclusory.  Last, to the extent the opinion can be read to support

6    Defendant's argument, it is clearly out of step with the great weight of Ninth Circuit authority

7    on this issue.

8        Similarly, *Madrigal v. Green Giant Co.,* 1981 WL 2331 (E.D. Wash. 1981) provides no

9    assistance to Defendant.  *Madrigal,* a case coming out of the Eastern District in Washington,

10   does not discuss California's Bus. & Prof. Code § 17200 or California's Labor Code at issue

11   herein.  Aside from the fact that the opinion is not binding on this Court, the opinion relies on

12   *Lerwill* which is of "dubious authority." *Takacs, supra,* at 1117 citing *Williamson, supra,* 208

13   F.3d at 1153.  Lastly, the *Madrigal* opinion comes more than 15 years prior to the string of

14   California cases dealing directly with the issue at bar.

15

16        **D.    Plaintiff Agrees To Dismiss the Doe Defendants.**

17        Without waiving the right to amend the Complaint at a later date should it become

18   necessary, Plaintiff agrees to dismiss the Doe defendants without prejudice.

19        **E.    The Relief Plaintiff Seeks Is Properly Pled.**

20            **1.    Equitable Relief Under The UCL Includes A Constructive Trust.**

21        Plaintiff has pled a cause of action under the UCL, Bus. & Prof. Code § 17200 et seq.

22   The UCL provides for broad equitable relief.  "The general equitable principles underlying §

23   17535 as well as its express language arm the trial court with the cleansing power to order

24   restitution to effect complete justice." *Fletcher v. Security Pac. Nat'l Bank* (1979) 23 Cal.3d

25   442, 449; accord, *Cortez v. Purolator Air Filtration Prods. Co.* (2000) 23 Cal.4th 163, 179

26   [discussing courts' broad powers to fashion relief under § 17203.]

27        In addition to restitution, injunctions and civil penalties, other equitable remedies are

28   available under Section 17200 et seq. including a constructive trust.  *People v. Orange County*

---

*Charitable Servs.* (1999) 73 Cal.App.4th 1054, 1078.   Accordingly, Defendant's argument is without merit.

### 2.    Punitive Damages Are Properly Pled.

As this Defendant is well-aware, having had this exact argument rejected in the *Campbell* case, Plaintiff's prayer for punitive damages is properly pled. (See, Pltf. RJN Ex. 7.) The court in Campbell rejected Defendant's argument with the following reasoning:

> When a statute imposes a penalty, that imposition generally does not foreclose recovery of punitive damages.[3]   *Trumbull & Trumbull v. ARA Transportation, Inc.*, 219 Cal.App.3d 811, 826 (1983).  If, however, a new right that did not exist a common law is created by statute and a remedy for the violation of that right is provided, "such remedy is exclusive of all others unless the statutory remedy is inadequate." *Id.* (citing *Orloff v. Los Angeles Turf Club*, 30 Cal.2d 110, 112-113 (1947); *Strauss v. A.L. Randall & Co.*, 144 Cal.App.3d 514 (1983) ).
>
> Although some of the statutes for under which plaintiffs have brought suit do provide for a penalty, defendant has failed to meet its burden of demonstrating why such a penalty forecloses the recovery of punitive damages with respect to any of plaintiffs' claims.[4]  Defendant merely asserts that the wages and penalties that plaintiffs seek were not recoverable at common law.   Because recovery of punitive damages is not generally foreclosed by the mere provision [of] a statutory penalty, the court denies defendant's motion to strike.
>
> FN 3:  Plaintiff may be required to elect a remedy where there is a statutory penalty for conduct that also violates common law, but the election is not made at the pleading stage. *Trumbull & Trumbull v. ARA Transportation, Inc.*, 219 Cal.App.3d at 826.
>
> FN 4:   The complaint merely asks for punitive damages generally, SAC Prayer for Relief ¶ 8, and while defendant argues that punitive damages may not be recovered under certain provisions of the Labor Code, *see, e.g., Czechowski v. Tandy Corp.*, 731 F.Supp. 406, 410 (N.D. Cal. 1990) (holding that punitive damages are not recoverable under Labor Code § 203), this does not meet its burden of showing that such relief is unavailable under any of plaintiffs' claims.

(See, Pltf. RJN Ex. 7, p. 12-13.)

For the same reasons articulated by the court in Campbell, this Court too should deny Defendant's motion to strike the prayer for punitive damages.

PLAINTIFF'S MEMO. OF P'S AND A'S ISO OF OPPOSITION TO DEFENDANT PWC'S MOTION FOR A STAY;
MOTION TO DISMISS; AND MOTION FOR MORE DEFINITE STATEMENT

**IV.    CONCLUSION**

For all of the foregoing reasons, Plaintiff respectfully requests that Defendant's Motion for a Stay and Motion to Strike, Dismiss and for More Definite Statement be denied.  Should the Court grant any of Defendant's requests, Plaintiff requests leave to amend.

DATED:  February ___, 2008

Respectfully submitted,

WYNNNE LAW FIRM

By: _____
EDWARD J. WYNNE
Attorneys for Plaintiff
LAC ANH LE

DATED:  February 15, 2008

SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP

By: _____
ROBERT J. GRAY
Attorneys for Plaintiff
LAC ANH LE

PLAINTIFF'S MEMO. OF P'S AND A'S ISO OF OPPOSITION TO DEFENDANT PWC'S MOTION FOR A STAY;
MOTION TO DISMISS; AND MOTION FOR MORE DEFINITE STATEMENT