# EXHIBIT 4

1    LYNNE C. HERMLE (STATE BAR NO. 99779)
     lhermle@orrick.com
2    JOSEPH C. LIBURT (STATE BAR NO. 155507)
     jliburt@orrick.com
3    VICTORIA R. CARRADERO (STATE BAR NO. 217885)
     vcarradero@orrick.com
4    ORRICK, HERRINGTON & SUTCLIFFE LLP
     1000 Marsh Road
5    Menlo Park, CA  94025
     Telephone:    650-614-7400
6    Facsimile:    650-614-7401

7    JULIE A. TOTTEN (State Bar No. 166470)
     jtotten@orrick.com
8    ORRICK, HERRINGTON & SUTCLIFFE LLP
     400 Capitol Mall, Suite 3000
9    Sacramento, CA 95814-4497
     Telephone:    (916) 447-9200
10   Facsimile:    (916) 329-4900

11   Attorneys for Defendant
     PRICEWATERHOUSECOOPERS LLP
12   (erroneously sued as "PricewaterhouseCoopers, LLP")

13

                    UNITED STATES DISTRICT COURT
14
                   EASTERN DISTRICT OF CALIFORNIA
15

16
     JASON CAMPBELL and SARAH SOBEK,          Case No.  06-CV-02376-LKK-GGH
17   individually, and on behalf of all other
     similarly situated current and former
18   employees of PricewaterhouseCoopers, LLP,  **MEMORANDUM OF POINTS AND
                                                AUTHORITIES IN SUPPORT OF
19                Plaintiffs,                   DEFENDANT
                                                PRICEWATERHOUSECOOPERS
20        v.                                    LLP'S MOTION TO DISMISS
                                                PURSUANT TO FED. R. CIV. P.
21   PRICEWATERHOUSECOOPERS, LLP, a             12(b)(1) AND 12(b)(6) AND/OR
     Limited Liability Partnership; and DOES 1- STRIKE PURSUANT TO FED. R.
22   100, inclusive,                            CIV. P. 12(f)**

23                Defendant.                    **Date: January 16, 2007
                                                Time: 10:00 a.m.
24                                              Dept: 4**

25

26

27

28

OHS West:260125042.1

# TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | INTRODUCTION ................................................................................ | 1 |
| II. | FACTS ............................................................................................... | 2 |
| | A. Plaintiffs' Deliberate Forum Shopping ...................................... | 2 |
| | B. The Prior Judgment on the Identical 17200 Claim in Ruiz v PwC ...................... | 2 |
| III. | ARGUMENT ..................................................................................... | 4 |
| | A. This Court Lacks Diversity Jurisdiction .................................... | 4 |
| | B. Collateral Estoppel Prevents Relitigation of the Representative 17200 Claims And The Class Action Allegations in Plaintiffs' FAC .......... | 5 |
| | C. Labor Code Section 226.7 Does Not Provide A Private Right of Action ............ | 10 |
| | D. Plaintiffs Are Not Entitled to Punitive Damages ..................... | 16 |
| IV. | CONCLUSION .................................................................................. | 17 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## TABLE OF AUTHORITIES

2

### FEDERAL CASES

3

*Czechowski* v. *Tandy Corp.*,
    731 F.Supp. 406  (N.D. Cal. 1990) ................................................................... 17

4

5

*Exxon Mobil Corp.* v. *Allapattah Servs.*,
    545 U.S. 546, 125 S.Ct. 2611 (2005) ............................................................... 5

6

*General Tel. Co. of Southwest* v. *Falcon*,
    457 U.S. 147 (1982) .......................................................................................... 9

7

8

*Grupo Dataflux* v. *Atlas Global Group, LP*,
    541 U.S. 567 (2004) .......................................................................................... 5

9

*In re Bridgestone/Firestone, Inc., Tires Product Liability Litigation*,
    333 F.3d 763 (7th Cir. 2003) ............................................................................ 8

10

11

*Kamm* v. *Sugasawara*,
    509 F.2d 205 (9th Cir. 1975) ............................................................................ 9

12

*Kantor* v. *Wellesley Gardens, Ltd.*,
    704 F.2d 1088 (9th Cir. 1983) .......................................................................... 5

13

14

*Kokkonen* v. *Guardian Life Ins. Co. of America*,
    511 U.S. 375 (1994) .......................................................................................... 4

15

*Palmer* v. *Combined Ins. Co. of America*,
    2003 U.S.Dist. LEXIS 2534 (N.D. Ill. August 29, 2003) ................................ 9

16

17

*State Farm Mut. Auto. Ins. Co.* v. *Dyer*,
    19 F.3d 514  (10th Cir. 1994) ........................................................................... 5

18

### STATE CASES

19

*Alvarez* v. *May Department Stores*,
    143 Cal.App.4th 1223 (2006) .................................................................. 5, 6, 8

20

21

*Castillo* v. *The City of Los Angeles*,
    92 Cal.App.4th 477 (2001) ................................................................................ 5

22

*Central Delta Water Agency* v. *State Water Resources Control Bd.*,
    17 Cal.App.4th 621 (1993) .............................................................................. 15

23

24

*Clausing* v. *S.F. Unified School Dist.*,
    221 Cal.App.3d 1224 (1990) ............................................................................ 9

25

*Crusader Ins. Co.* v. *Scottsdale Ins. Co.*,
    54 Cal.App.4th 121 (1997) .............................................................................. 11

26

27

*David A.* v. *Superior Court*,
    20 Cal.App.4th 281  (1993) ............................................................................ 13

28

*DeAnza Santa Cruz Mobile Estates Homeowners Ass'n* v. *DeAnza Santa Cruz Mobile Estates*,
    94 Cal.App.4th 890 (2001)................................................................. 17

*Dyna-Med, Inc.* v. *Fair Employment and Housing Comm.*,
    43 Cal.3d 1379 (1987) .................................................................... 13

*Gates* v. *Superior Court*
    178 Cal.App.3d 301 (1986)............................................................ 6, 7, 8

*Johnson* v. *American Airlines*,
    *Inc.*, 157 Cal.App.3d 427 (1984) .................................................... 7

*Moradi-Shalal* v. *Fireman's Fund Ins. Co.*,
    46 Cal.3d 287 (1988) ...................................................................... 11

*Orloff* v. *Los Angeles Turf Club*,
    30 Cal.2d 110 (1947) ...................................................................... 17

*People* v. *Gardeley*,
    14 Cal.4th 605 (1996) ..................................................................... 11

*Schaefer* v. *Williams*,
    15 Cal.App.4th 1243 (1993)............................................................ 13

*Silva* v. *Block*,
    49 Cal.App.4th 345 (1996) ............................................................. 9

*Stroh* v. *Midway Restaurant Systems, Inc.*,
    180 Cal.App.3d 1040 (1986)........................................................... 15

*Troensegaard* v. *Silvercrest Indus., Inc.*,
    175 Cal.App.3d 218 (1985)............................................................. 17

*Turnbull & Turnbull* v. *ARA Transportation, Inc.*,
    219 Cal.App.3d 811 (1990)............................................................. 16

*Vikco Insurance Services, Inc.* v. *Ohio Indemnity Company*,
    70 Cal.App.4th 55 (1999)........................................................ 10, 11, 12, 13

*Wilson* v. *City of Laguna Beach*,
    6 Cal.App.4th 543 (1992) .......................................................... 13, 15

**FEDERAL STATUTES**

28 U.S.C. § 1332 ................................................................................. 5

28 U.S.C. § 1332 ................................................................................. 1

28 U.S.C. § 1332 ............................................................................. 1, 4, 5

29 C.F.R. § 541.08 ............................................................................. 3

Federal Rule of Civil Procedure 12 .................................................... 16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Federal Rule of Civil Procedure 23 ................................................................................... 9

Federal Rule of Civil Procedure 23(a) ............................................................................... 8

Federal Rules of Civil Procedure § 382 ............................................................................. 1

**STATE STATUTES**

California Labor § 98 ....................................................................................................... 13

California Labor § 203 ....................................................................................................... 2

California Labor § 226 ..................................................................................................... 16

California Labor § 226.7 .............................................................. 2, 10, 12, 13, 14, 15, 16

California Labor § 510 ....................................................................................................... 2

California Labor § 512 ..................................................................................................... 16

California Labor Code § 558 ............................................................................................ 16

Code of Civil Procedure § 1858 ...................................................................................... 11

California Business and Professions Code § 17200 ........................................ 1, 2, 3, 5, 8, 17

## I.    **INTRODUCTION**

This action against PricewaterhouseCoopers LLP (erroneously sued as "PricewaterhouseCoopers, LLP") (hereinafter referred to as "PwC") must be dismissed in its entirety pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because this Court lacks subject matter jurisdiction. Despite Plaintiffs' allegations to the contrary, the parties are both citizens of the State of California pursuant to 28 U.S.C. section 1332(a) and thus no diversity exists. In addition, the amount in controversy does not meet the $75,000 jurisdictional requirement also mandated by 28 U.S.C. section 1332(a). Plaintiffs do not meet their burden to prove by a preponderance of the evidence that this Court has jurisdiction over this action as it is pled.

Additionally, this purported wage-and-hour class action is an attempted second bite at the proverbial apple. PwC previously litigated the issue of whether a representative action was appropriate with regard to this same group of non-licensed accountants and Judge Victoria Chaney of the Los Angeles Superior Court ruled that the matter was not suitable for representative treatment. Because PwC obtained a judgment in its favor in that prior matter, the doctrine of collateral estoppel now bars Plaintiffs from proceeding forward in this matter in either a representative action pursuant to Business and Professions Code section 17200 or on a class-wide basis pursuant to Rule 23 of the Federal Rules of Civil Procedure or Section 382 of the California Code of Civil Procedure. As such, if the Court does not dismiss this action for lack of diversity jurisdiction, then PwC seeks an order dismissing and/or striking the representative portions of Plaintiffs' Business and Professions Code section 17200 claim and all class action allegations.

PwC also moves in the alternative to dismiss Plaintiffs' claims for meal and rest period violations because there is no private right of action with regard to these claims and PwC moves to strike all references to punitive damages because, as a matter of law, Plaintiffs are not entitled to punitive damages for the claims alleged.

## II. FACTS

### A. Plaintiffs' Deliberate Forum Shopping

The record in this case reflects an astoundingly clear pattern of forum shopping. On October 27, 2006, Plaintiffs each filed an individual breach of contract lawsuit, Plaintiff Sarah Sobek in the Northern District of California and Plaintiff Jason Campbell in the Eastern District of California. Having then apparently concluded that this forum would be more receptive to their allegations, Plaintiff Sarah Sobek dismissed without prejudice her complaint in the Northern District and joined Plaintiff Campbell in this lawsuit. A First Amended Complaint ("FAC") was then filed joining Sobek and Campbell as Plaintiffs in this lawsuit, and adding the claims now pled. Neither original individual complaint was served on PwC, but the FAC was served promptly.

In their FAC, Plaintiffs allege the following causes of action: (1) Failure to Compensate For All Hours Worked in Violation of Labor Code section 510; (2) Failure to Provide An Itemized Statement of Time As Required By Labor Code section 226.7; (3) Failure to Provide Second Meal Periods as Required by Labor Code sections 512 and 226.7; (4) Failure to Provide Rest Breaks As Required by Labor Code section 226.7 and Industrial Welfare Commissioner Orders;[1] (5) Waiting Time Penalties under Labor Code section 203 and (6) Violation of Business and Professions Code §§ 17200 et seq. – Unfair Business Practices. All of these claims are asserted on behalf of a proposed class of individuals, identified by Plaintiffs as: "All non-licensed associate accountants employed by Defendant in the State of California from October 27, 2002 to the present." FAC ¶ 15.

### B. The Prior Judgment on the Identical 17200 Claim in *Ruiz v PwC*

On or about December 31, 2002, Anthony Ronald Ruiz ("Ruiz") sued PwC in the Superior Court of California for the County of Los Angeles. Ruiz asserted claims under Business and Professions Code section 17200, on behalf of "current and former salaried

---

[1] Plaintiffs' Complaint erroneously labels this cause of action another "Third Cause of Action" rather than properly labeling it a "Fourth Cause of Action" and erroneously labels the next two causes of action the "Fourth" and "Fifth" causes of action rather than the "Fifth" and "Sixth" causes of action.

1   employees who, since December 31, 1998 ("Relevant Period"), have performed accountancy

2   functions before being licensed as certified public accountants" in the State of California. *See*

3   Request for Judicial Notice; Declaration of Victoria R. Carradero in support of Request for

4   Judicial Notice ("Carradero Decl."), Exh. 1 (Ruiz Complaint ¶¶ 2, 9).  Specifically, Ruiz alleged

5   that these non-licensed accountants were improperly characterized as exempt professionals and

6   should have been eligible for overtime pay. *See id* (Ruiz Complaint ¶ 18).

7           PwC demurred to the Ruiz complaint, asserting that the Business and Professions

8   Code section 17200 claim could not be appropriately brought as a representative claim because

9   the overtime exemptions required a fact specific inquiry into the circumstances surrounding each

10  employee.  In addition, PwC argued that the named plaintiff was not a proper representative of

11  the class because he was not an employee of PwC, and that the lawsuit raised serious due process

12  concerns for both PwC and the employees sought to be represented in the exemption claim. *See*

13  Request for Judicial Notice; Carradero Decl., Exhs. 2, 4 (PwC Demurrer and Reply Brief).

14          In response, plaintiff Ruiz contended that the 17200 claim would not require an

15  individualized inquiry into the facts surrounding each employee because a "bright-line" test

16  would show that the non-licensed accountants were entitled to overtime compensation. *See*

17  Request for Judicial Notice; Carradero Decl., Exh. 3 (Plaintiff's Opposition to PwC's Demurrer).

18  After extensive briefing and a hearing, Judge Victoria Chaney dismissed the representative

19  exemption/overtime claim against PwC with prejudice. *See* Request for Judicial Notice;

20  Carradero Decl., Exh. 5 (Ruling on Defendants' Demurrers and Motion to Strike ("Ruling") dated

21  December 8, 2003).

22          In her ruling dismissing the claim, Judge Chaney held that the determination of the

23  employees' exemption required a fact specific inquiry into the realistic requirement of the job.

24  Judge Chaney specifically held that "possession of a license is not the sole prerequisite for

25  possession of the exemption.  Rather, the exemption may also be determined on the basis of an

26  individual's duties and not the qualifications." *See* Request for Judicial Notice; Carradero Decl.,

27  Exh. 5 (Ruling p. 5, citing the DLSE Manual (June 2002) Section 54.10.6.3; 29 C.F.R. § 541.08).

28  Judge Chaney also held:

1
2
3
4

> Because plaintiff's "bright-line test" fails, allowing this case to proceed as a representative action will require many mini-trials in order to determine whether each junior accountant employee of Defendants is exempted from California overtime laws. (Citations omitted.) Therefore, this case will not result in the "streamlined" procedure envisioned by Legislature and can not proceed as a representative action. (Citations omitted.)

*See* Request for Judicial Notice; Carradero Decl., Exh. 5 (Ruling p. 6).

5
6
7
8
9

Judge Chaney went on to find additional reasons that the case could not proceed, including due process and conflict of interest concerns arising from the fact that the plaintiff was not an employee of PricewaterhouseCoopers LLP. *See* Request for Judicial Notice; Carradero Decl., Exh. 5 (Ruling pp. 6-7).

10
11
12
13

The Ruling dismissing the action was dated December 8, 2003, and a judgment was later issued in favor of PwC, which became final in 2004. *See* Request for Judicial Notice; Carradero Decl., Exh. 6 (Judgment dated January 20, 2004) and Exh. 7 (Notice of Entry of Judgment dated January 23, 2004).

## III.    ARGUMENT

### A.    This Court Lacks Diversity Jurisdiction

14
15
16
17
18
19
20

Plaintiffs have the burden of establishing that there is diversity of citizenship between the parties, and that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) ("it is to be presumed that a cause lies outside [the federal court's] limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction") (internal citations omitted).

21
22
23
24
25
26
27
28

Here, Plaintiffs attempt to satisfy the requirements for diversity jurisdiction by alleging that "Each of the Plaintiffs is a citizen of the State of California" and that PwC "is a Limited Liability Partnership 'under the laws of the State of Delaware' with an 'executive office and principal place of business in New York.'" *See* Plaintiffs' FAC ¶ 8. However, PwC is a limited liability partnership registered in the State of California and it has numerous partners [who are domiciled in California] and whose place of residence is in the State of California. *See* Declaration of Jace J. Wagner, ¶ 4. For purposes of diversity jurisdiction, partnerships are treated

TABLE OF AUTHORITIES
CASE NO. 06-CV-02376-LKK-GGH

1  as a citizen of *each* state in which its members are citizens. *See, e.g., Grupo Dataflux v. Atlas*

2  *Global Group, LP*, 541 U.S. 567, 569 (2004) (it is an "accepted rule" that a partnership "is a

3  citizen of each state or foreign country of which any of its partners is a citizen"); *see also Kantor*

4  *v. Wellesley Gardens, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983) (a person is a citizen of the state

5  in which he or she is domiciled); *State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th

6  Cir. 1994) ("the place of residence is prima facie the domicile"). As such, PwC is a citizen of the

7  State of California and there is no diversity jurisdiction under 28 U.S.C. section 1332(a).

8      In addition, although Plaintiffs summarily allege that the "amount in controversy

9  exceeds $75,000" (*see* FAC ¶ 8), they fail to allege that at least one named plaintiff in this

10 putative class action satisfies the amount-in-controversy requirement, as required by 28 U.S.C.

11 section 1332(a). *See Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 125 S. Ct. 2611,

12 2620-21 (2005). Accordingly, the Court lacks diversity jurisdiction pursuant to 28 U.S.C. section

13 1332 and the case must be dismissed.

14  **B.**     **Collateral Estoppel Prevents Relitigation of the Representative 17200 Claims**
           **And The Class Action Allegations in Plaintiffs' FAC**

15          **1.**     **Collateral Estoppel Bars Plaintiffs' Representative 17200 Claims**

16      Wholly aside from the merits of the individual Plaintiffs' claims, the representative

17 allegations should be stricken because Judge Chaney's earlier dismissal of a representative action

18 involving the same proposed class of individuals is preclusive.

19      The doctrine of collateral estoppel prevents relitigation of issues previously argued

20 and resolved in a prior proceeding. *Alvarez v. May Department Stores*, 143 Cal. App. 4th 1223,

21 1233 (2006). Collateral estoppel applies where: (1) the issue to be litigated is identical to that

22 decided in a prior proceeding; (2) the issue is actually litigated in a prior proceeding; (3) the issue

23 is necessarily decided in a prior proceeding; (4) the decision was final on the merits; and

24 (5) preclusion is sought against one who was the party or in privity with the party to the prior

25 proceeding. *Id.; Castillo v. The City of Los Angeles*, 92 Cal. App. 4th 477, 481 (2001).

26      In *Alvarez*, the plaintiffs alleged class action claims for overtime compensation

27 and other wage practices pursuant to Business and Professions Code section 17200 and other

28

1  statutes. Other courts had previously denied motions for class certification for the same group of

2  employees. In applying collateral estoppel principles and dismissing plaintiffs' representative

3  claims on the merits, the court held that absent members of the representative group were bound

4  by the earlier rulings. *Alvarez,* 143 Cal. App. 4th at 1228.

5        The *Alvarez* Court rejected plaintiffs' argument that they were not in privity with

6  the earlier plaintiffs, noting that for collateral estoppel the interests of the parties must be

7  sufficiently similar so that the first party is the virtual representative of the second party, or "the

8  first party must be acting in a representative capacity for the second party." *Id.* at 1236, *citing*

9  *Gates v. Superior Court*, 178 Cal.App. 3d 301, 307 (1986) ("Judgments in representative taxpayer

10  actions are binding on all other taxpayers even though the named taxpayer plaintiff in the second

11  suit was not the same taxpayer who brought the original case"). The *Alvarez* Court then held "the

12  emphasis is not on a concept of identity of parties, but on the practical situation. The question is

13  whether the non-party is sufficiently close to the original case to afford application of the

14  principles of preclusion." *Alvarez,* 143 Cal. App. 4th at 1236-37 (internal quotation marks

15  omitted). Noting the limited effect the dismissal of the representative claims would have, the

16  Court stated: "our decision will not eliminate appellants' substantive rights to bring their

17  lawsuits. Instead, it could potentially deny them the ability to serve as representative of other

18  litigants." *Id.* at 1233.

19              a.      **The Issues Are Identical**

20        Applying the *Alvarez* analysis to the facts at hand yields a similar result. In the

21  *Ruiz* matter, Plaintiff Ruiz alleged that non-licensed accountants employed by PwC were

22  improperly classified as exempt from overtime. He sought back wages as a result of this alleged

23  misclassification. In this matter, Plaintiffs also allege that non-licensed accountants employed by

24  PwC are improperly classified as exempt from overtime. They also seek back overtime wages,

25  and they assert other claims that all arise from the alleged misclassification: specifically, failure to

26  provide wage statements, failure to provide meal and rest periods and waiting time penalties.

27  Judge Chaney dismissed the *Ruiz* matter, ruling that representative treatment for analysis of the

28  exemption issue was not appropriate because "allowing the case to proceed as a representative

1   action will require many mini-trials in order to determine whether each junior accountant

2   employee of Defendants is exempted from California overtime laws." *See* Request for Judicial

3   Notice; Carradero Decl., Exh. 5 (Ruling p. 6).

4         That Plaintiffs in this matter bring causes of action in addition to the claim for

5   back pay asserted in *Ruiz* is not relevant to the Court's analysis because when an issue has been

6   litigated "all inquiry respecting the same matter is foreclosed, not only as to matters heard but

7   also as to matters that could have been heard in support of or in opposition thereto." *See Gates*,

8   178 Cal. App. 3d at 308. Because the additional claims brought by the Plaintiffs in this matter all

9   arise out of the alleged misclassification, which was the identical issue addressed by the *Ruiz*

10  court, Plaintiffs are precluded from now asserting these claims on a representative basis.

11              **b.**    **The Issue Of Representation Was Actually Litigated and
                          Decided**

12

13        The *Ruiz* matter afforded Plaintiffs a full and fair opportunity to be heard on the

    issue of whether a representative action should proceed on behalf of all non-licensed accountants.
14
    In that matter, both PwC and Plaintiff Ruiz fully briefed the issue of whether a representative
15
    action was appropriate and both parties had the opportunity to argue their respective positions to
16
    the Court before the Court issues a ruling. There is, therefore, no dispute that the second element
17
    is satisfied, as well.
18

19              **c.**    **There Was A Final Determination On The Merits**

20        Judge Chaney's Ruling later became a Judgment in favor of PwC. *See* Request for

    Judicial Notice, Carradero Decl., Exh. 6 and 7 (Judgment and Notice of Entry of Judgment).
21
    Final judgments cannot be re-litigated because of res judicata and collateral estoppel, among
22
    other reasons. *See Johnson v. American Airlines, Inc.,* 157 Cal. App. 3d 427, 430-31 (1984)
23
    (doctrine of res judicata gives conclusive effect to an earlier judgment in subsequent litigation
24
    involving same controversy). A "final judgment" for purposes of issue preclusion means only a
25
    judicial determination "determined to be sufficiently firm to be accorded a conclusive effect."
26
    Restatement (Second) of Judgment at § 13. Judge Chaney's Ruling and the subsequent Judgment
27
    are sufficient to meet this standard.
28

1

          **d.**    **Preclusion Is Sought Against Those In Privity With Ruiz**

2                  Members of the representative group in the *Ruiz* matter - unlicensed accountants -

3  are the same members of the putative class in this action.  Preclusion is sought against these

4  Plaintiffs here, who are in privity with the plaintiff in *Ruiz*, because Ruiz sought to be the "virtual

5  representative" of the non-licensed accountants and was purporting to act "in a representative

6  capacity" for those non-licensed accountants.  *See Alvarez*, 143 Cal. App. 4th at 1236; *see also*

7  *Gates*, 178 Cal. App. 3d at 307.  Although the named plaintiffs have changed, the individuals who

8  would actually benefit from the representation (the putative class members) have remained the

9  same.  *In re Bridgestone/Firestone, Inc., Tires Product Liability Litigation*, 333 F.3d 763, 766-68

10  (7th Cir. 2003) (putative class members to a second class action motion are the same parties to the

11  first denial of class certification "as they receive the fruits of victory, so an adverse decision is

12  conclusive against them").  This satisfies the fourth element.

13

          **2.**    **The *Ruiz* Ruling Also Bars Plaintiffs' Class Allegations**

14                  The Court's decision in *Ruiz* clearly bars Plaintiffs' representative claims via

15  Business and Professions Code section 17200 in this matter as this was the identical issue decided

16  by Judge Chaney in *Ruiz*.  Additionally, for all of the same reasons that the representative claims

17  are barred, the *Ruiz* ruling also bars Plaintiffs' class allegations because the analysis applied by

18  the Court in *Ruiz* is the identical analysis used to determine whether class certification is

19  appropriate.  Under Rule 23 of the Federal Rules of Civil Procedure, a class may be certified only

20  if there is a determination that there are questions of law or fact common to the class.  *See* Fed. R.

21  Civ. P. 23(a)(2).  Judge Chaney analyzed this exact issue in the *Ruiz* matter when she addressed

22  Plaintiff Ruiz' assertion that a "bright-line test" could be applied to determine the exempt status

23  of those Ruiz sought to represent.  Judge Chaney stated the following in this regard:

24

25               First, the determination of an employee's exemption from California's
               overtime laws requires that the court make a factual inquiry "into the
               realistic requirements of the job.  In doing so, the court should consider,

26               first and foremost, how the employee actually spends his or her time."
               (Citations omitted.)

27

28               Second, possession of a license is not the sole prerequisite for possession
               of the exemption.  Rather, the exemption may also be determined on the

basis of an individual's duties or other qualifications. (Citations omitted.)

Finally, as a matter of common sense, exercising discretion and independent judgment is not incompatible with being under the control and supervision of someone else. (Citations omitted.) If this were the law, no employee with a supervisor could be exempt from California's overtime provisions. Junior associates at law firms who are under the control and supervision of partners would not be exempt. Even the highest-ranking officers of a company are under the control and supervision of a board of directors.

Because plaintiffs' "bright-line test" fails, allowing this case to proceed as a representative action would require numerous mini-trials in order to determine whether each junior accountant employee of Defendants is exempt from California's overtime laws. (Citations omitted.) Therefore, this case will not result in the "streamlined" procedure envisioned by the Legislature and cannot proceed as a representative action. (Citations omitted.)

*See* Request for Judicial Notice, Carradero Decl., Exh. 5 (Ruling, pp. 5-6).

Although certification of a class is often determined after a motion for certification, "[s]ometimes the issues are clear enough from the pleadings to determine" whether class action status is appropriate. *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982). In fact, numerous courts have affirmed the propriety of striking class or representative allegations. *See, e.g., Kamm v. Sugasawara*, 509 F.2d 205, 212 (9th Cir. 1975) (district court properly granted motion to dismiss and strike class allegations under Rule 23(d)(4)); *Palmer v. Combined Ins. Co. of America*, 2003 U.S. Dist. LEXIS 2534 at *5 (N.D. Ill. August 29, 2003) ("[I]t is sometimes possible to determine from the pleadings alone [the Rule 23] requirements cannot possibly be met, and in such cases, striking class allegations before commencing discovery is appropriate.") Such a motion on the pleadings is appropriate because Rule 23(d)(4) of the Federal Rules of Civil Procedure gives a court the authority to require that the pleadings "be amended to eliminate therefrom allegations as to representations of absent persons." Fed. R. Civ. P. 23(d).[2]

---

2 The same standard applies under California law, where trial courts properly and routinely decide the issue of class sufficiency on demurrer, sustaining demurrers without leave to amend when it is clear there is no reasonable possibility that the plaintiff can satisfy the class requirements. *Silva v. Block*, 49 Cal. App. 4th 345, 349 (1996) (trial court properly exercised its discretion to sustain defendant's demurrer to plaintiffs' class allegations without leave to amend where there was no reasonable possibility of establishing sufficient community of interest among putative class members); *Clausing v. S.F. Unified School Dist.*, 221 Cal. App. 3d 1224, 1234 (1990) ("[w]here a complaint, on its face, fails to allege facts sufficient to establish a community of interest as to the elements of the class claims, it would be a waste of time and judicial

1    Here, because the standard applied by Judge Chaney to dismiss the *Ruiz*

2  representative action is the same as the standard that this Court would engage in to determine

3  whether class certification is appropriate for the putative class in this matter, certification can be

4  decided at the pleading stage and all class allegations should be dismissed and/or stricken from

5  Plaintiffs' FAC. This is true for *all* of Plaintiffs' purported class claims because each substantive

6  cause of action arises out of the alleged misclassification of the non-licensed accountants as

7  exempt, which was the identical issue addressed by the *Ruiz* court.

8    For all these reasons, Plaintiffs' representative 17200 and class allegations must be

9  dismissed and/or stricken from the FAC.

10   **C.    Labor Code Section 226.7 Does Not Provide A Private Right of Action**

11   Labor Code section 226.7(b) provides for a penalty of "one additional hour of pay"

12  for each day the employee is not provided with a meal or rest period. Cal. Lab. Code § 226.7(b).

13  Plaintiffs have no private right of action to sue for Section 226.7 penalties. The plain language of

14  Labor Code section 226.7 does not create a private right of action as a means to pursue penalties

15  created by that statute, and the legislative history of Labor Code section 226.7 demonstrates that

16  the Legislature did not intend to create a private right of action.

17   **1.    The Plain Language of Labor Code Section 226.7 Does Not Afford
        Plaintiffs A Private Right of Action For Penalties For Missed Meal and**

18   **Rest Periods**

19   In analyzing a statute, the court first looks to "ascertain the intent of the

20  Legislature so as to effectuate the purpose of the law." *Vikco Insurance Services, Inc. v. Ohio*

21  *Indemnity Company*, 70 Cal. App. 4th 55, 61 (1999). "In determining [the Legislature's] intent, a

22  court must look to the words of the statute themselves, giving to the language its usual ordinary

23  import and according significance, if possible, to every word, phrase and sentence in pursuance of

24  the legislative purpose." *Id.* Moreover, "'a court is not authorized to insert qualifying provisions

25  not included and may not rewrite the statute to conform to an assumed intention which does not

26  appear from its language.'" *Id.* at 62 (quoting *In re Hoddinott*, 12 Cal. 4th 992, 1002 (1996)); *see*

27  ─────────────────────────────────────────

    resources to require a full evidentiary hearing when the matter can properly be disposed of by
28  demurrer").

1    *also People v. Gardeley* 14 Cal. 4th 605, 622 (1996); *see also* Code of Civ. Proc. section 1858

2    (in construing a statute, court's role "is simply to ascertain and declare what is in terms or in

3    substance contained therein, not to insert what has been omitted"). "Courts are not at liberty to

4    impute a particular intention to the Legislature when nothing in the language of the statute implies

5    such an intention." *Vikco*, 70 Cal. App. 4th at 62. The legislative history of the statute may be

6    considered in ascertaining the legislative intent. *Id.* at 61.

7              a.       <u>Not All Regulatory Statutes Provide Private Rights of Action</u>

8              "Adoption of a regulatory statute does not automatically create a private right to

9    sue for damages resulting from violations of the statute." *Vikco*, 70 Cal. App. 4th at 62. Whether

10   a regulatory statute creates a private right of action is determined by ascertaining whether the

11   Legislature intended to do so. *Id.*; *Crusader Ins. Co. v. Scottsdale Ins. Co.*, 54 Cal. App. 4th 121,

12   131-134 (1997); *Moradi-Shalal v. Fireman's Fund Ins. Co.*, 46 Cal. 3d 287, 305 (1988). "If the

13   Legislature intends to create a private cause of action, we generally assume it will do so directly

14   in clear, understandable, unmistakable terms." *Vikco*, 70 Cal. App. 4th at 62-63 (quoting *Moradi-

15   Shalal*, 46 Cal. 3d at 294-95) (internal quotations marks and ellipses omitted).

16             As the Court of Appeal has noted, "[t]he Legislature can have legitimate reasons

17   for not creating a private right to sue for violation of a regulatory statute. Entrusting enforcement

18   of a regulatory statute solely to an administrator can serve at least three possible legislative

19   objectives: expertise of enforcement, uniformity of enforcement, and avoidance of the burdens

20   and possibly counterproductive effects that can be created when litigation is motivated by private

21   objectives." *Crusader*, 54 Cal. App. 4th at 134.

22             b.       <u>Section 226.7 Does Not Provide A Private Right of Action</u>

23             Here, Section 226.7 does not make any reference whatsoever to a private right of

24   action, or any other language stating that an individual employee (or class of employees) may

25   bring a lawsuit to enforce the statute. Section 226.7 states:

26

27

28

1    (1)    No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare

2    commission.

3    (2)    If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare

4    Commission, the employer shall pay one additional hour of pay at the employee's regular rate of compensation for each work day that the meal

5    or rest period is not provided.

6    This language is the entire statute.  Nowhere does Labor Code section 226.7 give

7    an employee a private right of action to pursue the penalties for a missed meal and rest periods.

8    The conspicuous absence from Labor Code section 226.7 of any language creating a private right

9    of action cannot be ignored.  Certainly, there is no language providing a private right of action

10    "directly ... in clear, understandable, unmistakable terms," *Vikco*, 70 Cal. App. 4th at 62-63, as

11    California law requires.

12    This conclusion is reinforced by the Legislature's demonstrated ability to provide a

13    private right of action where it intends to do so.  Elsewhere in the Labor Code, where the

14    Legislature intended to create a private right of action, it has used words expressly providing for

15    one.  For example, Labor Code section 203 provides for waiting-time penalties for the late

16    payment of wages.  The Legislature clearly stated that: "Suit may be filed for these penalties at

17    any time before the expiration of the statute of limitations on an action for wages for which the

18    penalties arise." (Emphasis added.)  Labor Code section 203.1 provides for penalties for paying

19    wages with a bad check.  Again, the Legislature indicated its intent to create a private right of

20    action, providing that penalties should not be assessed, "if the employer can establish to the

21    satisfaction of the Labor Commissioner or appropriate court of law that the violation of the

22    section was unintentional."  Labor Code section 203.1 (emphasis added).

23    Similarly, Labor Code section 1194 provides that an employee "is entitled to

24    recover in a civil action" wages due because of failure to pay the minimum wage.  (Emphasis

25    added).  Labor Code section 1194.2, subdivision (a) then establishes a liquidated damages

26    penalty, unless "the employer demonstrates to the satisfaction of the court" that the failure to pay

27    the minimum wage was in good faith and based on reasonable grounds that it was lawful.  Labor

28    Code section 1194.2 (b) (emphasis added).  As these examples demonstrate, where the

1  Legislature intended to create a private right of action, it knew how to do so by including clear,

2  unmistakable language in the statute establishing or referencing a private right of action.

3          Significantly, in Labor Code section 226.7, the Legislature omitted any such

4  language, thereby demonstrating its intent that there be no private right of action for penalties

5  under that statute. *Schaefer v. Williams* 15 Cal.App. 4th 1243, 1248 (1993) ("Surely, if the

6  Legislature had intended to create … a private action, it would have done so by clear and direct

7  language."). Because the Legislature did not "directly in clear, understandable, unmistakable

8  terms" (*Vikco*, 70 Cal. App. 4th at 62-63) create a private right of action for violation of Section

9  226.7, there isn't one.

10         This conclusion is reinforced by the generally recognized canon of statutory

11 construction that the express inclusion of one class of actions implies the exclusion of others.

12 *David A. v. Superior Court*, 20 Cal. App. 4th 281, 287 (1993).  Here, the Legislature has provided

13 for a remedy with the Labor Commissioner.  Labor Code Section 98(a) ("The Labor

14 Commissioner may provide for a hearing in any action to recover wages, penalties, and other

15 demands for compensation properly before the division or the Labor Commissioner including

16 orders of the Industrial Welfare Commission, and shall determine all matters arising under his or

17 her jurisdiction").  Thus, the Legislature has not directly, clearly, and unmistakably provided a

18 private right of action, and has also implied the exclusion of a private right of action by providing

19 for a remedy with the Labor Commissioner.  Labor Code section 226.7 does not provide a private

20 right of action.  Thus, Plaintiffs' first cause of action must be dismissed.

21              2.    **The Legislative History of Labor Code Section 226.7 Confirms That**
                      **The Legislature Did Not Intend To Create A Private Right Of Action**
22                    **Under The Statute**

23         The legislative history further demonstrates that the Legislature did not intend to

24 create a private right of action under Section 226.7.  In ascertaining legislative intent, a court

25 may look to the statute's legislative history, *Dyna-Med, Inc. v. Fair Employment and Housing*

26 *Comm.*, 43 Cal. 3d 1379, 1387 (1987), and should do so if there is any ambiguity in the statute.

27 *Wilson v. City of Laguna Beach*, 6 Cal. App. 4th 543, 554 (1992).

28         Here, as discussed above, there is no ambiguity.  Nevertheless, the legislative

OHS West:260125042.1                    - 13 -                    TABLE OF AUTHORITIES
                                                                  CASE NO. 06-CV-02376-LKK-GGH

1   history of Section 226.7 shows that the Legislature initially considered adopting a provision to

2   create a private right of action for missed meal and rest periods.  Significantly, the Legislature

3   later removed that provision, thereby undisputedly expressing its intent that there not be a private

4   right of action for meal and rest periods.

5          The Legislature first proposed Labor Code section 226.7 through Assembly Bill

6   2509 in 2000, to be effective January 1, 2001.  *See* Stats. 2000, ch. 876 (A.B. 2509 § 7).  On

7   February 24, 2000, Labor Code section 226.7 was introduced as part of Assembly Bill 2509 and

8   stated:

9

10          226.7 (a)  No employer shall require any employee to work during any meal or rest
            period mandated by an applicable order of the Industrial Welfare Commission.
11          …

12          (c) Any employee aggrieved by a violation of this section may do either of the
            following:

13          (1)      Seek recovery of payments under paragraph (2) of subdivision (b)
                     through a complaint filed pursuant to subdivision (a) of Section 98.
14

15          (2)      *Seek recovery of payments under paragraph (2) of subdivision (b)
                     in a civil action.  The court shall award a prevailing plaintiff in such an
                     action reasonable attorney's fees.*
16

17   *See* Request for Judicial Notice; Carradero Decl., Exh. 9, pages 20-21 (emphasis added).  Thus, as

18   initially introduced, Labor Code 226.7 gave an employee the choice of seeking meal and rest

19   period penalties either through (1) filing an administrative claim with the Labor Commissioner or

20   (2) filing a private action in court.  The Legislative Counsel's Digest attached to Assembly Bill

21   2509 as introduced explained:

22          This bill would make any employer that requires any employee to work
            during a meal or rest period mandated by order of the commission subject
23          to a civil penalty, of $50 per violation and liable to the employee for twice
            the employee's average hourly wage or piecework pay.  An aggrieved
24          employee could bring an administrative action before the Labor
            Commissioner or **could commence a civil action** for recovery of these
25          amounts, and if the employee prevails in such a civil action, the employee
            would be entitled to attorney's fees.
26

27   *See* Request For Judicial Notice; Carradero Decl., Exh. 9, p. 4 (emphasis added).

28          Critically, on August 25, 2000, the Legislature **deleted** the provision of proposed

OHS West:260125042.1                          - 14 -                    TABLE OF AUTHORITIES
                                                                        CASE NO. 06-CV-02376-LKK-GGH

1   Labor Code Section 226.7 that would have created a private right of action.  *See* Req. For Judicial

2   Notice; Carradero Decl., Exh. 11, pp. 5, 20.  The Legislature then adopted and enacted the current

3   version of Labor Code section 226.7, without the deleted provision for a private right of action.

4   The Senate Bill analysis of the AB 2509, August 25, 2000, amendment states that it "[p]laces into

5   statute the provisions of the IWC wage orders concerning meal and rest periods ....  Failure to

6   provide [] meal and rest periods would subject an employer to paying the worker one hour of

7   wages each day when rest periods were not offered.  **The option of filing a private right of**

8   **action is deleted**."  *See* Request For Judicial Notice; Carradero Decl., Exh. 10, p. 4 (emphasis

9   added).

10          Thus, the legislative history shows that initially the Legislature proposed allowing

11  a private right of action pursuant to Labor Code section 226.7, but during the legislative process,

12  purposefully deleted that provision.  In such circumstances, the statute cannot be construed to

13  include the deleted provision.  *Central Delta Water Agency v. State Water Resources Control Bd.*,

14  17 Cal. App. 4th 621, 634 (1993) ("The fact that the Legislature chose to omit a provision from

15  the final version of a statute which was included in an earlier version constitutes strong evidence

16  that the act should not be construed to incorporate the original provision.");  *Wilson*, 6 Cal. App.

17  4th at 555 ("The rejection of a specific provision contained in an act as originally introduced is

18  most persuasive that the act should not be interpreted to include what was left out." (internal

19  quotation marks omitted)).  Labor Code section 226.7 must be construed according to the final

20  version of Assembly Bill 2509, and cannot be construed to include a provision that was

21  specifically omitted prior to the final version.  *Stroh v. Midway Restaurant Systems, Inc.*, 180 Cal.

22  App. 3d 1040, 1055 (1986)("When the Legislature rejects language in a bill which was part of it

23  when it was introduced, it should be construed according to the final version").  Thus, Section

24  226.7 provides no private right of action.

25          The absence of any clear language in the statute creating a private right of action,

26  coupled with the Legislature's deletion of a provision that would have granted a private right of

27  action, establish conclusively that the Legislature did not intend to create a private right to sue

28  based on an alleged violation of section 226.7.  Rather, Labor Code section 226.7 provides a

1    penalty that may be enforced by the Labor Commissioner. Plaintiffs' meal and rest period claims

2    must be dismissed with prejudice.

3        **D.    Plaintiffs Are Not Entitled to Punitive Damages**

4            Federal Rule of Civil Procedure 12(f) provides that a party may move to strike

5    "any redundant, immaterial, impertinent, or scandalous matter." Here, the Court should strike

6    Plaintiffs' requests for punitive damages because, as a matter of law, they are not entitled to this

7    remedy for the stated claims.

8            Plaintiffs seek punitive damages as a remedy for the following theories of liability:

9    unpaid wages in violation of Labor Code Section 510 (*see* FAC ¶ 33), failure to provide an

10   itemized wage statement pursuant to Labor Code pursuant to Labor Code section 226 (*see* FAC

11   ¶ 38), failure to provide second meal periods as required by Labor Code sections 512 and 226.7

12   (*see* FAC ¶ 45) and failure to provide rest breaks as required by Labor Code section 226.7 and

13   Industrial Welfare Commission Orders (*see* FAC ¶ 51).

14           Plaintiffs' requests for punitive damages are inappropriate, however, because the

15   relevant statutes provide for specific remedies and penalties. Specifically, California Labor Code

16   section 558 provides a civil penalty for Plaintiffs' first cause of action for failure to comply with

17   Labor Code section 510, *i.e.* $50 for the initial violation for each underpaid employee for each

18   pay period and $100 for the subsequent violation for each underpaid employee for each pay

19   period. *See* Cal. Lab. Code § 558(a). A civil penalty is also available for Plaintiff's second cause

20   of action *i.e.,* $50 for the first violation, and $100 for subsequent violations, not to exceed $4,000.

21   *See* Cal. Lab. Code § 226(e). Finally, a civil penalty is also available for Plaintiffs' third and

22   fourth causes of action for missed meal and rest periods, *i.e.,* one additional hour of pay at the

23   employee's regular rate of compensation for each work day that the meal or rest period is not

24   provided. *See* Cal. Lab. Code § 226.7.

25           None of these statutes authorize a plaintiff to recover punitive damages, and, thus,

26   punitive damages are not permitted. *See Turnbull & Turnbull v. ARA Transportation, Inc.,* 219

27   Cal. App. 3d 811, 826-827 (1990) ("when a new right . . . is created by statute and a statutory

28   remedy for the infringement thereof is provided, such remedy is exclusive of all others"), *citing*

1   *Orloff v. Los Angeles Turf Club,* 30 Cal. 2d 110, 112-113 (1947); *see also Czechowski v. Tandy*

2   *Corp.,* 731 F. Supp. 406, 410 (N.D. Cal. 1990) (penalty provision provided by Labor Code

3   precludes award of punitive damages); *DeAnza Santa Cruz Mobile Estates Homeowners Ass'n v.*

4   *DeAnza Santa Cruz Mobile Estates,* 94 Cal. App. 4th 890, 912-13 (2001) ("[A] plaintiff cannot

5   recover both punitive damages and statutory penalties, as this would constitute a prohibited

6   double penalty for the same act."); *Troensegaard v. Silvercrest Indus., Inc.*, 175 Cal. App. 3d 218,

7   228 (1985) (striking punitive damages award based on duplicity of penalty: "We are of the

8   opinion that had the Legislature, by Civil Code sections 3294 (permitting punitive damages) and

9   1794 (permitting a civil penalty), intended a double recovery of punitive and penal damages for

10   the same . . . acts, it would in some appropriate manner have said so." (internal emphases

11   omitted)).

12           For these reasons, the Court should strike Plaintiffs' requests for punitive damages

13   as stated in FAC paragraphs 35, 42, 48 and 54 and in the Prayer.

14   **IV.**     **CONCLUSION**

15           For all of the foregoing reasons, PwC requests that this Court dismiss the FAC in

16   its entirety because the court lacks diversity jurisdiction over this action. Alternatively, PwC

17   requests that the Court dismiss and/or strike the representative portion of Plaintiffs' sixth claim

18   for violation of Business and Professions Code section 17200 and all class allegations from

19   Plaintiffs' FAC. PwC also requests that this Court dismiss Plaintiffs' claims for meal and rest

20   period violations because there is no private right of action with regard to these claims and that it

21   strike all references to punitive damages in the FAC.

22

23

24

25

26

27

28

1    Dated: November 22, 2006                LYNNE C. HERMLE
                                             JOSEPH C. LIBURT
2                                            JULIE A. TOTTEN
                                             VICTORIA R. CARRADERO
3                                            ORRICK, HERRINGTON & SUTCLIFFE LLP

4

5                                                  /s/ Lynne C. Hermle /s/
                                             ─────────────────────────────────
6                                                    Lynne C. Hermle
                                             Attorneys for PricewaterhouseCoopers LLP

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OHS West:260125042.1                    - 18 -                    TABLE OF AUTHORITIES
                                                             CASE NO. 06-CV-02376-LKK-GGH