# EXHIBIT 6

1   LYNNE C. HERMLE (STATE BAR NO. 99779)
    lchermle@orrick.com
2   JOSEPH C. LIBURT (STATE BAR NO. 155507)
    jliburt@orrick.com
3   VICTORIA R. CARRADERO (STATE BAR NO. 217885)
    vcarradero@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Road
5   Menlo Park, CA  94025
    Telephone:    650-614-7400
6   Facsimile:    650-614-7401

7   JULIE A. TOTTEN (State Bar No. 166470)
    jatotten@orrick.com
8   ORRICK, HERRINGTON & SUTCLIFFE LLP
    400 Capitol Mall, Suite 3000
9   Sacramento, CA 95814-4497
    Telephone:    (916) 447-9200
10  Facsimile:    (916) 329-4900

11  Attorneys for Defendant
    PRICEWATERHOUSECOOPERS LLP
12  (erroneously sued as "PricewaterhouseCoopers, LLP")

13

14                  UNITED STATES DISTRICT COURT

15                  EASTERN DISTRICT OF CALIFORNIA

16

17  JASON CAMPBELL and SARAH SOBEK,          Case No.  06-CV-02376-LKK-GGH
    individually, and on behalf of all other
18  similarly situated current and former       **MEMORANDUM OF POINTS AND**
    employees of PricewaterhouseCoopers, LLP,   **AUTHORITIES IN SUPPORT OF**
19                                              **DEFENDANT**
                Plaintiffs,                     **PRICEWATERHOUSECOOPERS**
20                                              **LLP'S MOTION TO DISMISS**
            v.                                  **PURSUANT TO FED. R. CIV. P.**
21                                              **12(b)(6) AND/OR STRIKE**
    PRICEWATERHOUSECOOPERS, LLP, a             **PURSUANT TO FED. R. CIV. P. 12(f)**
22  Limited Liability Partnership; and DOES 1-
    100, inclusive,                            Date: March 12, 2007
23                                              Time: 10:00 a.m.
                Defendant.                      Dept: 4
24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................. 1

II.   FACTS ............................................................................................................... 1

    A.    Plaintiffs' Deliberate Forum Shopping ........................................................ 1

    B.    Current Procedural History ........................................................................... 2

    C.    The Prior Judgment On The Identical 17200 Claim In *Ruiz v PwC* .................... 3

III.  ARGUMENT ...................................................................................................... 5

    A.    Collateral Estoppel Prevents Relitigation Of The Representative 17200 Claims And The Class Action Allegations In Plaintiffs' SAC ............................. 5

        1.    Collateral Estoppel Bars Plaintiffs' Representative 17200 Claims............. 5

            a.    The Issues Are Identical ................................................................ 6

            b.    The Issue Of Representation Was Actually Litigated And Decided ........................................................................................ 7

            c.    There Was A Final Determination On The Merits.......................... 7

            d.    Preclusion Is Sought Against Those In Privity With Ruiz.............. 8

        2.    The *Ruiz* Ruling Also Bars Plaintiffs' Class Allegations ........................ 8

    B.    Labor Code Section 226.7 Does Not Provide A Private Right of Action............. 12

        1.    The Plain Language Of Labor Code Section 226.7 Does Not Afford Plaintiffs A Private Right of Action For Penalties For Missed Meal And Rest Periods........................................................................................ 12

            a.    Not All Regulatory Statutes Provide Private Rights Of Action................................................................................................ 12

            b.    Labor Code Section 226.7 Does Not Provide A Private Right Of Action................................................................................... 13

                (1)    No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare commission. ........................................................... 13

                (2)    If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.......................................... 13

        2.    The Legislative History Of Labor Code Section 226.7 Confirms That The Legislature Did Not Intend To Create A Private Right Of Action Under The Statute..................................................................... 15

    C.    Plaintiffs Are Not Entitled To Punitive Damages................................................. 17

IV.   CONCLUSION ................................................................................................. 19

TABLE OF CONTENTS
CASE NO. 06-CV-02376-LKK-GGH

1

**TABLE OF AUTHORITIES**
(continued)

2

Page

3

*In re Bridgestone/Firestone, Inc., Tires Product Liability Litigation*
   333 F.3d 763 (7th Cir. 2003)..................................................................... 8

*Czechowski v. Tandy Corp.,*
   731 F. Supp. 406 (N.D. Cal. 1990) ......................................................... 18

*Doninger v. Pacific Northwest Bell, Inc.*
   564 F.2d 1304 (9th Cir. 1977).................................................................. 9

*General Tel. Co., v. Falcon*
   457 U.S. 147 (1982)............................................................................. 9, 11

*Kamm v. Sugasawara*
   509 F.2d 205 (9th Cir. 1975).................................................................. 11

*Lazar v. Trans Union LLC*
   195 F.R.D. 665 (C.D. Cal. 2000) ............................................................. 9

*In re N. Dist. of Cal. Dalkon Shield IUD Prods. Liab.,*
   693 F.2d 847 (9th Cir. 1982).................................................................... 9

*Palmer v. Combined Ins. Co. of America*
   2003 U.S. Dist. LEXIS 2534 (N.D. Ill. August 29, 2003) ...................... 11

*Zinser v. Accufix Research Inst., Inc.*
   253 F.3d 1180 (9th Cir. 2001)................................................................ 10

**STATE CASES**

*Alvarez v. May Department Stores*
   143 Cal. App. 4th 1223 (2006)...................................................... 5, 6, 8, 9

*Bronco Wine v. Frank A. Logoluso Farms*
   214 Cal. App. 3d 699 (1989).................................................................... 9

*Castillo v. The City of Los Angeles*
   92 Cal. App. 4th 477 (2001)..................................................................... 5

*Central Delta Water Agency v. State Water Resources Control Bd.*
   17 Cal. App. 4th 621 (1993).................................................................... 17

*Clausing v. S.F. Unified School Dist.*
   221 Cal. App. 3d 1224 (1990).................................................................. 11

*Cortez v. Purolator Air Filtration Products Co.*
   23 Cal. 4th 163 (2000) ............................................................................. 9

*Crusader Ins. Co. v. Scottsdale Ins. Co.*
   54 Cal. App. 4th 121 (1997)................................................................... 13

- ii -

**TABLE OF AUTHORITIES**
(continued)

Page

*David A. v. Superior Court*
  20 Cal. App. 4th 281 (1993)..................................................................................... 15

*DeAnza Santa Cruz Mobile Estates Homeowners Ass'n v. DeAnza*
*Santa Cruz Mobile Estates*
  94 Cal. App. 4th 890 (2001)..................................................................................... 19

*Duran v. Robinson's May, Inc.*
  2003 Cal.App. Unpub. LEXIS 3898 (2003) ............................................................. 5

*Dyna-Med, Inc. v. Fair Employment and Housing Comm.*
  43 Cal. 3d 1379 (1987)........................................................................................... 15

*First N.B.S. Corp., v. Gabrielsen*
  179 Cal. App. 3d 1189 (1986).................................................................................. 9

*Gates v. Superior Court*
  178 Cal. App. 3d at 307 ..................................................................................... 5, 6, 8

*Hamwi v. Citinational-Buckeye Inv. Co.*
  72 Cal. App. 3d 462 (1977)................................................................................. 9, 10

*Johnson v. American Airlines, Inc.*
  157 Cal. App. 3d 427 (1984).................................................................................... 8

*Linder v. Thrifty Oil Co.*
  23 Cal. 4th 429 (2000)........................................................................................... 10

*Lockheed Martin Corp. v. Superior Court*
  29 Cal. 4th 1096 (2003) ......................................................................................... 10

*McCullah v. Southern California Gas Co.*
  82 Cal. App. 4th 495 (2000).................................................................................... 10

*Moradi-Shalal v. Fireman's Fund Ins. Co.*
  46 Cal. 3d 287 (1988)............................................................................................. 13

*Orloff v. Los Angeles Turf Club*
  30 Cal. 2d 110 (1947)............................................................................................. 18

*People v. Gardeley*
  14 Cal. 4th 605 (1996)........................................................................................... 12

*Schaefer v. Williams*
  15 Cal. App. 4th 1243 (1993).................................................................................. 15

*Silva v. Block*
  49 Cal. App. 4th 345 (1996).................................................................................... 11

*South Bay Chevrolet v. General Motors Acceptance Corp.*

**TABLE OF AUTHORITIES**
(continued)

Page

72 Cal. App. 4th 861 (1999)........................................................................ 9

*Stroh v. Midway Restaurant Systems, Inc.*
180 Cal. App. 3d 1040 (1986)................................................................ 17

*Troensegaard v. Silvercrest Indus., Inc.*
175 Cal. App. 3d 218 (1985).................................................................. 19

*Turnbull & Turnbull v. ARA Transportation, Inc.*
219 Cal. App. 3d 811 (1990).................................................................. 18

*Vikco Insurance Services, Inc. v. Ohio Indemnity Company*
70 Cal. App. 4th 55 (1999).................................................... 12, 13, 14, 15

*Wilson v. City of Laguna Beach*
6 Cal. App. 4th 543 (1992)............................................................. 15, 17

**FEDERAL STATUTES**

Federal Rules of Civil Procedure 12 ........................................................ 1, 18

Federal Rules of Civil Procedure 23 ................................................... 1, 9, 11

29 Code of Federal Regulations. § 541.08 .................................................. 4

**STATE STATUTES**

Business and Professions Code § 17200.......................... 1, 2, 3, 5, 6, 8, 9, 11

California Labor Code § 98...................................................................... 15, 16

California Labor Code § 203......................................................................... 2

California Labor Code § 226....................................................................... 18

California Labor Code § 226.7........................... 2, 12, 13, 14, 15, 16, 17, 18

California Labor Code § 510......................................................................... 2

California Labor Code § 558....................................................................... 18

California Code of Civil Procedure § 382.................................................... 1

California Code of Civil Procedure §1858................................................. 12

**MISCELLANEOUS**

DLSE Manual (June 2002) Section 54.10.6.3............................................... 4

TABLE OF AUTHORITIES
CASE NO. 06-CV-02376-LKK-GGH

## I.    INTRODUCTION

This purported wage-and-hour class action is an attempted second bite at the proverbial apple.  PricewaterhouseCoopers LLP (erroneously sued as "PricewaterhouseCoopers, LLP") (hereinafter referred to as "PwC") previously litigated the issue of whether a representative action was appropriate with regard to this same group of non-licensed accountants and Judge Victoria Chaney of the Los Angeles Superior Court ruled that the matter was not suitable for representative treatment.  Because PwC obtained a judgment in its favor in that prior matter, the doctrine of collateral estoppel now bars Plaintiffs from proceeding forward in this matter in either a representative action pursuant to Business and Professions Code Section 17200 ("Section 17200") or on a class-wide basis pursuant to Rule 23 of the Federal Rules of Civil Procedure or Section 382 of the California Code of Civil Procedure.  As such, PwC seeks an order dismissing and/or striking the representative portions of Plaintiffs' Section 17200 claim *and* all class action allegations from the Second Amended Complaint ("SAC").

PwC also moves to dismiss Plaintiffs' claims for meal and rest period violations because there is no private right of action with regard to these claims and PwC moves to strike all references to punitive damages because, as a matter of law, Plaintiffs are not entitled to punitive damages for the claims alleged.

## II.    FACTS

### A.    Plaintiffs' Deliberate Forum Shopping

The record in this case reflects an astoundingly clear pattern of forum shopping.  On October 27, 2006, Plaintiffs each filed an individual breach of contract lawsuit, Plaintiff Sarah Sobek in the Northern District of California[1] and Plaintiff Jason Campbell in the Eastern District of California.  Plaintiff Sarah Sobek then dismissed without prejudice her complaint in the

---

[1] In her original lawsuit, Plaintiff Sarah Sobek alleged that jurisdiction and venue is proper in the San Francisco division of the Northern District of California: "Defendant conducts substantial business in this County and in California and defendants have conspired to perform the acts complained of herein in this County.  Additionally, the breaches of contract as alleged herein all occurred in this County...Pursuant to Civil L.R. 3-5(b) and Civil L.R.3.2(e), Plaintiff states that assignment of this action to the San Francisco Division of this Court is appropriate because Defendant resides in the city of San Francisco and does a substantial part of its business in San Francisco."  *See* Complaint ¶¶ 2, 3.

1  Northern District and joined Plaintiff Campbell in this lawsuit.  A First Amended Complaint was

2  then filed joining Sobek and Campbell as Plaintiffs in this lawsuit, and adding the claims now

3  pled.  Having then apparently concluded that this forum would be more receptive to their

4  allegations, Plaintiff Sarah Sobek dismissed without prejudice her complaint in the Northern

5  District and joined Plaintiff Campbell in this lawsuit.  A First Amended Complaint ("FAC") was

6  then filed joining Sobek and Campbell as Plaintiffs in this lawsuit, and adding the claims now

7  pled.  Neither original individual complaint was served on PwC, but the FAC was served

8  promptly.

9        The FAC alleged the following causes of action:  (1) Failure to Compensate For

10  All Hours Worked in Violation of Labor Code section 510; (2) Failure to Provide An Itemized

11  Statement of Time As Required By Labor Code section 226.7; (3) Failure to Provide Second

12  Meal Periods as Required by Labor Code sections 512 and 226.7; (4) Failure to Provide Rest

13  Breaks As Required by Labor Code section 226.7  and Industrial Welfare Commissioner Orders;

14  (5) Waiting Time Penalties under Labor Code section 203 and (6) Violation of Business and

15  Professions Code §§ 17200 *et seq.* – Unfair Business Practices.  All of these claims were asserted

16  on behalf of a proposed class of individuals, identified by Plaintiffs as:  "All non-licensed

17  associate accountants employed by Defendant in the State of California from October 27, 2002 to

18  the present." *See* FAC ¶ 15.

19    **B.    Current Procedural History**

20        On November 22, 2006, PwC moved to dismiss Plaintiffs' FAC on the grounds

21  that Plaintiffs failed to properly plead jurisdiction; Plaintiffs' class and representative claims are

22  barred pursuant to the doctrine of collateral estoppel based on a final judgment entered in the

23  prior Section 17200 action; Labor Code Section 226.7 does not provide for a private right of

24  action; and none of the statutes Plaintiffs seek recovery under provide for punitive damages.

25        On January 12, 2007, the Court issued an order granting in part and denying in part

26  PwC's motion to dismiss.  Specifically, the Court granted PwC's motion to dismiss for lack of

27  subject matter jurisdiction and permitted Plaintiffs leave to amend the Complaint.  The Court

28

denied the remainder of PwC's motion without prejudice.  Plaintiffs filed the SAC on January 22,

2007, correcting the jurisdictional deficiencies by alleging jurisdiction under the Class Action

Fairness Act.  However, Plaintiffs failed to cure any of the other deficiencies addressed by PwC's

motion to dismiss.  Thus, PwC files the instant motion.

### C.    The Prior Judgment On The Identical 17200 Claim In *Ruiz v PwC*

On or about December 31, 2002, Anthony Ronald Ruiz sued PwC in the Superior

Court of California for the County of Los Angeles in an action entitled *Ruiz v.*

*PricewaterhouseCoopers LLP* ("*Ruiz*").  Ruiz asserted claims under Section 17200 on behalf of

"current and former salaried employees who, since December 31, 1998 ("Relevant Period"), have

performed accountancy functions before being licensed as certified public accountants" in the

State of California.  *See* Request for Judicial Notice; Declaration of Victoria R. Carradero in

support of Request for Judicial Notice ("Carradero Decl."), Exh. 1 (*Ruiz* Complaint ¶¶ 2, 9).

Specifically, Ruiz alleged that these non-licensed accountants were improperly classified as

exempt[2] and should have been eligible for overtime pay.  *See id* (*Ruiz* Complaint ¶ 19).

PwC demurred to the *Ruiz* complaint, asserting that the Section 17200 claim could

not be appropriately brought as a representative claim because the overtime exemptions required

a fact specific inquiry into the circumstances surrounding each employee.  In addition, PwC

argued that the named plaintiff was not a proper representative because he was not an employee

of PwC, and that the lawsuit raised serious due process concerns both for PwC and the employees

sought to be represented in the exemption claim.  *See* Request for Judicial Notice; Carradero

Decl., Exhs. 2, 4 (PwC Demurrer and Reply Brief).

In response, plaintiff Ruiz contended that the Section 17200 claim would not

require an individualized inquiry into the facts surrounding each employee because a "bright-

---

[2] Plaintiff Ruiz alleged that non-licensed accountants were misclassified as exempt for several reasons, including: because they were not licensed or certified by the State of California in the practice of accounting; they did not customarily and regularly exercise discretion and independent judgment in the performance of their duties; their duties and responsibilities did not involve the management of PwC's partnership or of a recognized department or subdivision of the partnership; they did not have the authority to hire, fire or promote other employees; and they were not primarily engaged in exempt duties. *Id.*

line" test would show that the non-licensed accountants were entitled to overtime compensation. *See* Request for Judicial Notice; Carradero Decl., Exh. 3 (Plaintiff's Opposition to PwC's Demurrer). After extensive briefing and a hearing, Judge Victoria Chaney dismissed the representative exemption/overtime claim against PwC with prejudice. *See* Request for Judicial Notice; Carradero Decl., Exh. 5 (Ruling on Defendants' Demurrers and Motion to Strike ("Ruling") dated December 8, 2003).

In her Ruling dismissing the claim, Judge Chaney held that the determination of the employees' exemption required a fact specific inquiry into the realistic requirement of the job. Judge Chaney specifically held that "possession of a license is not the sole prerequisite for possession of the exemption. Rather, the exemption may also be determined on the basis of an individual's duties and not the qualifications." *See* Request for Judicial Notice; Carradero Decl., Exh. 5 (Ruling p. 5, citing the DLSE Manual (June 2002) Section 54.10.6.3; 29 C.F.R. § 541.08). Judge Chaney also held:

> Because plaintiff's "bright-line test" fails, allowing this case to proceed as a representative action will require many mini-trials in order to determine whether each junior accountant employee of Defendants is exempted from California overtime laws. (Citations omitted.) Therefore, this case will not result in the "streamlined" procedure envisioned by the Legislature and cannot proceed as a representative action. (Citations omitted.)

*See* Request for Judicial Notice; Carradero Decl., Exh. 5 (Ruling p. 6).

Judge Chaney found additional reasons that the case could not proceed, including due process rights of PwC and the represented group, and conflict of interest concerns arising from the fact that the plaintiff was not an employee of PwC. *See* Request for Judicial Notice; Carradero Decl., Exh. 5 (Ruling pp. 6-7).

The Ruling dismissing the action was dated December 8, 2003, and a judgment was later issued in favor of PwC, which became final in 2004. *See* Request for Judicial Notice; Carradero Decl., Exh. 6 (Judgment dated January 20, 2004) and Exh. 7 (Notice of Entry of Judgment dated January 23, 2004).

III.   **ARGUMENT**

A.   **Collateral Estoppel Prevents Relitigation Of The Representative 17200 Claims And The Class Action Allegations In Plaintiffs' SAC**

1.   **Collateral Estoppel Bars Plaintiffs' Representative 17200 Claims**

Wholly aside from the merits of the individual Plaintiffs' claims, the representative allegations should be stricken because Judge Chaney's earlier dismissal of a representative action involving the same proposed class of individuals is preclusive.

The doctrine of collateral estoppel prevents relitigation of issues previously argued and resolved in a prior proceeding. *See Alvarez v. May Department Stores*, 143 Cal. App. 4th 1223, 1233 (2006). Collateral estoppel applies where: (1) the issue to be litigated is identical to that decided in a prior proceeding; (2) the issue is actually litigated in a prior proceeding; (3) the issue is necessarily decided in a prior proceeding; (4) the decision was final on the merits; and (5) preclusion is sought against one who was the party or in privity with the party to the prior proceeding. *Id.; see also Castillo v. The City of Los Angeles*, 92 Cal. App. 4th 477, 481 (2001).

In *Alvarez*, the plaintiffs alleged class action claims for overtime compensation and other wage practices pursuant to Business and Professions Code section 17200 and other statutes. Other courts had previously denied motions for class certification for the same group of employees. In applying collateral estoppel principles and dismissing plaintiffs' representative claims on the merits, the court held that absent members of the representative group were bound by the earlier rulings. *Alvarez*, 143 Cal. App. 4th at 1228.

The *Alvarez* Court rejected plaintiffs' argument that they were not in privity with the earlier plaintiffs noting that for collateral estoppel the interests of the parties must be sufficiently similar so that the first party is the virtual representative of the second party, or "the first party must be acting in a representative capacity for the second party."[3] *Id.* at 1236, *citing Gates v. Superior Court*, 178 Cal.App. 3d 301, 307 (1986) ("Judgments in representative taxpayer

---

[3] This was the Court's holding despite the trial court's finding that the earlier plaintiffs were inadequate class representatives. In this regard, the trial court noted, "Plaintiffs have failed to meet their burden of proof that their claims, as the class representatives, are typical of other class members and that they will fairly and adequately represent and protect the interests of the class." *See Duran v. Robinson's May, Inc.*, 2003 Cal. App. Unpub. LEXIS 3898 at *3.

1  actions are binding on all other taxpayers even though the named taxpayer plaintiff in the second

2  suit was not the same taxpayer who brought the original case"). The *Alvarez* Court then held "the

3  emphasis is not on a concept of identity of parties, but on the practical situation. The question is

4  whether the non-party is sufficiently close to the original case to afford application of the

5  principles of preclusion." *See Alvarez,* 143 Cal. App. 4th at 1236-37 (internal quotation marks

6  omitted). Noting the limited effect the dismissal of the representative claims would have, the

7  Court stated: "our decision will not eliminate appellants' substantive rights to bring their

8  lawsuits. Instead, it could potentially deny them the ability to serve as representative of other

9  litigants." *Id.* at 1233.

a.    <u>The Issues Are Identical</u>

10

11       Applying the *Alvarez* analysis to the facts at hand yields a similar result. That

12  Plaintiffs in this matter bring causes of action in addition to the claim for overtime pay asserted in

13  *Ruiz* is not relevant to the Court's analysis because when an issue has been litigated "all inquiry

14  respecting the same matter is foreclosed, not only as to matters heard but also as to matters that

15  could have been heard in support of or in opposition thereto." *See Gates,* 178 Cal. App. 3d at

16  308. Here, because the additional claims brought by the Plaintiffs in this matter all arise out of

17  the same allegations of misclassification, which was the identical issue addressed by the *Ruiz*

18  court, Plaintiffs are precluded from now asserting these claims on a representative basis.

19       In *Ruiz,* the Plaintiff alleged that PwC violated California overtime laws and

20  Section 17200 by classifying unlicensed accountants as exempt. Just like Plaintiffs Campbell and

21  Sobek here, Plaintiff Ruiz asserted various allegations that the group he sought to represent was

22  misclassified because the employees were not licensed or certified by the State of California in

23  the practice of accounting, and regularly worked more than 40 hours in a week or more than 8

24  hours in a day. Compare Request for Judicial Notice, Carradero Decl., Exh. 1, ¶¶ 3, 19, 20 with

25  SAC, ¶ 10, 11, 19, 21, 24. Plaintiff Ruiz sought the same recovery – overtime compensation,

26  injunctive relief, penalties and interest for the group – just like Plaintiffs do here. Compare

27  Request for Judicial Notice, Carradero Decl., Exh. 1, Prayer for Relief, p. 9 with SAC, Prayer for

28

Relief, pp. 14-15. The parties extensively briefed and argued the propriety of proceeding on a representative basis in the *Ruiz* matter. Judge Chaney fully analyzed and ruled on this issue. Judge Chaney specifically found that a representative action was not appropriate because "the overtime exemptions in question will require a fact-specific inquiry into the circumstances surrounding each employee." *See* Request for Judicial Notice, Carradero Decl., Exh. 5 (p. 2). According to Judge Chaney, "allowing this case to proceed as a representative action would require numerous mini-trials in order to determine whether each junior accountant employee of Defendants is exempt from California's overtime laws. (Citations omitted.) Therefore, this case will not result in the "streamlined" procedure envisioned by the Legislature and cannot proceed as a representative action. (Citations omitted.)" *Id.* (p. 5-6).

Thus, the propriety of representative treatment of this same group (unlicensed associate accountants), for this same 17200 claim, on the same underlying issues alleging misclassification, and seeking the same recovery, was the precise issue presented in *Ruiz* and the instant action.

**b.    The Issue Of Representation Was Actually Litigated And Decided**

The *Ruiz* matter afforded Plaintiffs a full and fair opportunity to be heard on the issue of whether a representative action should proceed on behalf of all non-licensed accountants. In that matter, both PwC and Plaintiff Ruiz fully briefed the issue of whether a representative action was appropriate and both parties had the opportunity to argue their respective positions to the Court before the Court issued a ruling. As is evident from the Court's findings, the Court found various individualized factual issues with respect to duties, qualifications, requirements of the job, and how the unlicensed accountants actually spend his or her time, which rendered that matter unsuitable for representative treatment. There is, therefore, no dispute that the second element is satisfied, as well.

**c.    There Was A Final Determination On The Merits**

Judge Chaney's Ruling later became a Judgment in favor of PwC. *See* Request for Judicial Notice, Carradero Decl., Exh. 6 and 7 (Judgment and Notice of Entry of Judgment).

MPA OF DEFENDANT PRICEWATERHOUSECOOPERS
ISO MOTION TO DISMISS
CASE NO. 06-CV-02376-LKK-GGH

1  Final judgments cannot be re-litigated because of res judicata and collateral estoppel, among

2  other reasons. *See Johnson v. American Airlines, Inc.*, 157 Cal. App. 3d 427, 430-31 (1984)

3  (doctrine of res judicata gives conclusive effect to an earlier judgment in subsequent litigation

4  involving same controversy). A "final judgment" for purposes of issue preclusion means only a

5  judicial determination "determined to be sufficiently firm to be accorded a conclusive effect."

6  Restatement (Second) of Judgment at § 13. Judge Chaney's Ruling and the subsequent Judgment

7  are sufficient to meet this standard.

8              d.    **Preclusion Is Sought Against Those In Privity With Ruiz**

9          The putative class asserted here – unlicensed associate accountants – is included in

10  the broader representative group in the *Ruiz* matter - unlicensed accountants. Preclusion is sought

11  against these Plaintiffs here, who are in privity with the plaintiff in *Ruiz*, because Ruiz sought to

12  be the "virtual representative" of the non-licensed accountants and was purporting to act "in a

13  representative capacity" for those non-licensed accountants. *See Alvarez*, 143 Cal. App. 4th at

14  1236; *see also Gates*, 178 Cal. App. 3d at 307. Although the named plaintiffs have changed, the

15  individuals who would actually benefit from the representation (the putative class members) have

16  remained the same. *See In re Bridgestone/Firestone, Inc., Tires Product Liability Litigation*, 333

17  F.3d 763, 766-68 (7th Cir. 2003) (putative class members to a second class action motion are the

18  same parties to the first denial of class certification "as they receive the fruits of victory, so an

19  adverse decision is conclusive against them"). This satisfies the fourth element.

20          2.    **The *Ruiz* Ruling Also Bars Plaintiffs' Class Allegations**

21          The Court's decision in *Ruiz* clearly bars Plaintiffs' representative claims via

22  Section 17200 in this matter as this was the identical claim and issue decided by Judge Chaney in

23  *Ruiz*. Additionally, for all of the same reasons that the representative claims are barred, the *Ruiz*

24  ruling also bars Plaintiffs' class allegations because the analysis applied by the Court in *Ruiz* is

25  the identical analysis used to determine whether class certification is appropriate.

26          "[T]he principal of collateral estoppel does not depend on the legal theory used but

27  the primary right asserted." *See Alvarez v. May Department Stores*, 143 Cal. App. 4th 1223, 1237

28

1  (2006). The application of the doctrine "depends on whether the issue in both actions is the same,

2  not whether the issue arises in the same context." *See First N.B.S. Corp., v. Gabrielsen*, 179 Cal.

3  App. 3d 1189, 1195-96 (1986). Here, the primary right asserted is the right to litigate claims on a

4  representative basis – regardless of whether that representation is sought through Section 17200

5  or through Rule 23.

6        Cases under Section 17200 confirm that courts analyze the same factors as in a

7  class action to determine whether representative treatment is appropriate, the same factors

8  presented by Plaintiffs' proposed class action here. *See e.g., Lazar v. Trans Union LLC*, 195

9  F.R.D. 665 (C.D. Cal. 2000); *South Bay Chevrolet v. General Motors Acceptance Corp.*, 72 Cal.

10  App. 4th 861 (1999); *Bronco Wine v. Frank A. Logoluso Farms*, 214 Cal. App. 3d 699 (1989).

11  This is because Section 17200's "overarching legislative concern" is to provide a "streamlined

12  procedure for the prevention of ongoing or threatened acts of unfair competition." *See Cortez v.*

13  *Purolator Air Filtration Products Co.*, 23 Cal. 4th 163, 173-174 (2000). Thus, like a class

14  action, in Section 17200 representative cases courts have consistently examined the competency

15  of the named plaintiff, whether the proposed represented group is similarly situated, and whether

16  adjudication of the matter on a group basis will be a streamlined process. A Section 17200 action

17  can proceed on a representative basis only if the issues are sufficiently common, and individual

18  issues sufficiently absent, such that the action would be "streamlined" and not devolve into

19  numerous mini-trials.

20        The same analysis applies under Rule 23. Plaintiffs bear the burden of

21  establishing all requirements for class certification. *See General Tel. Co., v. Falcon*, 457 U.S.

22  147 (1982); *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1308 (9th Cir. 1977); *see*

23  *also Hamwi v. Citinational-Buckeye Inv. Co.*, 72 Cal. App. 3d 462, 472 (1977). To obtain

24  certification, a party must establish factors including, but not limited to: (1) predominant common

25  questions of law or fact; (2) class representatives with claims or defenses typical of the class; and

26  (3) class representatives who can adequately represent the class. *See General Tel. Co.*, 457 U.S.

27  at 159, fn. 13; *In re N. Dist. of Cal. Dalkon Shield IUD Prods. Liab.* 693 F. 2d 847, 854-57 (9th

28

Cir. 1982); *see also Linder v. Thrifty Oil Co.*, 23 Cal. 4th 429, 435 (2000); *Lockheed Martin Corp. v. Superior Court*, 29 Cal. 4th 1096, 1104 (2003) (emphasis added). When a class action "will splinter into *individual trials*," common questions do not predominate and litigation in the class forum is inappropriate. *See Hamwi v. Citinational-Buckeye Inv. Co.*, 72 Cal.App.3d 462, 471 (1977) (emphasis added); *see also Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1192 (9th Cir. 2001) ("If each class member has to litigate numerous and substantial separate issues to establish his or her right to recover individually, a class action is not 'superior'"); *McCullah v. Southern California Gas Co.*, 82 Cal.App.4th 495, 499 (2000) (denying certification: "the community of interest requirement is not satisfied if every member of the alleged class would be required to litigate numerous and substantial questions determining his individual right to recover").

Judge Chaney analyzed the issue of commonality in the *Ruiz* matter when she addressed Plaintiff Ruiz' assertion that a "bright-line test" could be applied to determine the exempt status of those Ruiz sought to represent. Judge Chaney stated the following in this regard:

> First, the determination of an employee's exemption from California's overtime laws requires that the court make a factual inquiry "into the realistic requirements of the job. In doing so, the court should consider, first and foremost, how the employee actually spends his or her time." (Citations omitted.)

> Second, possession of a license is not the sole prerequisite for possession of the exemption. Rather, the exemption may also be determined on the basis of an individual's duties or other qualifications. (Citations omitted.)

> Finally, as a matter of common sense, exercising discretion and independent judgment is not incompatible with being under the control and supervision of someone else. (Citations omitted.) If this were the law, no employee with a supervisor could be exempt from California's overtime provisions. Junior associates at law firms who are under the control and supervision of partners would not be exempt. Even the highest-ranking officers of a company are under the control and supervision of a board of directors.

> Because plaintiffs' "bright-line test" fails, allowing this case to proceed as a representative action would require numerous mini-trials in order to determine whether each junior accountant employee of Defendants is exempt from California's overtime laws. (Citations omitted.) Therefore, this case will not result in the "streamlined" procedure envisioned by the Legislature and cannot proceed as a representative action. (Citations omitted.)

*See* Request for Judicial Notice, Carradero Decl., Exh. 5 (Ruling, pp. 5-6).

Although certification of a class is often determined after a motion for certification, "[s]ometimes the issues are clear enough from the pleadings to determine" whether class action status is appropriate. *See General Tel. Co. v. Falcon*, 457 U.S. at 160. In fact, numerous courts have affirmed the propriety of striking class or representative allegations. *See, e.g., Kamm v. Sugasawara*, 509 F.2d 205, 212 (9th Cir. 1975) (district court properly granted motion to dismiss and strike class allegations under Rule 23(d)(4)); *Palmer v. Combined Ins. Co. of America*, 2003 U.S. Dist. LEXIS 2534 at *5 (N.D. Ill. August 29, 2003) ("[I]t is sometimes possible to determine from the pleadings alone [the Rule 23] requirements cannot possibly be met, and in such cases, striking class allegations before commencing discovery is appropriate.") Such a motion on the pleadings is appropriate because Rule 23(d)(4) of the Federal Rules of Civil Procedure gives a court the authority to require that the pleadings "be amended to eliminate therefrom allegations as to representations of absent persons." Fed. R. Civ. P. 23(d).[4]

Here, because the standard applied by Judge Chaney to dismiss the *Ruiz* representative action is the same as the standard that this Court would engage in to determine whether class certification is appropriate for the putative class in this matter, certification can be decided at the pleading stage and all class allegations should be dismissed and/or stricken from Plaintiffs' SAC. This is true for *all* of Plaintiffs' purported class claims because each substantive cause of action arises out of the alleged misclassification of the non-licensed accountants as exempt, which was the identical issue addressed by the *Ruiz* court.

For all these reasons, Plaintiffs' representative 17200 and class allegations must be dismissed and/or stricken from the SAC.

---

[4] The same standard applies under California law, where trial courts properly and routinely decide the issue of class sufficiency on demurrer, sustaining demurrers without leave to amend when it is clear there is no reasonable possibility that the plaintiff can satisfy the class requirements. *Silva v. Block*, 49 Cal. App. 4th 345, 349 (1996) (trial court properly exercised its discretion to sustain defendant's demurrer to plaintiffs' class allegations without leave to amend where there was no reasonable possibility of establishing sufficient community of interest among putative class members); *Clausing v. S.F. Unified School Dist.*, 221 Cal. App. 3d 1224, 1234 (1990) ("[w]here a complaint, on its face, fails to allege facts sufficient to establish a community of interest as to the elements of the class claims, it would be a waste of time and judicial resources to require a full evidentiary hearing when the matter can properly be disposed of by demurrer").

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**B.**     **Labor Code Section 226.7 Does Not Provide A Private Right of Action**

Labor Code Section 226.7 ("Section 226.7") provides for a penalty of "one additional hour of pay" for each day the employee is not provided with a meal or rest period.  *See* Cal. Lab. Code Section 226.7(b). Plaintiffs have no private right of action to sue for Section 226.7 penalties.  The plain language of Section 226.7 does not create a private right of action as a means to pursue penalties created by that statute, and the legislative history of Section 226.7 demonstrates that the Legislature did not intend to create a private right of action.

**1.**     **The Plain Language Of Labor Code Section 226.7 Does Not Afford Plaintiffs A Private Right of Action For Penalties For Missed Meal And Rest Periods**

In analyzing a statute, the court first looks to "ascertain the intent of the Legislature so as to effectuate the purpose of the law." *See Vikco Insurance Services, Inc. v. Ohio Indemnity Company*, 70 Cal. App. 4th 55, 61 (1999). "In determining [the Legislature's] intent, a court must look to the words of the statute themselves, giving to the language its usual ordinary import and according significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose." *Id.*  Moreover, "'a court is not authorized to insert qualifying provisions not included and may not rewrite the statute to conform to an assumed intention which does not appear from its language.'" *Id.* at 62 (quoting *In re Hoddinott*, 12 Cal. 4th 992, 1002 (1996)); *see also People v. Gardeley* 14 Cal. 4th 605, 622 (1996); *see also* Code of Civ. Proc. Section 1858 (in construing a statute, court's role "is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted").  "Courts are not at liberty to impute a particular intention to the Legislature when nothing in the language of the statute implies such an intention." *See Vikco,* 70 Cal. App. 4th at 62.  The legislative history of the statute may be considered in ascertaining the legislative intent. *Id.* at 61.

**a.**     **Not All Regulatory Statutes Provide Private Rights Of Action**

"Adoption of a regulatory statute does not automatically create a private right to sue for damages resulting from violations of the statute." *See Vikco*, 70 Cal. App. 4th at 62. Whether a regulatory statute creates a private right of action is determined by ascertaining

whether the Legislature intended to do so. *Id.*; *see also Crusader Ins. Co. v. Scottsdale Ins. Co.*, 54 Cal. App. 4th 121, 131-134 (1997); *Moradi-Shalal v. Fireman's Fund Ins. Co.*, 46 Cal. 3d 287, 305 (1988). "If the Legislature intends to create a private cause of action, we generally assume it will do so directly in clear, understandable, unmistakable terms." *See Vikco*, 70 Cal. App. 4th at 62-63 (quoting *Moradi-Shalal*, 46 Cal. 3d at 294-95) (internal quotations marks and ellipses omitted).

As the Court of Appeal has noted, "[t]he Legislature can have legitimate reasons for not creating a private right to sue for violation of a regulatory statute. Entrusting enforcement of a regulatory statute solely to an administrator can serve at least three possible legislative objectives: expertise of enforcement, uniformity of enforcement, and avoidance of the burdens and possibly counterproductive effects that can be created when litigation is motivated by private objectives." *See Crusader*, 54 Cal. App. 4th at 134.

### b. Labor Code Section 226.7 Does Not Provide A Private Right Of Action

Here, Section 226.7 does not make any reference whatsoever to a private right of action, or any other language stating that an individual employee (or class of employees) may bring a lawsuit to enforce the statute. Section 226.7 states:

> (1)    No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare commission.

> (2)    If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

This language is the entire statute. Nowhere does Section 226.7 give an employee a private right of action to pursue the penalties for missed meal and rest periods. The conspicuous absence from Section 226.7 of any language creating a private right of action cannot be ignored. Certainly, there is no language providing a private right of action "directly ... in clear, understandable, unmistakable terms," *Vikco*, 70 Cal. App. 4th at 62-63, as California law requires.

1    This conclusion is reinforced by the Legislature's demonstrated ability to provide a

2   private right of action where it intends to do so.  Elsewhere in the Labor Code, where the

3   Legislature intended to create a private right of action, it has used words expressly providing for

4   one.  For example, Labor Code Section 203 provides for waiting-time penalties for the late

5   payment of wages.  The Legislature clearly stated that: "Suit may be filed for these penalties at

6   any time before the expiration of the statute of limitations on an action for wages for which the

7   penalties arise." (Emphasis added.)  Labor Code Section 203.1 provides for penalties for paying

8   wages with a bad check.  Again, the Legislature indicated its intent to create a private right of

9   action, providing that penalties should not be assessed, "if the employer can establish to the

10  satisfaction of the Labor Commissioner or appropriate court of law that the violation of the

11  section was unintentional."  Labor Code Section 203.1 (emphasis added).

12      Similarly, Labor Code Section 1194 provides that an employee "is entitled to

13  recover in a civil action" wages due because of failure to pay the minimum wage.  (Emphasis

14  added).  Labor Code Section 1194.2, subdivision (a) then establishes a liquidated damages

15  penalty, unless "the employer demonstrates to the satisfaction of the court" that the failure to pay

16  the minimum wage was in good faith and based on reasonable grounds that it was lawful.  Cal.

17  Lab. Code Section 1194.2(b) (emphasis added).  As these examples demonstrate, where the

18  Legislature intended to create a private right of action, it knew how to do so by including clear,

19  unmistakable language in the statute establishing or referencing a private right of action.

20      Significantly, in Section 226.7, the Legislature omitted any such language, thereby

21  demonstrating its intent that there be no private right of action for penalties under that statute.

22  *See Schaefer v. Williams* 15 Cal.App. 4th 1243, 1248 (1993) ("Surely, if the Legislature had

23  intended to create ... a private action, it would have done so by clear and direct language.").

24  Because the Legislature did not "directly in clear, understandable, unmistakable terms," (*Vikco*,

25  70 Cal. App. 4th at 62-63) create a private right of action for violation of Section 226.7, there

26  isn't one.

27      This conclusion is reinforced by the generally recognized canon of statutory

28

construction that the express inclusion of one class of actions implies the exclusion of others. *See*

*David A. v. Superior Court*, 20 Cal. App. 4th 281, 287 (1993). Here, the Legislature has provided

for a remedy with the Labor Commissioner. Labor Code Section 98(a) ("The Labor

Commissioner may provide for a hearing in any action to recover wages, penalties, and other

demands for compensation properly before the division or the Labor Commissioner including

orders of the Industrial Welfare Commission, and shall determine all matters arising under his or

her jurisdiction"). Thus, the Legislature has not directly, clearly, and unmistakably provided a

private right of action, and has also implied the exclusion of a private right of action by providing

for a remedy with the Labor Commissioner. Section 226.7 does not provide a private right of

action. Thus, Plaintiffs' first cause of action must be dismissed.

### 2. The Legislative History Of Labor Code Section 226.7 Confirms That The Legislature Did Not Intend To Create A Private Right Of Action Under The Statute

The legislative history further demonstrates that the Legislature did not intend to

create a private right of action under Section 226.7. In ascertaining legislative intent, a court

may look to the statute's legislative history, *Dyna-Med, Inc. v. Fair Employment and Housing*

*Comm.*, 43 Cal. 3d 1379, 1387 (1987), and should do so if there is any ambiguity in the statute.

*See Wilson v. City of Laguna Beach*, 6 Cal. App. 4th 543, 554 (1992).

Here, as discussed above, there is no ambiguity. Nevertheless, the legislative

history of Section 226.7 shows that the Legislature initially considered adopting a provision to

create a private right of action for missed meal and rest periods. Significantly, the Legislature

later removed that provision, thereby undisputedly expressing its intent that there not be a private

right of action for meal and rest periods.

The Legislature first proposed Section 226.7 through Assembly Bill 2509 in 2000,

to be effective January 1, 2001. *See* Stats. 2000, ch. 876 (A.B. 2509 § 7). On February 24, 2000,

Section 226.7 was introduced as part of Assembly Bill 2509 and stated:

> 226.7 (a) No employer shall require any employee to work during any meal or rest
> period mandated by an applicable order of the Industrial Welfare Commission.
> ...

(c) Any employee aggrieved by a violation of this section may do either of the following:

    (1)     Seek recovery of payments under paragraph (2) of subdivision (b) through a complaint filed pursuant to subdivision (a) of Section 98.

    *(2)     Seek recovery of payments under paragraph (2) of subdivision (b) in a civil action. The court shall award a prevailing plaintiff in such an action reasonable attorney's fees.*

*See* Request for Judicial Notice; Carradero Decl., Exh. 9, pages 20-21 (emphasis added). Thus, as initially introduced, Section 226.7 gave an employee the choice of seeking meal and rest period penalties either through (1) filing an administrative claim with the Labor Commissioner or (2) filing a private action in court. The Legislative Counsel's Digest attached to Assembly Bill 2509 as introduced explained:

This bill would make any employer that requires any employee to work during a meal or rest period mandated by order of the commission subject to a civil penalty, of $50 per violation and liable to the employee for twice the employee's average hourly wage or piecework pay. An aggrieved employee could bring an administrative action before the Labor Commissioner or **could commence a civil action** for recovery of these amounts, and if the employee prevails in such a civil action, the employee would be entitled to attorney's fees.

*See* Request For Judicial Notice; Carradero Decl., Exh. 9, p. 4 (emphasis added).

    Critically, on August 25, 2000, the Legislature **deleted** the provision of proposed Section 226.7 that would have created a private right of action. *See* Req. For Judicial Notice; Carradero Decl., Exh. 11, pp. 5, 20. The Legislature then adopted and enacted the current version of Section 226.7, without the deleted provision for a private right of action. The Senate Bill analysis of the AB 2509, August 25, 2000, amendment states that it "[p]laces into statute the provisions of the IWC wage orders concerning meal and rest periods .... Failure to provide [] meal and rest periods would subject an employer to paying the worker one hour of wages each day when rest periods were not offered. **The option of filing a private right of action is deleted.**" *See* Request For Judicial Notice; Carradero Decl., Exh. 10, p. 4 (emphasis added).

    Thus, the legislative history shows that initially the Legislature proposed allowing a private right of action pursuant to Labor Code Section 226.7, but during the legislative process,

purposefully deleted that provision. In such circumstances, the statute cannot be construed to include the deleted provision. *See Central Delta Water Agency v. State Water Resources Control Bd.*, 17 Cal. App. 4th 621, 634 (1993) ("The fact that the Legislature chose to omit a provision from the final version of a statute which was included in an earlier version constitutes strong evidence that the act should not be construed to incorporate the original provision."); *see also Wilson*, 6 Cal. App. 4th at 555 ("The rejection of a specific provision contained in an act as originally introduced is most persuasive that the act should not be interpreted to include what was left out." (internal quotation marks omitted)). Section 226.7 must be construed according to the final version of Assembly Bill 2509, and cannot be construed to include a provision that was specifically omitted prior to the final version. *See Stroh v. Midway Restaurant Systems, Inc.*, 180 Cal. App. 3d 1040, 1055 (1986)("When the Legislature rejects language in a bill which was part of it when it was introduced, it should be construed according to the final version"). Thus, Section 226.7 provides no private right of action.

The absence of any clear language in the statute creating a private right of action, coupled with the Legislature's deletion of a provision that would have granted a private right of action, establish conclusively that the Legislature did not intend to create a private right to sue based on an alleged violation of Section 226.7. Rather, Section 226.7 provides a penalty that may be enforced by the Labor Commissioner. Plaintiffs' meal and rest period claims must be dismissed with prejudice.

**C.    Plaintiffs Are Not Entitled To Punitive Damages**

Federal Rule of Civil Procedure 12(f) provides that a party may move to strike "any redundant, immaterial, impertinent, or scandalous matter." Here, the Court should strike Plaintiffs' requests for punitive damages because, as a matter of law, they are not entitled to this remedy for the stated claims.

Plaintiffs seek punitive damages as a remedy for the following theories of liability: unpaid wages in violation of Labor Code Section 510 (*see* SAC ¶ 36), failure to provide an itemized wage statement pursuant to Labor Code pursuant to Labor Code Section 226 (*see* SAC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

¶ 43), failure to provide second meal periods as required by Labor Code Sections 512 and 226.7 (*see* SAC ¶ 49) and failure to provide rest breaks as required by Labor Code Section 226.7 and Industrial Welfare Commission Orders (*see* SAC ¶ 55).

Plaintiffs' requests for punitive damages are inappropriate, however, because the relevant statutes provide for specific remedies and penalties. Specifically, California Labor Code Section 558 provides a civil penalty for Plaintiffs' first cause of action for failure to comply with Labor Code Section 510, *i.e.* $50 for the initial violation for each underpaid employee for each pay period and $100 for the subsequent violation for each underpaid employee for each pay period. *See* Cal. Lab. Code Section 558(a). A civil penalty is also available for Plaintiff's second cause of action *i.e.,* $50 for the first violation, and $100 for subsequent violations, not to exceed $4,000. *See* Cal. Lab. Code Section 226(e). Finally, a civil penalty is also available for Plaintiffs' third and fourth causes of action for missed meal and rest periods, *i.e.,* one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided. *See* Cal. Lab. Code Section 226.7.

None of these statutes authorize a plaintiff to recover punitive damages, and, thus, punitive damages are not permitted. *See Turnbull & Turnbull v. ARA Transportation, Inc.*, 219 Cal. App. 3d 811, 826-827 (1990) ("when a new right . . . is created by statute and a statutory remedy for the infringement thereof is provided, such remedy is exclusive of all others"), *citing Orloff v. Los Angeles Turf Club,* 30 Cal. 2d 110, 112-113 (1947); *see also Czechowski v. Tandy Corp.,* 731 F. Supp. 406, 410 (N.D. Cal. 1990) (penalty provision provided by Labor Code precludes award of punitive damages); *DeAnza Santa Cruz Mobile Estates Homeowners Ass'n v. DeAnza Santa Cruz Mobile Estates,* 94 Cal. App. 4th 890, 912-13 (2001) ("[A] plaintiff cannot recover both punitive damages and statutory penalties, as this would constitute a prohibited double penalty for the same act."); *Troensegaard v. Silvercrest Indus., Inc.*, 175 Cal. App. 3d 218, 228 (1985) (striking punitive damages award based on duplicity of penalty: "We are of the opinion that had the Legislature, by Civil Code Sections 3294 (permitting punitive damages) and 1794 (permitting a civil penalty), intended a double recovery of punitive and penal damages for

1    the same . . . acts, it would in some appropriate manner have said so." (internal emphases

2    omitted)).

3          For these reasons, the Court should strike Plaintiffs' requests for punitive damages

4    as stated in SAC paragraphs 36, 43, 49, 55 and in the Prayer.

5    **IV.    CONCLUSION**

6          For all of the foregoing reasons, PwC requests that this Court dismiss and/or strike

7    the representative portion of Plaintiffs' sixth claim for violation of Business and Professions Code

8    Section 17200 and all class allegations from Plaintiffs' SAC.  PwC also requests that this Court

9    dismiss Plaintiffs' claims for meal and rest period violations because there is no private right of

10   action with regard to these claims and that it strike all references to punitive damages in the SAC.

11

12   Dated: February 8, 2007          LYNNE C. HERMLE
                                      JOSEPH C. LIBURT
13                                    JULIE A. TOTTEN
                                      VICTORIA R. CARRADERO
14                                    ORRICK, HERRINGTON & SUTCLIFFE LLP

15

16                                        /s/ Victoria R. Carradero /s/
                                      _____
17                                          Victoria R. Carradero
                                      Attorneys for Defendant PricewaterhouseCoopers LLP

18

19

20

21

22

23

24

25

26

27

28