1  LYNNE C. HERMLE (STATE BAR NO. 99779)
   lchermle@orrick.com
2  JOSEPH C. LIBURT (STATE BAR NO. 155507)
   jliburt@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
4  Menlo Park, CA  94025
   Telephone:    650-614-7400
5  Facsimile:    650-614-7401

6

7  Attorneys for Defendant
   PRICEWATERHOUSECOOPERS LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAC ANH LE, on behalf of herself and all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. C07-05476 MMC<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT PRICEWATERHOUSECOOPERS LLP'S MOTION FOR A STAY; MOTION TO DISMISS; MOTION TO STRIKE; AND MOTION FOR A MORE DEFINITE STATEMENT**<br><br>Date:   March 7, 2008<br>Time:  9:00 a.m.<br>Dept:   7<br>Judge:  Hon. Maxine M. Chesney |

OHS West:260388182.1

PRICEWATERHOUSECOOPERS LLP'S REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR A STAY; MOTION TO DISMISS; MOTION TO STRIKE; AND
MOTION FOR A MORE DEFINITE STATEMENT (C07-05476 MMC)

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................... - 1 -

II. ARGUMENT .......................................................................................................... - 1 -

    A. The First-Filed Rule Applies To This Action ........................................... - 1 -

        1. Plaintiff Does Not Deny That *Campbell* Was First-Filed And Has Made Significant Progress ............................................................. - 1 -

        2. Plaintiff Fails To Dispute That The California Classes and California Claims Are Similar to *Campbell* ................................ - 2 -

        3. The First Filed Rule Can Apply To Stay Plaintiff's Proposed California Classes For Purposes Of Judicial Efficiency ................ - 2 -

        4. The First Filed Rule Can Be Invoked Despite The *Campbell* Plaintiffs' Forum Shopping ........................................................... - 4 -

    B. The Court Must Dismiss Or Strike Plaintiff's Improper Class Definition And All Class Allegations In The Complaint ........................................... - 5 -

        1. Plaintiff's Proposed Definition of "Associate" Is Unintelligible And Legally Defective .................................................................... - 5 -

        2. Plaintiff Cannot Define Lines Of Service In Functional Terms ..... - 7 -

        3. Plaintiff's References To "Parent, Subsidiary, Related, Or Successor Companies" Is Improper And Must Be Stricken ........... - 8 -

    C. Courts In The Ninth Circuit And Beyond Have Held That Plaintiffs Cannot Repackage Their Underlying FLSA Allegations As Violations Of California Business And Professions Code Section 17200 .................... - 10 -

    D. Plaintiff Cannot Allege A Universal Four Year Class Period ................ - 13 -

    E. The Complaint Seeks Improper Relief That Must Be Stricken .............. - 13 -

        1. Plaintiff Fails To Provide A Basis For A Constructive Trust ........ - 13 -

        2. Plaintiff's Claims Do Not Support Imposition Of Punitive Damages .. - 14 -

III. CONCLUSION ................................................................................................... - 15 -

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*Alltrade, Inc.* v. *Uniweld Products, Inc.*,
    946 F.2d 622 (9th Cir. 1991) .................................................................................... 1, 2

*Aquilino* v. *Home Depot U.S.A.*,
    2006 U.S. Dist. LEXIS 48554 (D.N.J. July 17, 2006) ...................................................... 12

*Brown* v. *Ameri-Nat'l Corp.*,
    2005 U.S. Dist. LEXIS 8922 (D. Kan. Feb. 16, 2005) ..................................................... 12

*Calvert* v. *Huckins*,
    875 F. Supp. 674 (E.D. Cal. 1995) .................................................................................. 10

*Chabrier* v. *Wilmington Fin.*,
    2006 U.S. Dist. LEXIS 90756 (E.D. Pa. Dec. 13, 2006) .................................................. 12

*Chase* v. *Aimco Props.*,
    374 F. Supp. 2d 196 (D.D.C. 2005) ................................................................................. 12

*Czechowski* v. *Tandy Corp.*,
    731 F. Supp. 406 (N.D. Cal. 1990) ........................................................................... 14, 15

*Edwards* v. *City of Long Beach*,
    2006 U.S. Dist. LEXIS 93141 (C.D. Cal. Dec. 12, 2006) ............................................ 11, 12

*Employers Ins.* v. *News Corp.*,
    439 F. Supp. 2d 328 (S.D.N.Y. 2006) ................................................................................ 4

*Flores* v. *Albertsons Inc.*,
    2003 U.S. Dist. LEXIS 26857 (C.D. Cal. Dec. 8, 2003) .................................................. 11

*Kamm* v. *Sugasawara*,
    509 F.2d 205 (9th Cir. 1975) .............................................................................................. 5

*La Mar* v. *H & B Novelty & Loan Co.*,
    489 F.2d 461 (9th Cir. 1973) ............................................................................................ 10

*Leuthold* v. *Destination Am., Inc.*,
    224 F.R.D. 462 (N.D. Cal. 2004) ................................................................................ 11, 12

*Maddock* v. *KB Homes*,
    2007 U.S. Dist. LEXIS 95763 (C.D. Cal. Oct. 18, 2007) ................................................... 9

*McClain* v. *Leona's Pizzeria*,
    222 F.R.D. 574 (N.D. Ill. 2004) ....................................................................................... 12

*Miller* v. *Yokohama Tire Corp.*,
    358 F.3d 616 (9th Cir. 2004) ............................................................................................ 14

# TABLE OF AUTHORITIES

Page

*Otto* v. *Pocono Health Sys.*,
   457 F. Supp. 2d 522 (M.D. Pa. 2006) .......................................................................... 12

*Pacesetter Systems, Inc.* v. *Medtronic, Inc.*,
   678 F.2d 93 (9th Cir. 1982) ...................................................................................... 2, 3

*Palmer* v. *Combined Ins. Co. of Am.*,
   2003 U.S. Dist. LEXIS 2534 (N.D. Ill. Aug. 29, 2003) ................................................ 5

*Rodriguez* v. *Texan Inc.*,
   2001 U.S. Dist. LEXIS 24652 (N.D. Ill. Mar. 7, 2001) .............................................. 12

*Synapsis, LLC* v. *Evergreen Data Sys.*,
   2006 U.S. Dist. LEXIS 67897 (N.D. Cal. Sept. 12, 2006) ......................................... 10

*Takacs* v. *A.G. Edwards & Sons*,
   444 F. Supp. 2d 1100 (S.D. Cal. 2006) ...................................................................... 12

*Williams* v. *Trendwest Resorts, Inc.*,
   2007 U.S. Dist. LEXIS 62396 (D. Nev. Aug. 20, 2007) ............................................ 11

## STATE CASES

*Baltimore Football Club* v. *Superior Court*,
   171 Cal. App. 3d 352 (1985) ...................................................................................... 10

*Clausing* v. *S.F. Unified Sch. Dist.*,
   221 Cal. App. 3d 1224 (1990) ...................................................................................... 5

*Hart* v. *Alameda County*,
   76 Cal. App. 4th 766 (2000) ....................................................................................... 10

*Linder* v. *Thrifty Oil*,
   23 Cal. 4th 429 (2000) .................................................................................................. 5

*Phillips* v. *Crocker-Citizens Nat'l Bank*,
   38 Cal. App. 3d 901 (1974) ........................................................................................ 10

*Silva* v. *Block*,
   49 Cal. App. 4th 345 (1996) ......................................................................................... 5

*Trumbull & Trumbull* v. *ARA Trans.*,
   219 Cal. App. 3d 811 (1983) ...................................................................................... 14

## DOCKETED CASES

*Campbell* v. *PricewaterhouseCoopers, LLP,* Eastern District of California,
   Case No. 06-CV-02376-LKK-GGH ............................................................................ 1

*Woodard* v. *FedEx Freight East,* Middle District of Pennsylvania,
   Case No. 3:CV-06-1968 .............................................................................................. 13

# TABLE OF AUTHORITIES

**Page**

## FEDERAL STATUTES

29 U.S.C. § 201 *et seq*..................................................................................................... 9

Fed. R. Civ. P. 11(b) ................................................................................................... 7, 8

## STATE STATUTES

Cal. Lab. Code § 203 ...................................................................................................... 9

**I.   INTRODUCTION**

Plaintiff's Opposition to Defendant PricewaterhouseCoopers LLP's ("PwC") Motion for a Stay; Motion to Dismiss; Motion to Strike; and Motion for a More Definite Statement fails to adequately explain why her claims should not be stayed in light of PwC's arguments, and further fails to resolve the fundamental pleading defects PwC has identified.

First, the first filed rule is applicable to this action. Second, Plaintiff's functional definition of her proposed class, as well as her attempted inclusion of other separate and distinct entities, is improper. Third, Plaintiff cannot repackage her underlying Fair Labor Standards Act ("FLSA") allegations as violations of California Business and Professions Code Section 17200. Fourth, Plaintiff cannot properly allege a four year class period for all claims. Finally, Plaintiff fails to provide any basis for requesting a constructive trust, and further, cannot demonstrate that punitive damages are available under any of her claims.

**II.   ARGUMENT**

   **A.   The First-Filed Rule Applies To This Action**

Courts have wide discretion to stay later filed actions to avoid duplicative proceedings. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (ordering stay of later filed action in deference to first filed action). In deciding whether to invoke the first-filed rule, courts consider three factors: (1) the chronology of the actions; (2) the identity of the parties involved; and (3) the similarity of the issues at stake. PwC has shown in its motion that all three factors weigh in favor of staying the California state law claims in this action in deference to *Campbell v. PricewaterhouseCoopers, LLP*, Eastern District of California, Case No. 06-CV-02376-LKK-GGH ("*Campbell*"), and Plaintiff's Opposition fails to adequately explain otherwise.

   **1.   Plaintiff Does Not Deny That *Campbell* Was First-Filed And Has Made Significant Progress**

Plaintiff's Opposition is silent with respect to PwC's argument that because *Campbell* was first filed and significant progress has already been made, this factor weighs in favor of a stay. Allowing this action to continue is a waste of resources, would result in duplication of efforts, and would present the risk of inconsistent rulings—this is essentially undisputed.

**2.   Plaintiff Fails To Dispute That The California Classes and California Claims Are Similar to *Campbell***

First, Plaintiff is mistaken on the law. The first-filed rule does not require that the parties or issues be <u>identical</u>. The rule only requires a comparison of the <u>similarities</u> of the parties and the issues. *Alltrade*, 946 F.2d at 625. As Plaintiff acknowledges, the first to file rule "is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982).

Second, Plaintiff's proposed California classes and California state law claims are nevertheless very similar, if not identical, to the purported class and claims in *Campbell*.[1] Indeed, PwC's showing of these similarities remains largely undisputed. Instead of explaining how her proposed California classes or state law claims are different than those in *Campbell*, Plaintiff argues that her nationwide FLSA collective class is different. Plaintiff misses the point. *See* Opposition, at 6:21-22. PwC is not arguing that the nationwide FLSA claim should be stayed; PwC is arguing that the state law claims should be stayed, and the relevant comparison is between *Campbell* and the California state law claims herein. Plaintiff's argument does nothing to differentiate state law claims from the similar claims in *Campbell*. Therefore, Plaintiff has failed to show that her proposed California classes and California claims are not similar, or that the first filed rule is inappropriate under any of its established factors.

**3.   The First Filed Rule Can Apply To Stay Plaintiff's Proposed California Classes For Purposes Of Judicial Efficiency**

Plaintiff's main argument against application of the first filed rule is that the rule cannot apply only to Plaintiff's proposed California classes and California claims because of judicial inefficiency. Though Plaintiff fails to cite any facts or authorities for this assertion, Plaintiff boldly predicts that application of the rule to this action will throw the parties into a "never ending cycle" of motions to stay, with little hope of reaching the merits, and would result in a

---

[1] Though Plaintiff's proposed class definition contains significant ambiguities, as best PwC can guess, Le seems to be seeking to certify a class that is at least significantly duplicative of *Campbell's* proposed class.

"fantastic waste of judicial resources with no conceivable benefit." Opposition, at 7:11, 13-14. Plaintiff's concerns are not only unfounded and unsupported, but also flatly wrong.

There is no evidence that this hypothetical perpetual cycle of strategically-driven motions to stay will occur. Plaintiff offers no facts or examples to back up her claimed concerns. Further, this is a phantom concern because these issues will be decided in *Campbell*. PwC is not engaging in strategic motion practice to avoid facing the merits – PwC is saying that these identical issues will be decided in *Campbell*, a case that has progressed significantly further than the instant action and involves the same claims and, as far as PwC can tell, duplicative parties.[2]

The purpose of the first filed rule is to promote judicial efficiency. *Pacesetter Systems, Inc.*, 678 F.2d at 94-95. Applying the rule to this action will accomplish that goal. As PwC explained, and Plaintiff conveniently ignored, *Campbell* has already progressed significantly further than the instant action. PwC and the *Campbell* plaintiffs have been engaged in the discovery process for many months and a Motion for Class Certification is pending, and indeed the *Campbell* court will have heard oral argument on class certification on February 25, 2008, before the instant motions are heard by this Court. Given the potential waste of resources from duplicative motions and discovery requests, PwC is asking this Court to stay this action with respect to the California classes and California state law claims pending resolution of *Campbell*. PwC's rationale is that it should not be forced to repeat these same processes if another plaintiff files an action with the same purported class and the same claims. In addition, the application of the first filed rule is particularly appropriate here, where the California state law claims and the California classes are cleanly separable from the nationwide FLSA collective class.

The alternative, and the theory that Plaintiff seems to propose, is to allow class actions with significantly overlapping or slightly different class definitions to proceed, regardless of prior filed actions encompassing the same parties and claims. Under Plaintiff's theory, defendants must face multiple class actions and be forced to go through the entire discovery process and other

---

[2] Plaintiff's position is further undermined by the filing of *Kress v. PwC* (*see* Amended Notice of Pendency of Other Action or Proceeding, filed concurrently herewith). The *Kress* case has claims substantially similar to the California claims here and in *Campbell*. According to Plaintiff's theory, PwC should be required to re-litigate everything a *third time* in *Kress*. But PwC doubts that if PwC were to file a stay motion in *Kress* in favor of litigating this case, that Plaintiff would oppose such a motion.

1  costly pre-trial procedures for each action so long as the class definition in each action is slightly
2  different, even if several classes are largely identical. This is an untenable position. Requiring
3  extensive discovery and motions in another action with identical claims and a largely duplicative
4  class would be the real waste of judicial resources as well as those of the parties. Plaintiff's
5  position also entirely ignores the res judicata and collateral estoppel consequences that will likely
6  apply, both as to class certification rulings and ultimately on the merits.[3] Therefore, for purposes
7  of judicial efficiency, this Court should stay the California state law claims and California classes.

**4.     The First Filed Rule Can Be Invoked Despite The *Campbell* Plaintiffs' Forum Shopping**

10  PwC does not dispute that the *Campbell* plaintiffs engaged in forum shopping, but
11  Plaintiff is mistaken that this bars application of the first filed rule. First, as Plaintiff points out,
12  the first filed rule is an equitable concept. Thus, while the effect of invoking the rule may be the
13  same regardless of who requests it, it is relevant that PwC is the party seeking it. Equity does not
14  reward those who make an improper anticipatory filing or who were motivated by forum
15  shopping, and in such instances, the first filed rule should not benefit that party. *See, e.g.,*
16  *Employers Ins. v. News Corp.*, 439 F. Supp. 2d 328, 334 (S.D.N.Y. 2006). But PwC undisputedly
17  did not engage in either type of prohibited action. Thus, equity cannot be invoked to bar PwC
18  from seeking application of the first filed rule; that would pervert the rules of equity.
19  Second, the forum shopping exception is generally applied when two adversaries have
20  claims against each other and one party wins "the race to the courthouse under questionable
21  circumstances." *Id.* Thus, the exception applies when the timing of the cases suggests that one
22  case would have been filed first if not for the misconduct of the other party. But here, the cases
23  were filed a year apart – there was no race. Plaintiff Campbell – not an adversary of Le – filed
24  his suit on October 27, **2006**. Plaintiff Le filed her complaint on October 26, **2007**. For all of

---

[3] Also, assuming, *arguendo*, that a class is certified in *Campbell*, and further assuming for the sake or argument that the *Campbell* plaintiffs ultimately were to prevail on the merits, those class members would not be entitled to a double recovery – they would not be allowed to recover on the California claims in *Campbell*, and then recover again on the same claims here in *Le*. Indeed, to the extent *Campbell* class members were to prevail on their California overtime claims, they would not be able to recover additional overtime monies under the FLSA either.

1  these reasons, this exception is inapplicable.

2      **B.**    <u>**The Court Must Dismiss Or Strike Plaintiff's Improper Class Definition And All Class Allegations In The Complaint**</u>

3

4      Plaintiff overstates the law when she claims that Rule 23(d)(4) has <u>no</u> application to the

5  present situation; in fact, it is misleading for Plaintiff to suggest that Rule 23(d)(4) can apply only

6  when the Court addresses whether the action may proceed as a Rule 23 class action.  Indeed, class

7  allegations may be (and are) stricken at the pleading stage.  *Kamm v. Sugasawara*, 509 F.2d 205,

8  212 (9th Cir. 1975); *see also, e.g., Linder v. Thrifty Oil*, 23 Cal. 4th 429, 440 (2000) ("nothing

9  prevents a court from weeding out legally meritless suits prior to certification via a defendant's

10  demurrer or pretrial motion.  In fact, it is settled that courts are authorized to do so."); *Silva v.*

11  *Block,* 49 Cal. App. 4th 345, 349 (1996) (court properly exercised its discretion to sustain

12  defendant's demurrer to plaintiffs' class allegations without leave to amend); *Clausing v. S.F.*

13  *Unified Sch. Dist.,* 221 Cal. App. 3d 1224, 1234 (1990) ("[w]here a complaint, on its face, fails to

14  allege facts sufficient to establish a community of interest as to the elements of the class claims, it

15  would be a waste of time and judicial resources to require a full evidentiary hearing when the

16  matter can properly be disposed of by demurrer").  Further, it is sometimes possible to determine

17  from the pleadings alone that the class requirements cannot possibly be met and in such cases

18  striking class allegations before commencing discovery is appropriate.  *Palmer v. Combined Ins.*

19  *Co. of Am.*, No. 02 C 1764, 2003 U.S. Dist. LEXIS 2534, *5 (N.D. Ill. Aug. 29, 2003).  These

20  rules are particularly applicable here, where Plaintiff's proposed class definition is not merely

21  "suspicious," but legally defective and impermissible as a violation of Rule 11.

22      **1.**    <u>**Plaintiff's Proposed Definition of "Associate" Is Unintelligible And Legally Defective**</u>

23

24      Plaintiff fails to address PwC's argument that it is her purported definition of "Associate"

25  that is unintelligible and legally defective, not the job title of "Associate" itself.  The Complaint

26  states that Plaintiff brings the action on behalf of "all current and former Associates, <u>defined as</u>:

27  accountants, auditors and/or consultants who provided audit, tax risk management and other

28  client services[.]"  It is this attempt to functionally <u>define</u> the term "Associate" that is improper,

1   and the source of PwC's objection.[4] If Plaintiff's proposed class members are limited to those
2   with the job title of "Associate" as designated by PwC, then the Complaint should just state that
3   and not provide its own entirely unclear definition of the term.

4   In failing to explain her proposed definition of the term "Associate" and insisting that her
5   Complaint already defines class members by the job title of "Associate," Plaintiff is in effect
6   conceding that the Court should grant PwC's motion to strike the confusing functional class
7   definition. "Associate" is indeed a job title, and as Plaintiff now suggests, the class members are
8   limited to those with the job title of "Associate." Opp., at 9 n.3. In any case, Plaintiff's
9   functional definition is improper, and the Court must strike it. Complaint, at ¶ 2.

10  Plaintiff also vigorously contends that PwC has made inherently inconsistent arguments in
11  insisting that the class definition is vague. As PwC explained, the term "Associate" as
12  functionally defined by Plaintiff is vague and ambiguous. (And, as shown, even Plaintiff agrees
13  that class members should be defined by the job title of "Associate.") PwC does not insist that
14  plaintiffs "need be somehow omnipotent [*sic*] in their knowledge."[5] PwC merely expects, as
15  Plaintiff now seems to agree in her Opposition, that job titles should be stated and not vaguely
16  redefined so as to make identification of potential class members unascertainable. Thus, PwC's
17  confusion as to the Plaintiff's functional definition was quite real and understandable.

18  Plaintiff also contends that PwC's argument that the class definition is vague conflicts
19  with its argument that the class definition is largely duplicative of that in *Campbell*. Not so.
20  Although the class definition is unclear, it nonetheless appears that the definition encompasses a
21  class largely duplicative of the class in *Campbell*. Because staying the action does not require
22  identical parties, but a comparison of the similarity of the parties, it was not inconsistent for PwC
23  to argue that, as best as PwC can guess based on the ambiguous class definition, the proposed
24  class in *Campbell* is virtually identical to the proposed California classes in the instant action.
25  And as PwC consistently maintained, Plaintiff needs to clarify her class definition so PwC and the

---

[4] Plaintiff claims to have "clearly define[d] the class members by their job title, 'Associate,' as written in the proper tense." Opposition, at 9 n.3. As the Complaint shows, this is not true. Plaintiff actually attempted to define the term "Associate" functionally rather than simply using it as a job title.
[5] PwC assumes Plaintiff meant "need be somehow omniscient."

1  Court can know for sure the extent to which the proposed classes are indeed similar.

### 2. **Plaintiff Cannot Define Lines Of Service In Functional Terms**

Just as it is improper for Plaintiff to define "Associate" in functional terms, it is improper for Plaintiff to use functional terms instead of specifying lines of service. Plaintiff fails to address PwC's argument that the phrase "and other client services" is vague and unascertainable, and impermissibly keeps the definition open for Plaintiff to broaden the class definition at will without court notice or approval. Thus, the phrase is improper and must be stricken.

Indeed, efforts to define the class in functional terms render it inherently vague, and it is unclear who is encompassed in the purported class definition. PwC and the Court are left guessing what Plaintiff means by phrases like "and other client services," and who may perform such tasks within the class period. If Plaintiff wants to include Associates whom she believes (after an adequate pre-filing inquiry under Rule 11) have certain job functions, then she should just identify which lines of service, divisions, or groups Plaintiff wants included in her definition and avoid the confusion. As PwC previously stated, this should not be difficult to do for a proposed class representative who contends she is an adequate representative.

Requiring Plaintiff to make this basic clarification of her class definition is not a remarkable position. Plaintiff suggests that this requirement is a "novel proposition," but it is quite clear that Rule 11 requires Plaintiff to know this basic knowledge prior to filing her class action. Rule 11 places an affirmative duty on attorneys and litigants to make a reasonable investigation of the facts and law before signing and submitting any pleading. Fed. R. Civ. P. 11(b). The rule "require[s] litigants to 'stop-and-think' before initially making legal or factual contentions." *Id.* If Plaintiff had conducted the basic investigation required of her, then she could easily identify which lines of service, divisions, or groups are included in her class definition.

Plaintiff's assertion that her definition is "intentionally broad" to capture all of PwC's lines of service only further highlights the impropriety of her position. Plaintiff ignores the requirements of Rule 11 and seeks only to encompass as large a class as the Court will let her, without any reasonable investigation or consideration of whether the proposed class definition is proper or if it has any evidentiary support. In addition, Plaintiff's ambiguous class definition is

1  defective because it impermissibly allows Plaintiff to alter the definition to include additional job
2  functions or groups at Plaintiff's whim. To prevent such continual broadening of the class
3  definition, to provide necessary limitations to the scope of discovery and avoid inevitable
4  discovery disputes on this issue, and pursuant to the requirements of Rule 11, this Court must
5  grant PwC's motions and require Plaintiff to state which lines of service she seeks to represent so
6  that all parties have a very clear and objective understanding of the scope of the case.

### 3. Plaintiff's References To "Parent, Subsidiary, Related, Or Successor Companies" Is Improper And Must Be Stricken

Plaintiff continues to violate Rule 11 requirements by seeking to impose liability on separate and distinct entities that have never even arguably harmed her. Plaintiff admits she has no clue as to which entity other than PwC, if any, allegedly harmed her. Her solution is just to include all of them, and determine later whether she can support a claim against any of them. Opposition, at 10:13-15. This violation of Rule 11 should not be permitted here.

#### a. Plaintiff Failed To Make A Reasonable Inquiry As Required Prior To Filing Her Complaint

Rule 11 places an affirmative duty on attorneys and litigants to make a reasonable investigation of facts and law before signing and submitting any pleading. Fed. R. Civ. P. 11(b). Here, without any factual basis or justification, Plaintiff purports to include other separate entities in the lawsuit. Yet, Plaintiff is unable to identify these entities or allege how they are responsible for harm to her. Thus, Plaintiff cannot possibly have standing to sue any of them. Plaintiff further fails to allege any relationship with these entities, and provides no reason whatsoever for their inclusion. Opp., at 10:13-15. Plaintiff fails to meet the basic pleading requirements to include these entities and the Court must not allow her to circumvent these Rule 11 standards.

#### b. Plaintiff Does Not Allege An Employment Relationship With Any Other Entities

Plaintiff cannot properly make references to "Parent, Subsidiary, Related, Or Successor Companies" because she alleges no employment relationship between herself and any other entity. Rather, the Complaint alleged an employer-employee relationship only between PwC and

- 8 -

1  Plaintiff. Complaint, at ¶ 31. Thus, it is clear from the face of the Complaint that no employment
2  relationship existed between Plaintiff and any "Parent, Subsidiary, Related, Or Successor
3  Companies." No other entity was named or described in the Complaint.

4  Without this employer-employee relationship, none of the claims in the Complaint can
5  stand as against "Parent, Subsidiary, Related, Or Successor Companies." All of the claims are
6  predicated on an employer-employee relationship. "[O]nly an 'employer' is liable for failing to
7  provide an employee with meal or rest periods. Cal. Labor Code § 226.7. Similarly, <u>only an
8  'employee' may bring an action to recover unpaid overtime compensation</u>. Cal. Labor Code §
9  1194." *Maddock v. KB Homes*, No. CV-06-05241 CAS-(JTLx), 2007 U.S. Dist. LEXIS 95763,
10 *24 (C.D. Cal. Oct. 18, 2007) (emphasis added). Only an "employer" is required to pay wages to
11 an "employee" upon termination. Cal. Lab. Code § 203. For the FLSA to apply, there must exist
12 an employer-employee relationship between the plaintiff and the defendant. 29 U.S.C. § 201 *et
13 seq.* And because Plaintiff's unfair business practices claim is grounded in these alleged
14 violations, it too requires an employer-employee relationship. *Maddock*, 2007 U.S. Dist. LEXIS
15 95763, at *24. The *only* employment relationship alleged in the Complaint was between Plaintiff
16 and PwC. Thus, the Complaint fails to state a cause of action against any other "Parent,
17 Subsidiary, Related, Or Successor Companies" and this language must be stricken.[6]

18
        **c.**   **Plaintiff Cannot Hold "Parent, Subsidiary, Related, Or
             Successor Companies" Responsible For Acts of PwC**
19

20 To the extent Plaintiff is seeking to hold any other entity responsible for the acts of PwC,
21 Plaintiff cannot do so because she has failed to allege anything to suggest that any other entity can
22 be held responsible for the acts of PwC.

23 PwC and the "Parent, Subsidiary, Related, Or Successor Companies" are each separate
24 and distinct legal entities. Each entity cannot be held liable for the acts of the other, and Plaintiff
25 has not alleged any facts to suggest differently. If Plaintiff wishes to try to impose such liability
26 on "Parent, Subsidiary, Related, Or Successor Companies," Plaintiff must plead alter ego

27
28
---
[6] Nor does the Complaint claim that any of these entities were joint employers of Plaintiff. In the absence of such allegations—which would be false and would trigger a sanctions motion—Plaintiff also cannot allege a joint employer theory against "Parent, Subsidiary, Related, Or Successor Companies."

1  allegations in the Complaint, and meet the high burden of showing that the entities are alter egos.

2  *Synapsis, LLC v. Evergreen Data Sys.*, No. C 05-01524 JF, 2006 U.S. Dist. LEXIS 67897, *11-12

3  (N.D. Cal. Sept. 12, 2006); *cf. Calvert* v. *Huckins*, 875 F. Supp. 674, 678 (E.D. Cal. 1995) (there

4  is "general presumption in favor of respecting the corporate entity"). Since Plaintiff failed to

5  allege any facts to suggest this is the case, Plaintiff cannot hold any "Parent, Subsidiary, Related,

6  Or Successor Companies" responsible for acts of PwC, and this language must be stricken.

**d.   Plaintiff Cannot Be An Adequate Class Representative Of Entities She Has Never Worked For, And Has No Standing To Sue Any Other Entities**

9  Plaintiff also cannot include "Parent, Subsidiary, Related, Or Successor Companies" in

10  her claim because Plaintiff is not a proper representative for a putative class of employees of any

11  of these entities. A class action may be maintained only against defendants as to whom the class

12  representative has a claim. *See, e.g., Hart v. Alameda* County, 76 Cal. App. 4th 766 (2000);

13  *Baltimore Football Club v. Superior* Court, 171 Cal. App. 3d 352 (1985); *Phillips v. Crocker-*

14  *Citizens Nat'l Bank*, 38 Cal. App. 3d 901 (1974). As discussed above, Plaintiff has only alleged

15  that she was employed by PwC. Plaintiff has not asserted, nor could she assert, a claim against

16  any entity other than PwC. Because Plaintiff does not have a claim against "Parent, Subsidiary,

17  Related, Or Successor Companies," she cannot serve as a representative for employees of those

18  entities. *See La Mar v. H & B Novelty & Loan Co.*, 489 F.2d 461, 462 (9th Cir. 1973) (plaintiff

19  "cannot represent those having causes of action against other defendants against whom the

20  plaintiff has no cause of action and from whose hands he suffered no injury"). Moreover, her

21  claims cannot be "typical" of a class containing employees of a different employer.

22  Because Plaintiff has no standing to sue "Parent, Subsidiary, Related, Or Successor

23  Companies" for whom she never worked, she lacks standing to sue them on behalf of anyone

24  else, and this language must be stricken from the proposed class definition. Complaint, ¶ 2.

**C.   Courts In The Ninth Circuit And Beyond Have Held That Plaintiffs Cannot Repackage Their Underlying FLSA Allegations As Violations Of California Business And Professions Code Section 17200**

27  Plaintiff claims that the great weight of authority in the Ninth Circuit allows Plaintiff to

28  attempt to circumvent the restrictive opt-in requirements of the FLSA by utilizing the borrowing

1  statute of California Business and Professions Code Section 17200. Plaintiff is wrong. As
2  exemplified in *Williams v. Trendwest Resorts, Inc.*, No. 2:05-DV-0605-RCJ-LRL, 2007 U.S.
3  Dist. LEXIS 62396, at *11 (D. Nev. Aug. 20, 2007), recent decisions by district courts in the
4  Ninth Circuit have found that the FLSA and Rule 23 are incompatible because it contravenes the
5  purposes of the FLSA to allow simultaneous FLSA and Rule 23 collective actions. Thus,
6  Plaintiff cannot circumvent the restrictive opt-in requirements of the FLSA by utilizing Section
7  17200. Plaintiff failed to discuss this recent decision in her Opposition.

8      *Trendwest* shows that district courts in the Ninth Circuit will prevent plaintiffs from
9  repackaging their underlying FLSA allegations as violations of Section 17200, and also holds that
10 permitting plaintiffs to use Section 17200 as a vehicle for FLSA claims would violate Congress's
11 intent to manage FLSA claims through the stricter opt in process. *Id.* This reasoning was present
12 in *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 470 (N.D. Cal. 2004), finding that the
13 "policy behind requiring FLSA plaintiffs to opt in to the class would largely 'be thwarted if a
14 plaintiff were permitted to back door the shoehorning in of unnamed parties through the vehicle
15 of calling upon similar … statutes that lack such an opt-in requirement.'" Like *Trendwest*,
16 *Leuthold* is right on point here. And as with *Trendwest*, Plaintiff fails to offer anything to
17 differentiate *Leuthold* from the instant action.

18     Other district courts in the Ninth Circuit have also held that Congress intended the FLSA
19 to be an "exclusive remedy" for a substantive FLSA violation. *Flores v. Albertsons*, No. CV01-
20 00515PA (SHx), 2003 U.S. Dist. LEXIS 26857, *18-20 (C.D. Cal. Dec. 8, 2003) (dismissing
21 plaintiffs' negligence claims as "nothing more than additional legal theories" to recover federal
22 wage and hour damages; allowing claims to proceed would circumvent Congress's intent for
23 FLSA to be exclusive remedy); *Edwards v. City of Long Beach*, No. CV 05-8990, 2006 U.S. Dist.
24 LEXIS 93141, *14 (C.D. Cal. Dec. 12, 2006) ("The Court here agrees with the reasoning of the
25 Court in *Leuthold*"). Plaintiff tries to distinguish *Flores* by arguing that the claims were based on
26 negligence theories and that the opinion is conclusory; however, this does not affect the clear
27 holding that the FLSA was intended to be an exclusive remedy and Plaintiff cannot use additional
28 legal theories, like Section 17200, to recover wages. Plaintiff next claims that the opinion is not

1  binding on this Court. While true, this contention is detrimental to Plaintiff, because the main

2  authority Plaintiff cited for her position, *Takacs v. A.G. Edwards & Sons*, 444 F. Supp. 2d 1100,

3  1116-18 (S.D. Cal. 2006), is also in a different district and thus not binding on this Court. Lastly,

4  Plaintiff claims that even if *Flores* supports PwC's argument (which it does), it is out of step with

5  Ninth Circuit authority. As discussed above, this is not so. Also, based on *Leuthold*, the

6  Northern District of California has agreed with PwC's position.

7        *Leuthold* is the better reasoned argument, and not only reflects cases from within the

8  Ninth Circuit, but also beyond the Ninth Circuit. It is widely accepted that attempts to turn FLSA

9  opt-in claims into state law opt-out claims thwart the efficiencies of the FLSA and may lead to

10  confusion. *Leuthold*, 224 F.R.D. at 469-470; *Edwards*, 2006 U.S. Dist. LEXIS 93141 at *14; *see

11  also Otto v. Pocono Health Sys.*, 457 F. Supp. 2d 522, 524 (M.D. Pa. 2006) (allowing a "Section

12  216(b) opt-in action to proceed accompanied by a Rule 23 opt-out state law class action claim

13  would essentially nullify Congress's intent in crafting Section 216(b) and eviscerate the purpose

14  of [the] opt-in requirement"); *Chabrier v. Wilmington Fin.,* No. 06-4176, 2006 U.S. Dist. LEXIS

15  90756, *12-13 (E.D. Pa. Dec. 13, 2006) (severing and staying Rule 23 state law class claim

16  because it is "seemingly incompatible" with FLSA collective action); *Aquilino v. Home Depot

17  U.S.A.,* No. 04-cv-4100 (PGS), 2006 U.S. Dist. LEXIS 48554, *11 (D.N.J. July 17, 2006) ("The

18  Congressional intent for an opt-in procedure pursuant to FLSA has been established for more than

19  60 years. This intent 'would largely be thwarted'" by certifying a Rule 23 class); *Chase v. Aimco

20  Props.,* 374 F. Supp. 2d 196, 202 (D.D.C. 2005) (allowing state law class action to proceed

21  together with FLSA collective action "would confound Congress' design for the collective action

22  and inject unacceptable complexities into the management of the case"); *Brown v. Ameri-Nat'l

23  Corp.*, No. 04-2510-CM, 2005 U.S. Dist. LEXIS 8922, *6 (D. Kan. Feb. 16, 2005) (granting

24  motion to dismiss state law class action claims;  FLSA collective and Rule 23 class actions are

25  "mutually exclusive and irreconcilable"); *McClain v. Leona's Pizzeria,* 222 F.R.D. 574, 577

26  (N.D. Ill. 2004) (FLSA's opt-in provision "directly contrasts with Rule 23's opt-out scheme and

27  demonstrates Congress's intent to ensure that parties with wage and hour claims under the FLSA

28  take affirmative steps to become members of a class"); *Rodriguez v. Texan Inc.*, No. 01 C 1478,

2001 U.S. Dist. LEXIS 24652, *3 (N.D. Ill. Mar. 7, 2001) (permitting plaintiffs to use Rule 23 as a "back door" to "shoehorn" in parties in violation of FLSA's opt-in requirement would thwart Congressional intent).[7]

Plaintiff's sole remedy for the FLSA violations she alleges is the FLSA, not section 17200. Because the FLSA's opt-in procedure contradicts the Rule 23 opt-out procedure required for section 17200 claims, the Court should dismiss Plaintiff's Seventh Claim for Relief with prejudice or strike any attempt to incorporate FLSA allegations into the section 17200 claim.

### D. Plaintiff Cannot Allege A Universal Four Year Class Period

PwC argued that Plaintiff's proposed class definition improperly applies a four year statute of limitations to *all* of her claims. Plaintiff fails to address this argument and offers nothing to rebut it other than the contention that claims for unlawful business practices predicated on violations of the FLSA properly cover a four year statute. First, Plaintiff cannot base her Section 17200 claim on the FLSA. Second, the four year class period would still be improper as to her other claims, and Plaintiff fails to prove otherwise. PwC objects to Plaintiff's specific reference to a "four year" statute of limitations in the class definition that is incorporated by reference into each of Plaintiff's claims. While Plaintiff could have, for example, defined the class to include Associates who meet certain criteria "at any time during the applicable statute of limitations period," she did not select such neutral language. As currently pled, Plaintiff's proposed class definition is improper with respect to her first through sixth claims.

### E. The Complaint Seeks Improper Relief That Must Be Stricken

#### 1. Plaintiff Fails To Provide A Basis For A Constructive Trust

PwC has shown that Plaintiff failed to adequately plead anything supporting the imposition of a constructive trust. To assert constructive trust as a remedy, Plaintiff must plead fraud or breach of fiduciary duty. Plaintiff entirely ignores this requirement and fails to explain

---

[7] The current trend on this issue clearly favors PwC's position. On February 19, 2008, a district court granted the defendant's motion to strike the Rule 23 class allegations due to conflicts with the FLSA collective action. *Woodard v. FedEx Freight East,* M.D. Penn., Case No. 3:CV-06-1968 (simultaneous prosecution of FLSA collective action and state law class action frustrates congressional intent and circumvents FLSA opt-in requirement).

1   how the pleadings show any confidential or fiduciary relationship between Plaintiff and PwC,
2   other than the fact that they were employer and employee. As case law has established, no
3   fiduciary duty or confidential relationship exists from the bare fact that the parties are employer
4   and employee. *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 621 (9th Cir. 2004).

5   This showing is undisputed by Plaintiff. Instead of explaining how she satisfies the
6   pleading requirements, Plaintiff only states that such a remedy is available. But it is available
7   only to those who have adequately pled fraud or breach of fiduciary duty, and Plaintiff has not
8   done so. The Court should strike Paragraph E of Plaintiff's Prayer for Relief.

### 2. Plaintiff's Claims Do Not Support Imposition Of Punitive Damages

10  Instead of making any of her own arguments in response to PwC's showing that none of
11  Plaintiff's claims support punitive damages, Plaintiff reproduces the *Campbell* court's decision
12  denying PwC's motion to strike punitive damages. First, PwC respectfully disagrees with the
13  *Campbell* court's ruling, and points out that the decision in *Campbell* is not binding on this Court
14  with respect to this motion. Second, Plaintiff seems to be explicitly admitting that her claims are
15  identical to the claims in *Campbell*. Opp., at 14:4-5. Plaintiff contends her prayer for punitive
16  damages is properly pled because PwC had this "exact argument" rejected by the *Campbell* court.
17  Opposition, at 14:4. Since the argument in question involves whether punitive damages are
18  available under <u>any</u> of Plaintiff's claims, the only way for PwC's argument in *Campbell* to be the
19  same "exact argument" as its argument here is if each of the claims are identical.

20  PwC does not dispute that the claims are identical. However, the *Campbell* court denied
21  the motion to strike because it concluded that PwC did not show on a claim by claim basis that
22  such relief is unavailable for each of the *Campbell* plaintiffs' claims. But PwC has shown that
23  punitive damages are not recoverable for any claims here. Where a new right that did not exist at
24  common law is created by statute and a remedy for the violation of the right is provided, "such
25  remedy is exclusive of all others unless the statutory remedy is inadequate." *Trumbull &*
26  *Trumbull v. ARA Trans.*, 219 Cal. App. 3d 811, 827 (1983). Punitive damages are not available
27  for Plaintiff's second through sixth claims under California statutes. For Labor Code claims, the
28  binding authority in this Court is clear. *See Czechowski v. Tandy Corp.*, 731 F. Supp. 406, 410

1  (N.D. Cal. 1990) (Labor Code penalty provision precludes punitive damages) (citing

2  *Troensegaard v. Silvercrest Indus.,* 175 Cal. App. 3d 218, 228 (1985) (striking punitive damages

3  award based on duplicate penalty: "[H]ad the Legislature, by Civil Code sections 3294

4  (permitting punitive damages) and 1794 (permitting a civil penalty), intended a double recovery

5  of punitive and penal damages for the same . . . acts, it would in some appropriate manner have

6  said so.") (emphases omitted). And punitive damages are not available in FLSA actions ((*Walker*

7  *v. Pettit Construction,* 605 F.2d 128, 130 (4th Cir. 1979) (punitive damages unavailable for FLSA

8  claims)) or for Section 17200 claims. *Czechowski*, 731 F. Supp. at 410.

9  As the *Campbell* court required, PwC has met its burden of showing that such relief is

10 unavailable under <u>any</u> of Plaintiff's claims. PwC has definitively shown that governing case law

11 is clear that for each of Plaintiff's claims, punitive damages are not available. Plaintiff is not

12 entitled to punitive damages, and the Court must strike Plaintiff's requests for punitive damages

13 set forth in Paragraph G of the Prayer for Relief.

14 **III.   CONCLUSION**

15 PwC requests that the Court stay all California claims pending resolution of the first-filed

16 *Campbell* case, and grant its motion to dismiss, to strike, and for a more definite statement.

18 Dated: February 22, 2008

ORRICK, HERRINGTON & SUTCLIFFE LLP

/s/
JOSEPH C. LIBURT
Attorneys for Defendant
PRICEWATERHOUSECOOPERS LLP