| | |
|---|---|
| 1 | LYNNE C. HERMLE (STATE BAR NO. 99779) |
| | lchermle@orrick.com |
| 2 | JOSEPH C. LIBURT (STATE BAR NO. 155507) |
| | jliburt@orrick.com |
| 3 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | 1000 Marsh Road |
| 4 | Menlo Park, CA  94025 |
| | Telephone:     650-614-7400 |
| 5 | Facsimile:     650-614-7401 |
| 6 | |
| 7 | Attorneys for Defendant |
| | PRICEWATERHOUSECOOPERS LLP |

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAC ANH LE, on behalf of herself and all other similarly situated, | Case No. C07-05476 MMC |
| Plaintiff, | **AMENDED NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING** |
| v. | |
| PRICEWATERHOUSECOOPERS LLP; and DOES 1 through 10, inclusive, | |
| Defendant. | |

OHS West:260367652.2

AMENDED NOTICE OF PENDENCY OF OTHER ACTION OR
PROCEEDING C07-05476 MMC

Defendant PricewaterhouseCoopers LLP ("PwC"), pursuant to Rule 3-13 of the Local Rules of the United States District Court for the Northern District of California, hereby gives notice of the following actions or proceedings pending in other courts:

1. *Ruiz v. PricewaterhouseCoopers LLP*, Case No. BC287920 ("*Ruiz*"), filed on December 31, 2002 in the Superior Court of the State of California for the County of Los Angeles, dismissed pursuant to the Ruling on Defendants' Demurrers and Motion to Strike, dated December 8, 2003, and Judgment entered on January 20, 2004;

2. *Jason Campbell and Sarah Sobek, individually, and on behalf of all other similarly situated current and former employees of PricewaterhouseCoopers, LLP  v. PricewaterhouseCoopers, LLP*, Case No. 06-CV-02376-LKK-GGH ("*Campbell*"), filed on October 27, 2006 and pending in the United States District Court for the Eastern District of California; and

3. *Samuel Brandon Kress, Jeffrey LaBerge and Willow Markham, individually and on behalf of all others similarly situated v. PricewaterhouseCoopers LLP*, Case No. BC 384002 (*"Kress"*), filed on January 18, 2008 and pending in the Superior Court for the State of California, County of Los Angeles.

As discussed further below, the *Ruiz*, *Campbell*, and *Kress* cases and the instant matter involve all or a material part of the same subject matter and all or substantially all of the same parties, as defined by Local Rule 3-13.  All four cases appear to involve the same parties and are based on the same or similar claims under California state law.  All four cases involve similar questions of fact and law; namely, whether PwC allegedly misclassified certain professionals as exempt from overtime.  In addition, having the California state law claims in the instant matter heard by a judge other than Judge Karlton and Magistrate Hollows in *Campbell* will require substantial duplication of judicial and other resources.  As discussed in more detail below, *Campbell* has been pending and vigorously litigated for over one year, and the plaintiffs' motion for class certification has been filed and largely briefed.  Since *Campbell* is so far ahead of the *Le* case in relation to the California claims, the most efficient course of action is to stay the California claims in the *Le* case.  Because the *Le* case also asserts a proposed nationwide class

1  under the FLSA – which *Campbell* does not assert – the most efficient outcome is to have the
2  FLSA claim in *Le* proceed where it was filed in the Northern District, and have the California
3  state law claims that are limited to California employees continue to proceed in *Campbell* in the
4  Eastern District, staying such duplicative California claims in the *Le* case.

   Staying the instant matter as to the California putative class is likely to promote judicial efficiency and will enable the Court to avoid substantial duplication of labor and the substantial danger of inconsistent adjudication. In addition, the same legal issues govern both cases as to the California state law claims for relief. For the foregoing reasons, PwC hereby requests that the California putative classes and claims in the instant matter be stayed in light of *Campbell*.

## I.   THE *LE* ACTION

On October 26, 2007, Plaintiff filed her complaint. In this proposed class action lawsuit, Plaintiff seeks to represent two classes.

The first proposed class is a nationwide federal collective action brought on behalf of "all current and former Associates, defined as: accountants, auditors and/or consultants who provided audit, tax risk management and other client services (collectively "Client Services")" on behalf of PwC and are/were not licensed as Certified Public Accountants. Complaint ¶ 2. This first proposed nationwide class seeks to recover unpaid overtime pursuant to the Fair Labor Standards Act ("FLSA").

The second proposed class is a state-wide class action on behalf of all current and former Associates within the state of California and seeks to recover overtime compensation and related penalties pursuant to the following claims for relief: failure to pay overtime in violation of California Labor Code §§ 510, Wage Order 4-2001 and 8 C.C.R. § 11040; failure to provide meal and rest breaks in violation of California Labor Code §§ 226.7 and 512; failure to pay all wages due upon cessation of employment in violation of California Labor Code §§ 201 and 202; failure to maintain accurate records in violation of California Labor Code §§ 226 and 1174; unfair competition in violation of Business & Professions Code Section 17200. *Id.* ¶ 55-75.

## II.   THE *RUIZ* ACTION IS RELATED TO THE *LE* CASE

On or about December 31, 2002, Anthony Ronald Ruiz sued PwC in the Superior Court of

California for the County of Los Angeles. Ruiz asserted claims under Section 17200 on behalf of "current and former salaried employees who, since December 31, 1998 ("Relevant Period"), have performed accountancy functions before being licensed as certified public accountants" in the State of California. *Ruiz* Complaint ¶¶ 2, 9. Specifically, Ruiz alleged that these non-licensed accountants were improperly classified as exempt and should have been eligible for overtime pay. *See id* ¶ 19.

PwC demurred to the *Ruiz* complaint, asserting that the Section 17200 claim could not be appropriately brought as a representative claim because the overtime exemptions required a fact specific inquiry into the circumstances surrounding each employee. After extensive briefing and a hearing, Judge Victoria Chaney dismissed the representative exemption/overtime claim against PwC with prejudice. *See Ruiz* Ruling on Defendants' Demurrers and Motion to Strike ("Ruling") dated December 8, 2003.

The Ruling dismissing the action was dated December 8, 2003, and a judgment was later issued in favor of PwC, which became final in 2004. *See Ruiz* Notice of Entry of Judgment dated January 23, 2004.

In *Ruiz*, the Plaintiff alleged that PwC violated California overtime laws and Section 17200 by classifying unlicensed accountants as exempt. Just like the Plaintiff here, Ruiz asserted various allegations that the group he sought to represent was misclassified because the employees were not licensed or certified by the State of California in the practice of accounting, and regularly worked more than 40 hours in a week or more than 8 hours in a day. Compare *Ruiz* Complaint, ¶¶ 3, 19, 20 with Complaint ¶¶ 9, 11-22. Plaintiff Ruiz sought the same recovery – overtime compensation, injunctive relief, penalties and interest for the group – just like Plaintiff does here. Compare *Ruiz* Complaint, Prayer for Relief, p. 9 with Complaint, Prayer for Relief, pp. 12-13. The parties extensively briefed and argued the propriety of proceeding on a representative basis in the *Ruiz* matter. Judge Chaney fully analyzed and ruled on this issue.

Thus, the propriety of representative treatment of this same group (unlicensed associate accountants), for this same 17200 claim, on the same underlying issues alleging misclassification, and seeking the same recovery, was the precise issue presented in *Ruiz* and the instant action.

### III. THE *CAMPBELL* ACTION IS RELATED TO THE *LE CASE*

On October 27, 2006, Plaintiffs Jason Campbell and Sarah Sobek each filed an individual breach of contract lawsuit; Sobek in the Northern District of California and Campbell in the Eastern District of California. Having then apparently concluded that the Eastern District would be more receptive to their allegations, Sobek dismissed without prejudice her complaint in the Northern District and joined Campbell in his lawsuit. A First Amended Complaint was then filed joining Sobek and Campbell as Plaintiffs in *Campbell*, with some additional claims. After PwC filed a motion to dismiss the First Amended Complaint based on various issues, including but not limited to lack of subject matter jurisdiction, Plaintiffs filed a Second Amended Complaint, which is the operative complaint in *Campbell*.

In *Campbell*, Plaintiffs claim to represent all "non-licensed associate accountants" who worked in the state of California at any time between October 27, 2002 and the present. *See* Request for Judicial Notice, filed on Jan. 14, 2008, Exhibit B. Plaintiffs claim that PwC misclassified these individuals as exempt from overtime, and allege other related claims for meal periods, rest periods, itemized wage statements and penalties under 6 causes of action: Violation of California Labor Code §§ 510 and 1194; Violation of California Labor Code §§ 512 and 226.7; Violation of California Labor Code § 226.7; Violation of California Labor Code §§ 226 and 1174; Violation of California Labor Code § 203; and Violation of California Business and Professions Code § 17200. *Id*.

There is no nationwide FLSA claim in *Campbell*; indeed, there is no FLSA claim at all. *Campbell* is limited to the California state law claims relating to California employees.

The California state-wide putative class in the instant matter appears to be fully subsumed by *Campbell*. (PwC states that the California claims in the instant action "appears to be" the same as in *Campbell* because the class definition in the *Le* case is vague and not ascertainable, as discussed in PwC's Request for a Stay; Motion to Dismiss; Motion to Strike; and Motion for a More Definite Statement, filed with the Court on January 14, 2008. The California legal claims for relief in the two cases are the same, and it appears that the proposed class members are the same, but due to the ambiguities in the *Le* class definition PwC cannot be entirely certain at this

point that the proposed California classes overlap 100%.)

In addition, the parties in *Campbell* have already engaged in extensive discovery. The *Campbell* plaintiffs have propounded numerous document requests and special interrogatories, as well as an extensive Rule 30(b)(6) deposition notice. *See* Declaration of Victoria R. Carradero in support of PwC's Request for a Stay; Motion to Dismiss; Motion to Strike; and Motion for a More Definite Statement ("Carradero Decl."), filed on Jan. 14, 2008, ¶ 3. PwC has propounded document requests on both plaintiffs and has taken the depositions of the plaintiffs and their expert. *Id.* The *Campbell* plaintiffs have also since requested 9 depositions: 2 partners, PwC's expert, and several putative class member depositions. *Id.*

The parties in *Campbell* stipulated to a class certification briefing and hearing schedule back in October 2007, which is nearly completed. Plaintiffs' Motion for Class Certification was filed on October 24, 2007. In their motion, plaintiffs seek to certify a class of all current and former Associates and Senior Associates that have worked in California in the Assurance or Tax lines of service and who did not hold a CPA license from the state of California at any point during the time period of October 27, 2002 to the present and who assisted CPA's. On December 7, 2007, PwC filed its Opposition to that motion. Plaintiffs filed a reply brief on February 6, 2008. The hearing on Plaintiffs' Motion for Class Certification is set for February 25, 2008.

**IV.    THE *KRESS* ACTION IS RELATED TO THE *LE* CASE**

On January 18, 2008, Plaintiffs Samuel Brandon Kress, Jeffrey LaBerge, and Willow Markham (collectively "Plaintiffs") filed their Complaint. Plaintiffs in the *Kress* action seek to represent a class comprising:

> All persons employed by Defendants in the State of California as salaried exempt employees to do accounting work at any time within four years of the filing this complaint to the present but who were not licensed or certified by the State of California in the practice of accounting and were not paid overtime for hours worked in excess of 8 hours in a day or 40 hours in a week (at times referred to as the "Class").

*Kress* Complaint ¶ 20.

1    Plaintiffs seek to recover compensation and related penalties pursuant to the following
2 causes of action: failure to pay overtime wages in violation of California Labor Code section
3 510; failure to properly compensate for missed meal breaks in violation of California Labor Code
4 sections 226.7 and 512; failure to furnish accurate itemized wage statements in violation of
5 California Labor Code sections 226(a) and 1174; failure to timely compensate for all wages due
6 at end of employment in violation of California Labor Code section 201 and 202; and violation of
7 Business & Professions Code Section 17200, *et seq.* *Kress* Complaint ¶¶ 35-64.

8    Just like the *Le* case, the putative class in *Kress* appears to be fully subsumed by the
9 proposed class in *Campbell*. (And as with the *Le* case, PwC states that the California claims in
10 *Kress* appears to be the same as in *Campbell* because the class definition in *Kress* is similarly
11 defective on the grounds that it is vague and not ascertainable. The California legal claims for
12 relief in the two cases are the same, and it appears that the proposed class members are the same,
13 but due to the ambiguities in the *Kress* class definition PwC cannot be entirely certain at this point
14 that the proposed California classes overlap 100%.)

15    **CONCLUSION**

16    For the foregoing reasons, PwC requests that the Court stay the California claims in the
17 instant matter in light of the pending *Campbell* case so as to fulfill the purposes of the Local Rule
18 and to avoid duplication of effort by the Court and the parties.

Dated: February 22, 2008

LYNNE C. HERMLE
JOSEPH C. LIBURT
ORRICK, HERRINGTON & SUTCLIFFE LLP


/s/
JOSEPH C. LIBURT
Attorneys for Defendant
PRICEWATERHOUSECOOPERS LLP