United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LAC ANH LE,

Plaintiff,

v.

PRICEWATERHOUSECOOPERS LLP,

Defendant

/

No. C-07-5476 MMC

**ORDER DENYING IN PART AND DEFERRING IN PART RULING ON DEFENDANT'S MOTION; DIRECTING PARTIES TO SHOW CAUSE WHY ACTION SHOULD NOT BE TRANSFERRED TO EASTERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(A); CONTINUING CASE MANAGEMENT CONFERENCE**

Before the Court is defendant PricewaterhouseCoopers LLP's "Motion for a Stay; Motion to Dismiss; Motion to Strike; and Motion for a More Definite Statement," filed January 14, 2008. Plaintiff Lac Anh Le has filed opposition, to which defendant has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court hereby VACATES the hearing scheduled for March 7, 2008, and will direct the parties to show cause why the instant action should not be transferred to the Eastern District of California.

Plaintiff, who worked for defendant as an "Associate," alleges defendant has improperly classified Associates, including himself, as employees exempt from the protection of statutes requiring payment of overtime compensation. In his complaint, which plaintiff brings on behalf of a putative class of Associates, plaintiff alleges one federal

claim, specifically, a violation of the Fair Labor Standards Act ("FLSA"); plaintiff also alleges six state law claims, specifically, violations of California law (1) requiring payment of overtime compensation, (2) requiring meal breaks, (3) requiring rest breaks, (4) requiring accurate record-keeping of hours worked, (5) requiring timely payment of wages due, and (6) prohibiting unfair competition.

By the instant motion, defendant seeks an order staying the six state law claims in favor of Campbell v. PricewaterhouseCoopers, LLP, 6-CV-02376 LKK GGH, an earlier-filed putative class action pending in the Eastern District of California. In Campbell, the plaintiffs allege the same six state law claims, also on behalf of a putative class of Associates employed by defendant. (See Def.s' Req. for Judicial Notice, filed January 14, 2008, Ex. B.) The instant case differs from the Campbell action in two respects: first, plaintiff herein alleges a FLSA claim, albeit based on the same set of facts as those on which he based his state law overtime claim; and, second, plaintiff herein seeks to represent a class that appears to encompass a group of Associates in addition to those sought to be included in the putative class alleged in Campbell.[1]

Defendant, relying on the "first-to-file rule," (see Def.'s Mot. to Stay at 7:10), argues the state law claims herein should be stayed in favor of Campbell to avoid duplicative litigation and possible conflicting results, and to promote judicial economy and preserve the litigants' resources, but requests that the federal FLSA claim proceed in this forum.

A district court has discretion to stay an action where "a complaint involving the same parties and issues has already been filed in another district." See Alltrade, Inc. v. Uniweld Products, Inc., 946 F. 2d 622, 625, 628 (9th Cir. 1991). At the present time, however, the parties in Campbell and the parties in the instant action are not the same; rather, the plaintiffs in Campbell are two individuals, Jason Campbell and Sarah Sobek,

[1] Defendant asserts it is "divided into various client lines of service," (see Def.'s Mot. to Stay at 11:21), and that plaintiff worked in the "[a]ssurance line of service," (see id. at 13:22-23). The plaintiffs in Campbell seek to represent a class of Associates who worked "in the assurance and tax lines of service." (See Pl.'s Req. for Judicial Notice, filed February 15, 2008, Ex. 8 at 2:9-10.)

while the sole plaintiff herein is Lac Anh Le. Consequently, a stay under the first-to-file rule is not warranted. Nevertheless, as the parties observe, the district court in Campbell has recently conducted a hearing on a motion to certify a class, which motion, if granted, could result in plaintiff herein becoming a party in both cases. Accordingly, defendant's motion to stay will be denied without prejudice.

Defendant also challenges the adequacy of the complaint. Specifically, defendant seeks (1) dismissal of a portion of plaintiff's claim under § 17200 of the California Business & Professions Code, (2) an order striking certain matter from the complaint, and (3) a more definite statement. The Court will defer ruling on defendant's motion, to the extent it seeks such relief, as it appears to the Court, for the reasons stated by defendant in support of its motion for a stay, as well as for the additional reasons set forth below, a transfer of the instant action to the Eastern District of California pursuant to 28 U.S.C. § 1404(a) may be warranted. See 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.")

In particular, because the legal claims alleged in the instant action and those alleged in the Campbell action present the same underlying issue, specifically, the propriety of defendant's classification of Associates as exempt from overtime, there is a likelihood that the two actions would be consolidated, thus avoiding the potential for conflicting decisions and providing a benefit to both the parties and witnesses. See A. J. Industries v. United States District Court, 503 F. 2d 384, 389 (9th Cir. 1974) (holding "feasibility of consolidation" with action in transferee court is "significant factor in a transfer decision" and "even the pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties") (internal citation omitted); see also Manual for Complex Litigation (Fourth) § 20.131 (2004) ("The objective of transfer [for multidistrict litigation] is to eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save time and effort of the parties, the attorneys, the witnesses, and the courts.").

Additionally, because plaintiff seeks to proceed on behalf of a class, plaintiff's choice of forum is entitled to "less weight" than that to which it might otherwise be entitled. See Lou v. Belzberg, 834 F. 2d 730, 739 (9th Cir. 1987) (holding "when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight").

Accordingly, the parties will be directed to show cause why the instant action should not be transferred to the Eastern District of California. See Costlow v. Weeks, 790 F. 2d 1486, 1488 (9th Cir. 1986) (citing "long-approved practice of permitting a court to transfer a case sua sponte under . . . § 1404(a), so long as the parties are first given the opportunity to present their views on the issue").

**CONCLUSION**

For the reasons stated above:

1. To the extent defendant seeks a stay of the state law claims, defendant's motion is hereby DENIED without prejudice; in all other respects, the Court defers ruling thereon.

2. The parties are hereby DIRECTED to show cause, in writing and no later than March 24, 2008, why the instant action should not be transferred to the Eastern District of California.

3. The Case Management Conference is hereby CONTINUED from April 18, 2008 to May 16, 2008; a Joint Case Management Statement shall be filed no later than May 9, 2008.

**IT IS SO ORDERED.**

Dated: March 4, 2008

MAXINE M. CHESNEY
United States District Judge