LYNNE C. HERMLE (STATE BAR NO. 99779)
lchermle@orrick.com
JOSEPH C. LIBURT (STATE BAR NO. 155507)
jliburt@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:     650-614-7400
Facsimile:     650-614-7401

Attorneys for Defendant
PRICEWATERHOUSECOOPERS LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAC ANH LE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. C07-05476 MMC<br><br>**SUPPLEMENTAL RESPONSE BY DEFENDANT PRICEWATERHOUSECOOPERS LLP TO ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE TRANSFERRED TO EASTERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(a)** |

## I.  **INTRODUCTION**

Defendant PricewaterhouseCoopers LLP ("PwC") hereby submits this supplemental memorandum in accordance with the Court's Order Affording Parties Opportunity to File Further Briefing on Issue of Whether Action Should be Transferred to Eastern District of California, dated March 28, 2005.

On March 25, 2008, Judge Lawrence K. Karlton issued an Order in *Campbell v. PricewaterhouseCoopers, LLP*, Eastern District of California, Case No. 06-CV-02376-LKK-GGH ("*Campbell*"), granting the class certification motion with respect to Attest Associates but denying the motion with respect to all Senior Associates and non-Attest Associates, and certifying the matter for interlocutory appeal pursuant to 28 U.S.C. § 1292 ("*Campbell* Order"). In light of the *Campbell* class certification ruling and the clarification that it provides regarding the class definitions in the *Campbell* case and in this case, this Court should immediately dismiss Plaintiff's proposed California classes and state law claims because they are entirely duplicative of the class and claims in *Campbell*, and no litigant's interests will be adversely affected by the dismissal. Although this Court could stay the California claims in this case pending the Ninth Circuit's disposition of the *Campbell* Order, whatever the Ninth Circuit does will not change the undisputed fact that Plaintiff Le held the same job title as the named plaintiffs in the *Campbell* case, so this Court would end up dismissing the California class allegations in this case regardless of the outcome in *Campbell*. Nor is a transfer of this case to the Eastern District the most appropriate action, in large part because this case contains a proposed nationwide FLSA claim. Transferring the FLSA claim to the Eastern District would present Judge Karlton with the complex issue of determining whether to proceed with a hybrid FLSA/state law case, and if so, how to manage those complexities.[1] The most sensible course of action is to dismiss the California class allegations and proceed with the FLSA claim.

---

[1] In the closely related case of *Kress v. PricewaterhouseCoopers LLP*, Case No. CV 08-01234 SVW, currently pending in the Central District of California, Judge Stephen V. Wilson stated from the bench on April 7, 2008 that he will most likely be transferring *Kress* to the Eastern District of California. An order regarding his final decision has not yet been issued. However, *Kress* involved only a proposed California class and state law claims, which is completely duplicative of *Campbell*. Unlike this action, *Kress* contains no Fair Labor Standards Act claim or a proposed nationwide class.

## II. ARGUMENT

### A. This Court Should Dismiss Plaintiff's California Classes And State Law Claims In Light Of The *Campbell* Order

Case law in the Northern District of California makes clear that a district court should dismiss a proposed class action if there is an earlier-filed action which entails substantially similar parties and claims. That is the exact situation this Court now faces with *Campbell* and the instant action. In *Peak v. Green Tree Financial Servicing Corp.*, No. C 00-0953 SC, 2000 U.S. Dist. LEXIS 9711, *6-7 (N.D. Cal. July 7, 2000), the court dismissed a later-filed action based on the first-to-file rule. The court reached this decision based on defendants' showing, and plaintiff's concession, that the issues and the parties in both cases were substantially similar. *Id.* For example, defendants showed that the parties were similar because each complaint sought to certify a class action, the class was identically defined in each complaint, and each plaintiff asserted that they adequately represented the interests of the entire class. *Id.* at *6. Since the key party in interest in each action was the identical proposed class, the first-to-file rule applied to the case and the court dismissed the later-filed action.[2] *Id.*; *See also District Council 37 Health & Security Plan v. McKesson Corp.*, No. C06-00718, 2006 U.S. Dist. LEXIS 30584, *2-3 (N.D. Cal. May 11, 2006) (reviewing defendants' motion to dismiss or to stay, and citing *Peak*, dismissed the later-filed case under the first-to-file rule because the parties and issues in the first-filed and later-filed cases were substantially similar).

As explained below, the same circumstances seen in *Peak* and *McKesson* are now present with *Campbell* and the instant action, and this Court should similarly dismiss the duplicative classes and claims in this later-filed case.

### 1. Plaintiff Can Only Seek Certification Of A Class Identical to *Campbell* Because The *Campbell* Court Held That Class Certification Is At Most Appropriate Only As To Positions That Plaintiffs Actually Held

The Court should dismiss Plaintiff's California classes and claims because the *Campbell*

---

[2] The defendants in *Peak* actually moved for an order dismissing plaintiff's claims, or for the issuance of a stay of those claims. *Peak*, 2000 U.S. Dist. LEXIS 9711 at *1-2. Since the issues in the case were similar and both cases involved an identical proposed class, the court granted the dismissal instead of a stay. *Id.* at *7.

1  Order makes it clear that Le would, at most, seek to certify a duplicative class.  Indeed, Le is a
2  member of the certified class in *Campbell*.

3        The *Campbell* plaintiffs both worked as Associates in the Attest division of the Assurance
4  line of service.  *Campbell* Order, 3:9-10.  Plaintiff Le worked for PwC for a short period of time,
5  also exclusively as an Associate in the Attest division of the Assurance line of service (the
6  identical job title, division, and line of service as the two named plaintiffs in *Campbell*).  *See*
7  Declaration of Janet Scott in Support of Defendant PricewaterhouseCoopers LLP's Response to
8  Order to Show Cause Why Action Should Not Be Transferred to Eastern District of California
9  Pursuant to 28 U.S.C. § 1404(a) ("Scott Decl."), ¶ 6, previously filed with this Court on March
10 24, 2008.

11       Moreover, the *Campbell* court ruled that the *Campbell* plaintiffs can represent only the job
12 title they actually held, and the job title Plaintiff Le held was identical to that of the *Campbell*
13 plaintiffs. .  In reaching its conclusion that class certification was appropriate only as to positions
14 that the *Campbell* plaintiffs actually held, the *Campbell* court (in a lengthy opinion delving
15 heavily into the facts) emphasized that there were significant differences in the work performed
16 between divisions and between lines of service, as well as a meaningful distinction between
17 associates' and senior associates' duties.  *Id.*, 39:11-12, 20; 40:1-3.  The *Campbell* court therefore
18 only certified a narrow class consisting of Attest Associates in the Assurance line of service.
19 *Campbell* Order, 42:24-26.

20       Thus, following the *Campbell* Order's reasoning, Plaintiff Le will (at most) only be able
21 to pursue the exact same California class that has already been certified in *Campbell*.  To the
22 extent Plaintiff seeks to certify a class of Associates in the Attest division of the Assurance line of
23 service, Plaintiff cannot because that class would be identical to the class currently certified in
24 *Campbell*.  And to the extent Plaintiff seeks to certify a class of exempt employees other than the
25 certified class, she cannot because she does not satisfy the typicality and predominance
26 requirements, as the *Campbell* Order makes clear.  Given the *Campbell* court's lengthy discussion
27 of these issues on a full factual record, there is no reason this Court should re-examine this issue.
28 Given that the potential California class in the instant action and the certified class in *Campbell*

SUPPLEMENTAL RESPONSE BY DEFENDANT
PRICEWATERHOUSECOOPERS LLP TO ORDER TO SHOW CAUSE
WHY ACTION SHOULD NOT BE TRANSFERRED

are identical, this Court should dismiss Plaintiff's proposed California classes and claims.

### 2. In Light Of The *Campbell* Order, Dismissal Of Plaintiff's California Classes And Claims Is Warranted Because They Are Completely Duplicative Of *Campbell*

As PwC previously explained in its motions and in its response to this Court's order to show cause, the first-to-file rule is indeed applicable to this action. But instead of merely staying the California classes and claims in the instant action, as PwC previously requested, the *Campbell* Order has made clear that Plaintiff's California classes and claims should be dismissed because dismissal will not adversely affect any litigant's interests.

As PwC has consistently maintained, Plaintiff Le's proposed California classes are – as best as PwC can determine – identical to the proposed class in *Campbell*. Previously, however, Plaintiff's ambiguous class definition made it difficult for PwC to know with certainty if the classes are absolutely identical such that no litigant's interests would be adversely affected by a dismissal. Consequently, PwC asked for a stay of the classes and claims until the issues became more clear. But now that the *Campbell* court has found that class certification is appropriate only as to the actual title that Plaintiffs Campbell and Sobek held, which is the same title plaintiff Le held, it is clear that Plaintiff Le can at most seek to certify a class identical to that in *Campbell*. Thus, the potential California class in this case is wholly duplicative of the *Campbell* class as certified, and this Court should not allow Plaintiff Le's state law claims to continue in any forum or delay its decision on whether dismissal of classes and claims identical to *Campbell* is appropriate. *See Peak*, 2000 U.S. Dist. LEXIS 9711 at *6-7; *McKesson*, 2006 U.S. Dist. LEXIS 30584 at *2-3. Allowing the duplicative claims in this case to proceed in any forum provides no additional benefits for any litigant and is a drain on judicial resources. Further, dismissing the duplicative California classes and claims will not adversely affect the rights of any litigant since the *Campbell* plaintiffs also assert that they can adequately represent the interests of the entire class.

### B. Transfer of This Case to the Eastern District Will Unnecessarily Create Complex Issues for the *Campbell* Case

Because any California class and claims that Plaintiff Le can possibly pursue in this case

- 4 -

will be entirely duplicative of *Campbell*,³ this Court should dismiss them, and retain the proposed nationwide FLSA claim to proceed by itself. Transferring the FLSA claim to the Eastern District of California will burden that court with a complex hybrid FLSA/state law action. *See*, *e.g.*, *De Asencio v. Tyson Foods*, 342 F.3d 301 (3d Cir. 2003) (declining supplemental jurisdiction over state law wage and hour claims where they predominated over FLSA claim); *Edwards v. City of Long Beach*, 467 F. Supp. 2d 986 (C.D. Cal. 2006) (denying class certification of California wage claims in same case as FLSA collective action due to jurisdictional issues, class member confusion at having to both opt in and opt out in same case, and frustration of FLSA's purpose); *Leuthold v. Destination America, Inc.*, 224 F.R.D. 462 (N.D. Cal. 2004) (same). In fact, if this Court dismisses the California class allegations, there will be no legal basis to transfer the remaining FLSA claim to the Eastern District under the first-to-file rule, because the requirements of the first-to-file rule would not be met if the *Le* FLSA claim and parties are compared with the *Campbell* California claims and parties. The FLSA claim can (and should) proceed separately from the California claims that are proceeding in *Campbell*.

### III. CONCLUSION

For all of these reasons, PwC respectfully requests that the Court dismiss Plaintiff's California classes and state law claims under the first-to-file rule.

Dated: April 11, 2008

LYNNE C. HERMLE
JOSEPH C. LIBURT
ORRICK, HERRINGTON & SUTCLIFFE LLP

/s/
JOSEPH C. LIBURT
Attorneys for Defendant
PRICEWATERHOUSECOOPERS LLP

---

³ The *Campbell* parties' applications to appeal the *Campbell* Order to the Ninth Circuit will not change the propriety of dismissing the California class allegations from this case. If the Ninth Circuit declines to accept the appeals, or affirms the *Campbell* Order, then Le, as an Attest associate, will be a member of the *Campbell* class. If the Ninth Circuit reverses the certification of Attest associates, that will decide the issue and Le's California class claims will be precluded. If the Ninth Circuit reverses *Campbell's* denial of a class broader than Attest associates, then Le will still be a class member of that broader class and would not be permitted to certify a duplicative class in this case.

- 5 -

SUPPLEMENTAL RESPONSE BY DEFENDANT
PRICEWATERHOUSECOOPERS LLP TO ORDER TO SHOW CAUSE
WHY ACTION SHOULD NOT BE TRANSFERRED