SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP
Alan R. Plutzik (SBN 077785)
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone: (925) 945-0770
Facsimile: (925) 945-8792

Joseph H. Meltzer
Gerald D. Wells, III
Katherine B. Bornstein
280 King of Prussia Road
Radnor, PA 190807
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

WYNNE LAW FIRM
Edward J. Wynne (SBN 165819)
100 Drake Landing Road, Suite 275
Greenbrae, CA 94904
Telephone: (415) 461-6400
Facsimile: (415) 461-3900

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAC ANH LE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS, LLP; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. C07-05476 MMC<br><br>**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO ORDER TO SHOW CAUSE** |

I.    INTRODUCTION.

Plaintiff Lac Anh Le ("Plaintiff"), by and through her counsel, hereby submits the following supplemental brief in response to this Court's March 28, 2008 Order.

1
PLAINTIFF'S SUPPLEMENTAL RESPONSE TO ORDER
CASE NO. 07-5476

1096741.1

Pursuant to the Court's March 4, 2008 Order to Show Cause, Plaintiff filed a response on March 24, 2008, stating that Plaintiff did not oppose transfer to the Eastern District of California. Thereafter, on March 25, 2008, Judge Lawrence K. Karlton issued an order in *Campbell v. PricewaterhouseCoopers, LLP*, 06-CV-02376 LKK GGH (E.D. Cal.) wherein he granted plaintiff's motion in part certifying a California class of Associate employees in Defendant's Attest division of the Assurance line of service and certified the matter for interlocutory appeal. On March 28, 2008, this Court ordered the parties to file a supplemental brief regarding the effect of *Campbell's* class certification order on whether the instant matter should be transferred to the Eastern District of California.

In response to the Court's inquiry, Plaintiff worked in Defendant's Assurance Group. The Assurance Group is comprised of three divisions: Attest, Systems Processing Assurance and Transactional Services. *See Campbell v. PricewaterhouseCoopers, LLP*, 06-CV-02376 LKK GGH (E.D. Cal.) March 25, 2008 Order ("*Campbell* Order") at 38. Plaintiff believes she was in the Attest division of the Assurance Group. Defendant has confirmed to Plaintiff's counsel that Plaintiff worked in the Attest division as an Associate. Consequently, Plaintiff worked in the same division and line of service as the plaintiffs in the *Campbell* action and is therefore a member of the *Campbell* action's certified class.

II. **TRANSFER OF THE ENTIRE ACTION TO THE EASTERN DISTRICT IS APPROPRIATE.**

A. **The Eastern District Has Assumed Jurisdiction Over These Cases And Is In The Best Position to Manage Them.**

While Plaintiff's Complaint seeks certification of a class broader than the one certified in the *Campbell* action, due to the invariable overlap between what was certified in *Campbell* and the classes Plaintiff seeks to certify in the instant matter, transfer to the Eastern District of California will conserve resources and promote judicial economy pursuant to 28 U.S.C. § 1404(a).

Indisputably, the Eastern District of California is well-versed in the factual and legal issues of this case relative to class certification and is in the best position to manage these actions. In light of the fact that Judge Karlton has assumed jurisdiction over these matters, transfer of these related cases protects all parties' due process rights. In addition, the related action *Kress v. PricewaterhouseCooper LLP*, Case CV 08-01234 SVW is likely to be transferred to the Eastern District as well as noted by Defendant. Just as transfer of *Kress* to the Eastern District is warranted, so too is transfer of this action. The fact that *Le* has additional claims under the FLSA is further reason to transfer this entire action to the Eastern District as the factual and legal issues between claims under the FLSA and California's Labor Code are inextricably intertwined.

As noted by this Court in the March 4, 2008 Order, transfer is appropriate where consolidation is likely. March 4, 2008 Order at p. 3:20-28 citing *A.J. Industries v. United States District Court*, 503 F.2d 384, 389 (9th Cir. 1974) (holding "feasibility of consolidation" with action in transferee court is "significant factor in a transfer court decision" and "even the pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience of witnesses and parties") (internal citation omitted); see also, *Manual for Complex Litigation (Fourth)* § 20.131 (2004) ("The objective of transfer [for multidistrict litigation] is to eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save time and effort of the parties, the attorneys, the witnesses, and the courts.") Given that there are likely to be at least two similar cases before Judge Karlton very shortly, logic dictates that all cases presenting the same or similar claims against Defendant be sent to the Eastern District as well.

As this Court is well aware, Plaintiff has asserted both state claims (similar to the *Campbell* plaintiffs) and federal claims (unlike the *Campbell* plaintiffs). In addition to the Eastern District of California's familiarity with the factual and legal issues, it makes no sense to keep just a portion of

this case in the Northern District as Defendant argues. Keeping the federal claims in this Court will invariably create obvious inefficiencies, possible inconsistent rulings, and prejudice to both parties as Plaintiff and Defendant would be forced to litigate related claims in two separate courts utilizing the same documents and witnesses. Therefore, Plaintiff requests that this Court transfer the entire action to the Eastern District.

### B. Complex Legal Issues Are Not Relevant To A Transfer Determination.

Defendant makes the curious argument that this action should not be transferred to the Eastern District because it involves complex issues of law. Plaintiff disagrees. Complexity of legal issues is not a recognized factor when determining whether to transfer an action under 28 U.S.C. § 1404(a) and the cases cited by Defendant do not support this assertion. Moreover, as evidenced by the Order Granting Certification in *Campbell*, the Eastern District is well-equipped to handle complex legal issues if and whey they are presented. Lastly, Defendant's argument falsely presupposes the issue of whether an FLSA cause of action can serve as a predicate violation under Business & Professions Code is both complex and has not already been resolved. The issue has been resolved in plaintiff's favor. See, *Takacs v. A.G. Edwards & Sons, Inc.*, 444 F.Supp.2d 1100, 1116-1118 (S.D. Cal. 2006) [denial of defendant's motion for summary judgment holding that the FLSA does preempt claims under UCL].

## III. DISMISSAL UNDER THE FIRST FILED RULE IS NOT APPROPRIATE.

### A. The First Filed Rule Is Inapplicable Because The Parties And Allegations Are Not The Same.

Defendant argues that in light of Judge Karlton's order granting partial certification of the *Campbell* action, this Court should dismiss just part of this action. Defendant's argument is without merit. Defendant relies on *Peak v. Green Tree Financial Servicing Corp.*, 2000 WL 973685 (N.D.Cal.) is support of its argument. However, the facts in *Peak* are distinguishable from

the instant action. In *Peak*, the allegations and parties between the two cases were nearly identical and the class definitions were precisely identical. Here, however, neither the parties nor the allegations are identical. Unlike in *Campbell*, Plaintiff Le has alleged a nation-wide class under the FLSA, 29 U.S.C. 201 *et seq*. The certified *Campbell* class is limited to California employees making claims under the Labor Code. Additionally, in *Peak* there was not a third action that was likely to be transferred like the *Kress* action is here. Accordingly, because the parties and allegations are not identical, the first filed rule is not applicable and Defendant's request for dismissal should be denied.

Plaintiff also notes that the situation in *Peak* is also procedurally dissimilar to the one at bar. In *Peak*, defendant had filed a motion to dismiss. Here, on the other hand, the parties are responding in supplemental and abbreviated briefing to the issue of how certification in *Campbell* effects transfer. Defendant has raised for the first time in this supplemental briefing the issue of dismissal of Plaintiff's state claims without meeting basic procedural requirements for such drastic relief. If anything, Defendant should be required to bring a noticed motion and such a motion should be heard in the Eastern District. As Judge Karlton has assumed jurisdiction of these matters, it stands to reason that the relief Defendant seeks should be requested before that Court and not in the piece-meal fashion Defendant seeks here.

**B.    The First Filed Rule Cannot Be Applied In A Piece-Meal Fashion.**

Just as it argued in its moving papers, Defendant asks this Court to improperly apply the first filed rule in a piece-meal fashion. However, the first filed rule requires that <u>all</u> the parties and issues be similar – not just <u>some</u> as Defendant would have this Court believe. Defendant has not cited any authority for the proposition that only some of the parties and some of the issues need be similar for application of the first filed rule. The simple reason for that is that there is no such authority. Defendant's argument for a selective application of the rule is fatal to its argument.

5
PLAINTIFF'S SUPPLEMENTAL RESPONSE TO ORDER
CASE NO. 07-5476

1096741.1

Indeed, Defendant's attempted perversion of the rule would result in precisely what the rule is designed to prevent – judicial inefficiency. In Defendant's zeal to "divide and conquer," it overlooks the fact that such a situation would result in duplication of effort, wasted judicial and party resources, inconvenience to counsel and witnesses, and the possibility of inconsistent rulings. Defendant's request to dismiss Le's state claims would work an extreme prejudice to Le while transfer of the entire action to the Eastern District would not prejudice Defendant in any measure.

## IV. CONCLUSION.

In light of the foregoing, Plaintiff respectfully submits that this entire action be transferred to the Eastern District and Defendant's request for dismissal be denied.

Dated: April 11, 2008

**SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP**

By: _____
Alan R. Plutzik
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone: (925) 945-0770
Facsimile: (925) 945-8792

Joseph H. Meltzer
Gerald D. Wells, III
Katherine B. Bornstein
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

**WYNNE LAW FIRM**
Edward Wynne
100 Drakes Landing Road, Suite 275
Greenbrae, CA 94904
Telephone: (415) 461-6400
Facsimile: (415) 461-3900

Counsel for Plaintiff